Jack Russo (Oregon Bar No. 991992)
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 618-1863 fax
jrusso@computerlaw.com

Attorney for Plaintiff AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC. and
Third Party Counterclaim Defendant LYNN WANG

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC., an Oregon corporation,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE, a Chinese corporation,<br><br>Defendants/Counterclaim Plaintiff. | Case No. 3:09-CV-1509-BR<br><br>**PLAINTIFF AFD USA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF TRADEMARK OWNERSHIP, VALIDITY, AND DECLARATORY RELIEF**<br><br>**Request for Oral Argument**<br><br>Date:<br>Time: |
| AFD CHINA INTELLECTUAL PROPERTY LLC, a Maryland limited liability company,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>LEI WANG, a.k.a. LYNN WANG,<br><br>Third Party Counterclaim Defendant. | |

<u>Memorandum of Points and Authorities</u>

<u>Introduction</u>

As the Court knows, this case is a dispute arising from a soured business relationship between, on the one hand, Ms. Lynn Wang and her company AFD USA (Plaintiff in this case),, and AFD China and its U.S. branch AFD LLC on the other hand. The parties were (and continue to be) engaged in the marketing and provision of intellectual property-related legal services in China for overseas customers, including customers in the United States. AFD USA sues AFD China for infringing its Federally-registered "AFD" trademark; for a declaratory judgment regarding that trademark registration's ownership and validity; unfair competition; and related claims. AFD China and AFD LLC counterclaim against AFD for a declaratory judgment of ownership or invalidity of AFD USA's trademark registration, for Lanham Act unfair competition, for common law trademark infringement, and against Ms. Wang personally for alleged alter ego liability.

The scope of this Motion is intentionally narrow. This Motion seeks a partial summary judgment (and summary adjudication of facts) that the USPTO properly issued to AFD USA, and AFD USA owns, the "AFD" Federal trademark registration (U.S. Trademark Registration No. 3,270,951), and that said registration is valid and exclusively owned by Plaintiff. This limited adjudication would resolve an important subset of the elements of AFD USA's claims for trademark infringement and unfair competition, and would resolve entirely both AFD USA's and AFD China's causes of action for declaratory relief. This would effect a significant narrowing of the disputed issues; would streamline the jury trial of the remaining claims in this case; and would likely stimulate possible mediation or other settlement discussions.

<u>Undisputed Material Facts</u>

The following material facts are either expressly undisputed (see Dkt. 166, Joint Statement of Undisputed Facts ("<u>JS</u>" hereafter)) or not reasonably disputable. This is largely a concise subset of the Joint Statement, which contains many undisputed facts that are not material to this Motion.

1. The parties jointly created the "AFD" mark in November 2004. Wang Decl. at ¶ 2 and Ex. 1.

2. The parties entered into a series of agreements beginning in December 2004. JS ¶¶ 11–15.

3. The Cooperation Agreement, dated on or about November 29, 2005 and effective January 1, 2005, is the latest operative agreement, and superseded all prior agreements. JS ¶¶ 13–15;  Wang Decl. at ¶ 3 and Ex. 2 (Cooperation Agreement in original Chinese) and Russo Decl. at ¶ 3 and Ex. 1 (English translation of Cooperation Agreement).

4. The Cooperation Agreement does not expressly state which party, if any, would own or be responsible for U.S. trademark rights in the "AFD" mark. Russo Ex. 1.

5. AFD USA filed with the U.S. Patent and Trademark Office ("USPTO") an application to register the "AFD" mark for "Legal Services" on September 26, 2006. JS ¶ 19; Russo Decl. at ¶ 4 and Ex. 2 (the "Application").

6. The USPTO published the Application for opposition in its Official Gazette on May 15, 2007. Russo Dec. ¶ 5 and Ex 3 (the "Publication").

7. The USPTO granted the Application and issued a Certificate of Registration, No. 3,270,951, on July 31, 2007. JS ¶ 20; Russo Decl. at ¶ 6 and Ex. 4 (the "Registration").

8. AFD China did not oppose the Application at any time before the USPTO issued the Registration, including after the Publication. Russo Decl. at ¶ 7 and Ex. 5.

9. Both AFD USA and AFD China have used the "AFD" mark in interstate commerce within the United States. Wang Decl. at ¶ 4 and Ex. 3; Responses to RFA Nos. 28–31 and 57 in Russo Ex. 6.

10. AFD USA paid for the logo and associated stylized lettering for the "AFD" mark, and it first established that brand in the USA through the publication of the "AFD" mark in the USA and worldwide through the establishment of its Internet website on the

World Wide Web and through the delivery of business cards, stationery, brochures
and other materials to its clients including law firms, corporate legal departments and
other corporations, firms, businesses and individuals interested in obtaining legal
services for the protection of patents, trademarks, copyrights and other intellectual
property rights in China. Wang Decl. at ¶ 4; Halliburton Decl. at ¶¶ 3–6 and Exs. 1–3.

<u>ARGUMENT</u>

I.    **AFD USA's REGISTERED TRADEMARK ENJOYS A PRESUMPTION OF VALIDITY AND OWNERSHIP.**

Under express Federal statutory law, when the U.S. Patent and Trademark Office
("USPTO") issues a registration for a trademark, that registration enjoys a presumption of
validity:

> Any registration…of a mark registered on the principal register provided by this
> Act and owned by a party to an action shall be admissible in evidence and **shall
> be prima facie evidence of the validity of the registered mark and of the
> registration of the mark, of the registrant's ownership of the mark, and of
> the registrant's exclusive right to use the registered mark in commerce** on or
> in connection with the goods or services specified in the registration subject to
> any conditions or limitations stated therein, but shall not preclude another person
> from proving any legal or equitable defense or defect, including those set forth in
> subsection (b), which might have been asserted if such mark had not been
> registered.

15 U.S.C. § 1115(a) (2013) (emphasis added). Even before Congress amended the trademark
statutes to add that express presumption in civil cases, the Ninth Circuit had reached the same
conclusion—that the presumption should attach both in USPTO proceedings and in civil actions
like this one. *Dymo Industries, Inc. v. Tapeprinter, Inc.*, 326 F.2d 141 (9th Cir. 1964).

II.    **PARTIAL SUMMARY JUDGMENT IS APPROPRIATE BECAUSE THERE ARE NO
DISPUTED—OR REASONABLY DISPUTABLE—MATERIAL FACTS REGARDING AFD
USA'S APPLICATION FOR THE "AFD" MARK AND ITS REGISTRATION BY THE USPTO.**

It is undisputed that AFD USA filed a trademark application, serial number 77008112
(the "Application"), with the USPTO on September 26, 2006. JS ¶ 19; Russo Decl. at ¶ 4 and Ex.
2. That Application sought to register the mark "AFD" for AFD USA's exclusive use in the
United States, and it is of public record. *Id.* It is of public record and indisputable that during its

prosecution, the USPTO published the fact of AFD USA's Application for the "AFD" mark in the Official Gazette on May 15, 2007 (the "Publication"). Russo Decl. at ¶ 5 and Ex. 3. It is also of public record and indisputable that AFD China never filed any form of opposition to the Application—either before or after the Publication. Russo Ex. 5. It is undisputed that the USPTO then granted AFD USA's Application on July 31, 2007, registering it as U.S. Trademark No. 3,270,951 and issuing a publicly available certificate of registration (the "Registration"). JS ¶ 20 and Russo Decl. at Ex. 4. To the extent AFD China raises any factual dispute over them,[1] the Application, the Publication, and the Registration are all admissible evidence because they are government records. FED. R. EVID. Rules 803(6), (8), and (14); 902; and 1005.

There is no evidence (admissible or otherwise) to contradict these facts: AFD filed with the USPTO an Application to register for itself the "AFD" trademark; the USPTO published that application for opposition; AFD China did not oppose that Application; and the USPTO granted AFD USA's Application and issued the Registration.

Where, as here, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," partial summary judgment is appropriate. FED. R. CIV. P. Rule 56(a); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). At minimum, Plaintiff requests that the Court adjudicate the undisputed facts and grant partial summary judgment in favor of Plaintiff and against Defendants with regard to the ownership and validity issues raised by the parties' respective declaratory relief claims in this case. Plaintiff submits that adjudicating these claims now will go a long way to streamlining of this case and perhaps its overall resolution.

---

[1] When the parties were meeting and conferring to agree to the contents of the Joint Statement of Agreed Facts, counsel for AFD China refused to agree to even baseline facts about these public records—including, tellingly, that the Application issued and that AFD China did not oppose it. That refusal had no basis. The Court should be mindful of these litigation tactics of AFD China's when it wonders, as it should, why the parties could not agree to even the most basic facts about publicly available and judicially noticeable government records. Russo Decl. at ¶ 9 and Ex. 7.

**III.   AFD USA's REGISTRATION FOR THE "AFD" MARK IS VALID.**

      **A.   AFD China Must Rebut The Statutory Presumption of Validity by Clear and Convincing Evidence; Neither Clear Nor Convincing Evidence Exists Here.**

As discussed above, under express statutory language, the undisputed fact of the Registration means, as a matter of law, that AFD USA enjoys a presumption of ownership and validity of the "AFD" mark. 15 U.S.C. § 1115(a).

There are several courses by which a challenger may seek to invalidate a trademark, such as showing that the mark has become generic, or that it does not carry secondary meaning. 15 U.S.C. § 1064(3). However, only one of those courses is at issue here: AFD China contends that the Registration is invalid because AFD USA allegedly procured the Registration through fraud on the USPTO.

This defense is disfavored in the Ninth Circuit. eCash Techs., Inc. v. Guagliardo, 210 F. Supp. 2d 1138, 1149 (C.D. Cal. 2000) ("Because a charge of fraud in the procurement of a trademark registration is a disfavored defense, the party alleging fraud bears a 'heavy' burden of proof."), citing Robi v. Five Platters, Inc., 918 F.2d 1439, 1444 (9th Cir. 1990). To rebut the presumption of invalidity with evidence of fraud on the USPTO, AFD China must carry its burden **by clear and convincing evidence**—a heavy burden it cannot meet. Gibson Guitar Corp. v. Paul Reed Smith Guitars, LP, 311 F. Supp. 2d 690, 718 (M.D. Tenn. 2004) ("Any cited inconsistencies in an applicants' papers must be material to set aside a registered mark. Clear and convincing evidence is required for a showing of fraud to invalidate a trademark registration.") (citations omitted), reversed on other grounds at Gibson Guitar Corp. v. Paul Reed Smith Guitars, LP, 423 F.3d 539 (6th Cir. 2005); accord E. Gluck Corp. v. Rothenhaus, 585 F. Supp. 2d 505, 513 (S.D.N.Y. 2008) ("The fraud must be proven by clear and convincing evidence.") and Smith Int'l, Inc. v. Olin Corp., 209 U.S.P.Q. 1033, 1044 (T.T.A.B. 1981) ("…the very nature of the charge of fraud requires that it be proven 'to the hilt' with clear and convincing evidence. There is no room for speculation, inference or surmise and, obviously, any doubt must be resolved against the charging party.").   Put simply, Defendants must come forward with actual proof – by clear and convincing evidence – that fraud occurred and that is impossible here.

**IV.    AFD CHINA'S DISPUTED EVIDENCE IS INSUFFICIENT TO REBUT THE PRESUMPTION OF VALIDITY IN FAVOR OF AFD USA'S TRADEMARK REGISTRATION.**

**A.    There is No Fraud in the Use of the Brochure in AFD USA's Application.**

As evidence of AFD USA's purported fraud on the USPTO, AFD China cites to AFD USA's inclusion of an AFD China brochure as a specimen of use of the mark in the U.S. AFD China's Amended Answer at ¶ 30 of counterclaims, Dkt. 68 at pp. 23–24. The fact of this inclusion is not disputed, but its legal significance is—making this issue ripe for summary judgment. FED. R. CIV. P. Rule 56.

**1.    AFD China Must Carry an Even Heavier Burden to Prove Fraud on the USPTO.**

Fraud on the USPTO, like any other form of fraud, is difficult to prove, and requires the claimant to prove the alleged fraud was committed scienter—a subjective intent to defraud. "When a party asserts a claim for fraud on the PTO, it must prove 'a false representation regarding a material fact, the registrant's knowledge or belief that the representation is false, the intent to induce reliance upon the misrepresentation and reasonable reliance thereon, and damages proximately resulting from the reliance.'" Levi Strauss & Co. v. Esprit US Distrib., Ltd., 588 F. Supp. 2d 1076, 1083–84 (N.D. Cal. 2008) (granting summary judgment of no fraud on USPTO), citing Robi v. Five Platters, 918 F.2d 1439, 1444 (9th Cir. 1990).

There is no admissible evidence whatsoever of AFD USA's or Ms. Wang's subjective intent regarding the Application—much less of any positive intent to defraud. All the record contains is AFD China's pleadings' bare conjecture. This lack of admissible evidence is fatal to AFD China's contention that AFD USA committed a fraud on the USPTO. "In order to survive summary judgment, the party alleging fraud must show that there is a genuine issue as to whether the failure to make a disclosure to the PTO was made 'in bad faith or with knowledge' that disclosure was required." Levi Strauss & Co. v. Esprit US Distrib., Ltd., 588 F. Supp. 2d 1076, 1084 (N.D. Cal. 2008), citing Far Out Productions, Inc. v. Oskar, 247 F.3d 986, 996–97 (9th Cir. 2001). See also In re Bose Corp., 580 F.3d 1240 (Fed. Cir. 2009) (reversing T.T.A.B.

decision finding fraud and setting higher bar for finding fraud on USPTO in trademark prosecution).

The Ninth Ciruit has affirmed the granting of summary judgment finding no fraud on the USPTO. Far Out Prods. v. Oskar, 247 F.3d 986, 996 (9th Cir. 2001) (affirming summary judgment of no fraud on USPTO where moving parties failed to allege scienter, which was part of their "initial burden in moving for summary judgment"). On the other hand, failure to properly address scienter is reversible error. Neurovision Med. Prods. v. NuVasive, Inc., 2012 U.S. App. LEXIS 18995 at *4 (9th Cir., Sept. 10, 2012) (reversal of verdict for failure to properly instruct jury on intent element of claim of fraud on USPTO).

Because there is admissible evidence of scienter here, disputed or otherwise, AFD China's fraud contention fails, and the Court should find accordingly in AFD USA's favor.

2.    **The Undisputed Facts Support the Presumption of AFD USA's Good Faith.**

Typically, courts find fraud on the USPTO where trademark applicants file false affidavits of use where there is no actual use. *See, e.g.*, Far Out Prods. v. Oskar, 247 F.3d 986, 995 (9th Cir. Cal. 2001) (approving theory that false incontestability affidavit could constitute fraud on the USPTO, but finding moving party failed to prove scienter); Pony Express Courier Corp. v. Pony Express Delivery Service, 872 F.2d 317, 319 (9th Cir. 1989) (material misrepresentation in affidavit to USPTO could be grounds for cancellation, but no fraud found because misrepresentation was immaterial).

That is not the case here, where both parties' use of the "AFD" mark is not reasonably disputed. Response to RFA No. 57 (admitting that AFD USA used the "AFD" mark in interstate commerce directly with U.S. customers before the Termination) and Responses to RFA Nos. 28–31 (admitting AFD USA's continued use of the "AFD" mark after the Termination, as well as AFD China's knowledge thereof), all in Russo Ex. 6 at pp. 14–15 and 25–26.

Further, AFD USA had at least an implied license to use AFD China's marketing materials, including the brochure, based on the parties' written agreements and on actual usage.

Indeed, there can be no fraud in AFD USA's use of the brochure because AFD USA actually used that brochure in its U.S.-based operations, and did so with AFD China's knowledge. Wang Decl. at ¶ 5. Before it summarily terminated the parties' relationship, AFD China never objected to AFD USA's use of any such materials. None of the various written agreements between the parties discussed which party would own the U.S. rights in the "AFD" mark. JS at ¶¶ 11–15; Wang Decl. at ¶ 3 and Ex. 2; Russo Decl. at ¶ 3 Ex. 1.[2]

On these facts—where AFD USA had at least implied permission to use AFD China's marketing materials, and where AFD USA actually used those materials in its U.S. operations— there is no fraud in AFD USA submitting them to the USPTO in support of its Application. Even if there were any inaccuracies in AFD USA's Application, those inaccuracies were innocent, not fraudulent, because AFD USA reasonably believed them to be accurate, which AFD China cannot disprove. "[F]raud will not lie if it can be proven that the statement, though false, was made with a reasonable and honest belief that it was true." Standard Knitting, Ltd. v. Toyota Jidosha Kabushiki Kaisha, 2006 TTAB LEXIS 9, at *28 (Trademark Trial and Appeal Board June 9, 2005).

Given these facts, the presumption of validity, and the high bar for finding fraud— including proof of AFD USA's subjective intent, of which there is none—no reasonable jury could find that AFD USA committed fraud on the USPTO. "The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). AFD China's first counterclaim for declaratory judgment of cancelation should therefore be denied.

---

[2] AFD China has contended (falsely) in discovery responses that there are written or oral agreements regarding AFD USA's use of the Mark, but has never identified those purported agreements with any specificity. Such bald contentions are not enough to prove the content of an allegedly written agreement, much less to survive summary judgment or to prove fraud, which requires an especially convincing showing.

**B.    The Classification of Goods and Services in AFD USA's Application is Appropriate and Accurate, Not Fraudulent, and AFD China's Contentions to the Contrary are Barred, As a Matter of Fact and as a Matter of Law.**

**1.    AFD USA's Application Claimed Appropriately-Classified Goods and Services.**

The other fact on which AFD China hangs its hat for its fraud argument is the classification of goods and services that AFD USA disclosed in the Application. All applications for trademark registration must describe the claimed goods or services, and select a category within a classification specified by treaty[3]. 15 U.S.C. § 1112. The Application describes the claimed goods and services as "Legal Services" within International Class 42. JS at ¶ 19 and Russo Ex. 4 at p. 2.

As of the date of the Application[4], International Class 42 included legal services, and was described at a high level as "Scientific and technological services and research and design relating thereto; industrial analysis and research services; design and development of computer hardware and software; **legal services**." "Nice Classification (8th Edition) — List of Classes, with Explanatory Notes", World Intellectual Property Assn., available at http://www.wipo.int/export/sites/www/classifications/nice/en/pdf/8_list_class_order.pdf (2001) (emphasis added). There is no express classification for overseas intellectual property registration services, but Class 42 is the closest category. *Id.* Class 42 does expressly include certain other IP-related services, including the following: "Intellectual property consultancy";

---

[3] Nice Agreement Concerning the International Classification of Goods and Services for the Purposes of the Registration of Marks, Jun. 15, 1957, 23 U.S.T. 1336, T.I.A.S. 7418, 550 U.N.T.S. 45; as revised at Stockholm, Jul. 14, 1967, 23 U.S.T. 1353, T.I.A.S. 7419, 828 U.N.T.S. 191.

[4] Class 42 was later restructured, and from January 1, 2007 forward, legal services are now classified under Class 45. At the time of the Application in September 2006, legal services were within Class 42 of the then-operative Eighth Edition of the Nice classes. The Ninth Edition that included the restructuring of legal services went into effect on January 1, 2007. Trademark Manual of Examining Proc. § 1401.10(a); Nice Classification (8th Edition) — List of Classes, with Explanatory Notes, World Intellectual Property Assn., *available at* http://www.wipo.int/export/sites/www/classifications/nice/en/pdf/8_list_class_order.pdf (2001); Preface to Ninth Edition of International (Nice) Classification of Goods and Services for the Purposes of the Registration of Marks, *available at* http://www.wipo.int/classifications/nivilo/nice9/ennpre.htm.

"Intellectual property (Licencing of — )"; "Intellectual property watching services"; "Legal research"; "Litigation services"; "Licencing [sic] of intellectual property"; and "Management (Copyright — )". *Id.* Notably, though some of these appear to be services that could only be rendered by attorneys, some are clearly not, *e.g.*, "Intellectual property consultancy" and "Intellectual property watching services". This belies AFD China's argument that AFD USA could not register a trademark in Class 42 because it did not have U.S. lawyers on its staff.

AFD USA's registration in Class 42 was proper, and thus cannot possibly constitute fraud on the USPTO.

### 2.    AFD China's Arguments Regarding Improperly Claimed Scope of Good and Services Are Also Barred by Both Laches and Estoppel.

Oddly, AFD China uses as a basis for canceling or transferring ownership of the Registration its argument that "AFD USA is not authorized or permitted to provide legal services of any kind in the United States." AFD China's First Amended Answer, Dkt. 68, ¶ 22. This fact is not disputed. JS ¶¶ 5–6. However, its significance is not what AFD China would have the court believe.

First, AFD China is barred by laches from asserting this argument now. At all times— starting in 2004—AFD China knew that AFD USA did not have U.S. lawyers on staff, but never objected to AFD USA providing the services it did to U.S. customers.

Second, AFD China fails to acknowledge that this logic applies equally to itself. AFD China also does not provide U.S. legal advice by U.S. lawyers, yet it seeks to own a trademark it contends can only apply to services it too does not provide. In any event, as discussed above, it is clear that AFD USA's application did not intend such a narrow scope for "Legal Services," and there is no reason to believe the USPTO did either. But even if the Court were to agree with AFD China that "Legal Services" can only mean U.S. lawyers providing U.S. legal advice, then AFD China cannot satisfy that standard either—and thus is estopped from taking that position and adopting ownership of the Registration for itself.

### C.   Lack of Notice to AFD China is Irrelevant, and AFD China Was On Constructive Notice of AFD USA's Application as a Matter of Law.

AFD China complains about how AFD USA did not tell AFD China it was pursuing a trademark registration in the U.S. Dkt. 68 at p. 24 ¶ 31 and p. 26 ¶ 41. However, this is irrelevant—both logically and as a matter of law.

First, the presence or absence of actual notice to AFD China is a logically irrelevant red herring because that is not the standard this Court should apply. To invalidate the Registration, AFD China must prove fraud **on the USPTO**—to which any alleged fraud to AFD China is logically unrelated. Not telling AFD China about the Application does not defraud the USPTO. The lack of notice to AFD China is undisputed, but it is inadmissible as evidence of fraud on the USPTO because it is irrelevant and confuses the issue of who must be defrauded. FED. R. EVID. Rule 401 (to be admissible, evidence must be "of consequence in determining the action"); FED. R. EVID. Rule 403 ("court may exclude relevant evidence if its probative value is substantially outweighed by a danger of…confusing the issues…").

Second, even if AFD China lacked actual notice, the indisputable fact that the USPTO published the Application for opposition means AFD China was on at least constructive notice as of the date of publication in the USPTO's Official Gazette, May 15, 2007. 15 U.S.C. §§ 1062 and 1063.

### CONCLUSION

This Motion boils the central issues of this case down to this single question: Can this Court overturn the USPTO's issuance of a trademark registration to Plaintiff in this case, where there is no clear and no convincing evidence to rebut the presumption of validity arising from the USPTO's decision?  Of course not.  Accordingly, for all the foregoing reasons, This Court should grant partial summary judgment in favor of AFD USA as to the ownership and validity elements of its Lanham Act trademark infringement claim against AFD China. There are no disputed issues of material fact regarding the Registration itself. The Court should find that AFD USA committed no fraud on the USPTO, and owns the Registration, which is valid. With that

foundation, the Court should also grant summary judgment in AFD USA's favor on both its and AFD China's declaratory judgment claims.

Respectfully submitted,

Dated: January 14, 2013                    By:    /s/ Jack Russo
                                                   Jack Russo (Or. Bar No. 991992)

                                                   Attorney for Plaintiff
                                                   AFD CHINA INTELLECTUAL PROPERTY
                                                   LAW (USA) OFFICE, INC. and
                                                   Counterclaim Defendant LYNN WANG

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 4,065 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of authorities, signature block, and any certificates of counsel.

Respectfully submitted,

Dated: January 14, 2013                    By:    /s/ Jack Russo
                                                   Jack Russo (Or. Bar No. 991992)

                                                   Attorney for Plaintiff
                                                   AFD CHINA INTELLECTUAL PROPERTY
                                                   LAW (USA) OFFICE, INC. and
                                                   Counterclaim Defendant LYNN WANG