Christopher E. Hawk, OSB #061635
Gordon & Rees LLP
121 SW Morrison Street, Suite 1575
Portland, OR  97204
Tel: (503) 222-1075
Fax: (503) 616-3600
Email: chawk@gordonrees.com

Glenn Westreich *(Pro Hac Vice)*
Aimee Furness *(Pro Hac Vice)*
Haynes and Boone, LLP
2033 Gateway Place, Suite 300
San Jose, CA  95110
Tel: (408) 660-4151
Email: glenn.westreich@haynesboone.com
       aimee.furness@haynesboone.com

Attorneys for AFD China Intellectual Property Law Office
And AFD China Intellectual Property LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC.,** an Oregon corporation,<br><br>    Plaintiff,<br><br>-vs-<br><br>**AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE,** a Chinese Corporation,<br><br>    Defendant,<br><br>**AFD CHINA INTELLECTUAL PROPERTY LLC**, a Maryland limited liability company,<br><br>    Counterclaim Plaintiff,<br><br>-vs-<br><br>**LEI WANG, a/k/a LYNN WANG**,<br><br>    Third Party Counterclaim Defendant. | Case No.: 3:09-CV-1509-BR<br><br>**AFD CHINA'S AND AFD LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**Request for Oral Argument** |

## L.R. 7-1 CERTIFICATION

Counsel for AFD China Intellectual Property Law Office ("AFD China") and AFD China Intellectual Property LLC ("AFD LLC") have in good faith conferred with opposing counsel by telephone in an effort to resolve the issues covered in this motion and have been unable to do so.

## MOTION

Pursuant to Federal Rule of Civil Procedure 56, AFD China and AFD LLC hereby move for partial summary judgment. AFD China and AFD LLC seek a declaration from this Court that AFD China is the lawful owner of the AFD Mark in the United States and that AFD China Intellectual Property Law (USA) Office, Inc.'s ("AFD USA") trademark registration of the AFD Mark (U.S. Trademark No. 3,270,951) is invalid and should be cancelled, or in the alternative, transferred to the right owner – AFD China. AFD USA's trademark registration should be cancelled because its application was void *ab initio*, as AFD USA was not the owner of the AFD Mark at the time of AFD USA's application. AFD USA's registration should also be cancelled because AFD USA has abandoned all use of the AFD Mark in commerce since late 2007. AFD USA's registration should also be cancelled because AFD USA and its principal Lynn Wang committed fraud in applying for the AFD Mark by representing that AFD USA was the rightful owner of the AFD Mark and by making misrepresentations regarding the specimen attached to AFD USA's application.

AFD China also moves for summary judgment on AFD USA's claims numbered 5-11 from AFD USA's Second Amended Complaint (ECF No. 66). AFD China should be granted summary judgment against Claim No. 5 (Unjust Enrichment) because the conduct that AFD USA complains about is covered by an express written contract between AFD China and AFD USA. Therefore, it cannot be shown that it would be unjust for AFD China to retain a benefit

not paid for. AFD China should be granted summary judgment against Claim No. 6 (Intentional Interference with Economic Relations) because AFD USA cannot establish as a matter of law that AFD China was a third party to AFD USA's alleged relationship with AFD China's clients, and therefore AFD USA can also not establish that AFD China intentionally interfered with those relationships.

AFD China should also be granted summary judgment against Claim No. 7 (Breach of Fiduciary Duty) because AFD USA cannot establish as a matter of law that any joint venture – and therefore no fiduciary duty – existed between AFD China and AFD USA. Because AFD USA's claims numbered 8 through 11 are also based on this joint venture theory, AFD China should be granted summary judgment on those claims as well. To the extent that the Court does not grant AFD China's motion against Claim No. 7, AFD China should be granted summary judgment against Claims Nos. 8 and 9 (Lanham Act Unfair Competition and Common Law Trademark Infringement and Unfair Competition) because, as noted above, AFD China – not AFD USA or any alleged joint venture – is the owner of the AFD Mark. AFD China should also be granted summary judgment against Claims Nos. 10 and 11 (Unjust Enrichment and Intentional Interference) for the same reasons as detailed for Claims Nos. 5 and 6 above.

Dated: April 5, 2013  /s/ Aimee M. Furness

Christopher E. Hawk, OSB #061635
Gordon & Rees LLP
121 SW Morrison Street, Suite 1575
Portland, Oregon 97204

Glenn Westreich *(Pro Hac Vice)*
Aimee Furness *(Pro Hac Vice)*
Haynes and Boone, LLP
2033 Gateway Place, Suite 300
San Jose, California 95110

ATTORNEYS FOR AFD CHINA
INTELLECTUAL PROPERTY LAW OFFICE and
AFD CHINA INTELLECTUAL PROPERTY LLC

## CERTIFICATE OF SERVICE

  This is to certify that a true and correct copy of AFD China's and AFD LLC's Motion for Partial Summary Judgment has been served on all counsel of record, as indicated below, on this 5th day of April, 2013.

| | |
|---|---|
| Jack Russo<br>Ansel Halliburton<br>Computerlaw Group LLP<br>401 Florence Street<br>Palo Alto, California 94301 | *Via Email* |

                      */s/ Aimee M. Furness*
                      Aimee M. Furness