Jack Russo (Oregon Bar No. 991992)
Ansel Halliburton (*Pro Hac Vice*)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 282-3110 fax
jrusso@computerlaw.com
ahalliburton@computerlaw.com

Attorneys for Plaintiff AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC. and
Third Party Counterclaim Defendant LYNN WANG

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC., an Oregon corporation, <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE, a Chinese corporation, <br><br> Defendants/Counterclaim Plaintiff. | Case No. 3:09-CV-1509-BR <br><br> **PLAINTIFF AFD USA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SUMMARY ADJUDICATION OF ISSUES AND PARTIAL SUMMARY JUDGMENT OF TRADEMARK OWNERSHIP, VALIDITY, AND DECLARATORY RELIEF** <br> Date:        TBD <br> Time:        TBD <br> Judge:       Honorable Anna J. Brown <br><br> **Oral Argument Requested** |
| AFD CHINA INTELLECTUAL PROPERTY LLC, a Maryland limited liability company, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> LEI WANG, a.k.a. LYNN WANG, <br><br> Third Party Counterclaim Defendant. | |

# TABLE OF CONTENTS

Table of Contents ..................................................................................................................... i

Table of Authorities ............................................................................................................... iii

Certification .......................................................................................................................... 1

Memorandum of Points and Authorities ................................................................................ 1

Introduction .......................................................................................................................... 1

Undisputed Material Facts ..................................................................................................... 2

Argument ............................................................................................................................. 4

I.   Summary Adjudication of Issues and the Grant of Partial Summary Judgment Is Appropriate Because There Are No Disputed—Or Reasonably Disputable—Material Facts Regarding AFD USA's Presumptively Valid Application for the "AFD" Mark and Its Registration by the USPTO. .......................................................................................................... 4

   A.  A Registered Trademark Enjoys a Presumption of Validity and Ownership. ................... 4

   B.  All The Undisputed Evidence Supports The Statutory Presumptions Here. ................... 5

   C.  No Evidence Exists to Overturn the Presumption of Validity and Ownership. ............. 5

II.  AFD USA Did Not Defraud the USPTO And No Evidence Suggests Otherwise. ............................. 6

   A.  The Legal Standard in The Ninth Circuit Disfavors the Fraud Defense and Requires Clear and Convincing Evidence, Including Clear Proof of *Scienter*, That Is, Subjective Intent to Deceive, Which is Wholly Lacking in This Case. ................................................................ 6

   B.  The Was No Fraud as Proof of Scienter is Completely Absent in This Case. ................... 7

   C.  There Is No Falsity in AFD USA's Use of the Brochure in Its Application. ................... 10

   D.  The Classification of Services in AFD USA's Application is Appropriate and Accurate, Not Fraudulent, and AFD China's Contentions to the Contrary are Barred, As a Matter of Fact and as a Matter of Law ...................................................................................... 12

       1.  The Application Claimed Appropriately-Classified Services. .............................. 12

       2.  AFD China's Arguments Regarding Improperly Claimed Scope of Services Are Also Barred by Both Laches and Estoppel. ...................................................... 13

    E.  Lack of Notice to AFD China is Neither Disputed Nor Material Because AFD China Constructively Knew of AFD USA's Application as a Matter of Law. ........................................ 15

    F.  All Fraud Theories Fail and AFD USA is Entitled to Summary Adjudication / Partial Summary Judgment and a Declaration of Ownership and Validity. ............................... 16

III. AFD China's Abandonment Defense Also Fails as a Matter of Fact and Law. ............................... 16

Conclusion ........................................................................................................................................... 17

Certificate of Compliance ................................................................................................................... 18

## TABLE OF AUTHORITIES

**CASES**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ................................................... 9

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ...................................................... 6, 16

*Cross v. United States*, 336 F.2d 431 (2d Cir. 1964) ................................................ 8

*Dymo Industries, Inc. v. Tapeprinter, Inc.*, 326 F.2d 141 (9th Cir. 1964) ..................................... 4

*E. Gluck Corp. v. Rothenhaus*, 585 F. Supp. 2d 505 (S.D.N.Y. 2008) ................................ 7

*eCash Techs., Inc. v. Guagliardo*, 210 F. Supp. 2d 1138 (C.D. Cal. 2000) ............................... 7

*Far Out Productions, Inc. v. Oskar*, 247 F.3d 986 (9th Cir. 2001) ........................................ 9, 10

*Gibson Guitar Corp. v. Paul Reed Smith Guitars, LP*, 311 F. Supp. 2d 690 (M.D. Tenn. 2004) .. 7

*Gill v. Stern (In re Stern)*, 345 F.3d 1036 (9th Cir. 2003) ........................................... 8

*In re Bose Corp.*, 580 F.3d 1240 (Fed. Cir. 2009) ........................................... 6, 7, 8, 9

*Levi Strauss & Co. v. Esprit US Distrib., Ltd.*, 588 F. Supp. 2d 1076 (N.D. Cal. 2008) ........... 8, 9

*Neurovision Med. Prods. v. NuVasive, Inc.*, 2012 U.S. App. LEXIS 18995

    (9th Cir., Sept. 10, 2012) ...................................................................... 9

*Pony Express Courier Corp. v. Pony Express Delivery Service*, 872 F.2d 317

    (9th Cir. 1989) ............................................................................ 10, 11

*Robi v. Five Platters, Inc.*, 918 F.2d 1439 (9th Cir. 1990) .................................... 6, 7, 8

*Smith Int'l, Inc. v. Olin Corp.*, 209 U.S.P.Q. 1033 (T.T.A.B. 1981) ........................... 7

*Standard Knitting, Ltd. v. Toyota Jidosha Kabushiki Kaisha*, 2006 TTAB LEXIS 9 (T.T.A.B.

    June 9, 2005) .............................................................................. 11

*Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357 (Fed. Cir. 2008) .......................... 8

*Wash. Mut. Inc. v. United States*, 636 F.3d 1207 (9th Cir. 2011) ................................ 10

**STATUTES**

15 U.S.C. § 1062 ................................................................................ 15

15 U.S.C. § 1063 ................................................................................ 15

15 U.S.C. § 1064 ................................................................................ 4

15 U.S.C. § 1072 ................................................................................................. 15

15 U.S.C. § 1112 ........................................................................................... 12, 13

15 U.S.C. § 1115 ............................................................................................... 4, 5

15 U.S.C. § 1127 ................................................................................................. 16

**OTHER AUTHORITIES**

Nice Classification (8th Edition) — List of Classes, with Explanatory Notes, World Intellectual

Property Assn. (2001) ................................................................................... 12

**RULES**

Fed. R. Civ. P. Rule 56 ........................................................................... 6, 8, 10, 15

FED. R. EVID. Rule 1005 ....................................................................................... 5

Fed. R. Evid. Rule 401 ........................................................................................ 15

Fed. R. Evid. Rule 403 ........................................................................................ 15

Fed. R. Evid. Rule 803 .......................................................................................... 5

FED. R. EVID. Rule 902 .......................................................................................... 5

Local Rule 7-1 ....................................................................................................... 1

Local Rule 7-2 ..................................................................................................... 18

**REGULATIONS**

Trademark Manual of Examining Proc. § 1401.10 .......................................... 12

**TREATIES**

Nice Agreement Concerning the International Classification of Goods and Services for the

Purposes of the Registration of Marks, Jun. 15, 1957, 23 U.S.T. 1336, T.I.A.S. 7418, 550

U.N.T.S. 45 ................................................................................................... 12

## CERTIFICATION

In accordance with Local Rule 7-1(a)(1), counsel for movant AFD USA has conferred in good faith with opposing counsel by telephone to resolve the disputes discussed herein; however, the parties were unable to do so.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This Motion boils the central issues of this case down to this single question: Can this Court overturn the USPTO's issuance of a trademark registration to Plaintiff AFD USA, where there is no clear and no convincing evidence to rebut the presumption of validity arising from the USPTO's decision? Of course not. As the Court knows, this case is a dispute arising from a soured business relationship between, on the one hand, Ms. Lynn Wang and her company AFD USA (the Plaintiff in this case), and AFD China and its U.S. branch AFD LLC on the other hand. The parties were (and continue to be) engaged in the marketing and provision of intellectual property-related legal services in China for overseas customers, including customers in the United States. AFD USA sues AFD China for infringing its Federally-registered "AFD" trademark, for a declaratory judgment regarding that trademark registration's ownership and validity, for unfair competition, and for related claims. AFD China and AFD LLC counterclaim against AFD for a declaratory judgment of ownership or invalidity of AFD USA's trademark registration, for Lanham Act unfair competition, for common law trademark infringement, and against Ms. Wang personally for alleged *alter ego* liability.

The scope of this Motion is intentionally narrow. This Motion seeks a partial summary judgment (and summary adjudication of facts) that the USPTO properly issued to AFD USA the "AFD" Federal trademark registration (U.S. Trademark Registration No. 3,270,951), and that said registration is valid and exclusively owned by Plaintiff AFD USA. This limited adjudication would resolve an important subset of the elements of AFD USA's claims for trademark infringement and unfair competition, and would resolve entirely both AFD USA's and AFD China's causes of action for declaratory relief. This would effect a significant narrowing of the

disputed issues, streamline the jury trial of the remaining claims in this case, and may stimulate settlement discussions.

<u>UNDISPUTED MATERIAL FACTS</u>

The following material facts are either expressly undisputed (see Joint Statement of Agreed Facts, "<u>First Joint Statement</u>" or "<u>FJS</u>" hereafter, at Dkt. 166; Second Joint Statement of Agreed Facts, "<u>Second Joint Statement</u>" or "<u>SJS</u>" hereafter, at Dkt. 195; collectively the "Joint Statements") or are not reasonably disputable.[1] This is largely a concise subset of the two Joint Statements, which contain other undisputed facts that are not material to this Motion.

1. The parties jointly recognized that the "Anixinfonda" name was too long and too complicated for English speakers, so they jointly conceived and created the "AFD" mark in November 2004. Wang Decl. at ¶ 2 and Ex. 1.

2. The parties entered into a series of written agreements beginning in December 2004. FJS ¶¶ 11–15; Deposition of Lynn Wang, December 15, 2011 ("<u>First Wang Depo.</u>") at 211:23–212:2 in Russo Ex. 9.

3. The Cooperation Agreement, dated November 29, 2005 and effective January 1, 2005, is the latest operative agreement, and superseded all prior agreements. FJS ¶¶ 13–15;  Wang Decl. at ¶ 3 and Ex. 2 (Cooperation Agreement in original Chinese) and Russo Decl. at ¶ 3 and Ex. 1 (English translation of Cooperation Agreement).

4. The Cooperation Agreement does not expressly state which party, if any, would own or be responsible for U.S. trademark rights in the "AFD" mark. SJS ¶ 6; Russo Ex. 1.

5. The corporate entity "AFD China Intellectual Property Law (USA) Office" was registered with the Oregon Secretary of State on January 1, 2005 with registration

---

[1] See AFD USA's Request for Judicial Notice, Dkt. 196 ("<u>RJN</u>"), and Ex. 6 thereto, correspondence over the Second Joint Statement, in which counsel for AFD China disputed facts of public record despite the offered opportunity to provide clarification. There being no good cause for that dispute, the Court should grant AFD USA's Request for Judicial Notice of the fact that AFD China did not oppose AFD USA's published trademark application at any time before the USPTO granted it.

number 260631-98 using the "AFD" mark. Russo Decl. at ¶ 3 and Ex. 2. This was done in accordance with the agreements between the parties. FJS ¶ 11 and SJS ¶ 4.

6. AFD USA filed with the U.S. Patent and Trademark Office ("USPTO") an application to register the "AFD" mark for "Legal Services" on September 26, 2006. FJS ¶ 19; Russo Decl. at ¶ 4 and Ex. 3 (the "Application").

7. The USPTO published the Application for opposition in its Official Gazette on May 15, 2007. RJN at p. 3 and Ex. 3 (the "Publication"); Russo Decl. at ¶ 5 and Ex 4.

8. The USPTO granted the Application and issued a Certificate of Registration, No. 3,270,951, on July 31, 2007. FJS ¶ 20; RJN at p. 2 and Ex. 4 (the "Registration"); Russo Decl. at ¶ 6 and Ex. 5.

9. AFD China did not oppose the Application at any time before the USPTO issued the Registration, including after the Publication. RJN at p. 2 and Ex. 5 (trademark prosecution docket from USPTO); Russo Decl. at ¶ 7 and Ex. 6.

10. AFD USA adopted and continuously used the "AFD" mark in interstate commerce within the United States and generated over 183 customers throughout the United States. Wang Decl. at ¶ 4 and Ex. 3; Responses to RFA Nos. 28–31 and 57 in Russo Ex. 7; First Wang Depo. at 37:12–38:21 in Russo Ex. 9.

11. AFD USA paid for the logo and associated stylized lettering for the "AFD" mark, and it first established the "AFD" brand in the U.S. through the publication of the "AFD" mark in the U.S., as well as worldwide through the establishment of its Internet website on the World Wide Web and through the delivery of business cards, stationery, brochures and other materials to its clients including law firms, corporate legal departments and other corporations, firms, businesses and individuals interested in obtaining legal services for the protection of patents, trademarks, copyrights and other intellectual property rights in China. Wang Decl. at ¶ 4; Halliburton Decl. at ¶¶ 3–6 and Exs. 1–3 (corroborating evidence from Internet Archive); Deposition of Lynn Wang, February 26, 2013("Second Wang Depo.") at 324:22–23 in Russo Ex. 10.

12. AFD USA paid for, created, and has regularly updated the website at www.afdip-usa.com since its creation, and continues to do so, using the "AFD" trademark on that website at all times. Second Wang Depo. at 324:20–23 in Russo Ex. 10.

### ARGUMENT

I.    **SUMMARY ADJUDICATION OF ISSUES AND THE GRANT OF PARTIAL SUMMARY JUDGMENT IS APPROPRIATE BECAUSE THERE ARE NO DISPUTED—OR REASONABLY DISPUTABLE—MATERIAL FACTS REGARDING AFD USA'S PRESUMPTIVELY VALID APPLICATION FOR THE "AFD" MARK AND ITS REGISTRATION BY THE USPTO.**

A.    **A Registered Trademark Enjoys a Presumption of Validity and Ownership.**

Under express Federal statutory law, when the U.S. Patent and Trademark Office ("USPTO") issues a registration for a trademark, that registration enjoys a presumption of validity and ownership:

> Any registration…of a mark registered on the principal register provided by this Act and owned by a party to an action shall be admissible in evidence and **shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce** on or in connection with the goods or services specified in the registration…

15 U.S.C. § 1115(a) (2013) (emphasis added). Even before Congress amended the trademark statutes in 1988 to add this express presumption in civil cases, the Ninth Circuit had long ago reached the same conclusion—that the presumption should attach both in USPTO proceedings and in civil actions like this one. *Dymo Industries, Inc. v. Tapeprinter, Inc.*, 326 F.2d 141 (9th Cir. 1964).

The trademark statutes enumerate specific reasons for which a mark may be deemed invalid and subject to cancellation. Those reasons are (1) that the mark has become generic; (2) the mark is functional; (3) abandonment; (4) "registration was obtained fraudulently"; or (5) the "mark is being used by, or with the permission of, the registrant so as to misrepresent the source of the goods or services." 15 U.S.C. § 1064(3). AFD China has raised only the third and fourth reasons in this case: abandonment and fraud. As discussed in Parts II and III below, both reasons fail as a matter of law, so AFD USA is entitled to summary judgment in its favor.

**B.      All The Undisputed Evidence Supports The Statutory Presumptions Here.**

It is undisputed that AFD USA filed its Application, serial number 77008112, with the USPTO on September 26, 2006. FJS ¶ 19; Russo Decl. at ¶ 4 and Ex. 3. That Application sought to register the mark "AFD" for AFD USA's exclusive use in the United States, and it is of public record. *Id.* It is of public record and indisputable that the USPTO published the fact of AFD USA's Application for the "AFD" mark in the Official Gazette on May 15, 2007. RJN at p. 2 and Ex. 3; Russo Decl. at ¶ 5 and Ex. 4. It is also of public record and indisputable that AFD China never filed any form of opposition to the Application—either before or after the Publication. RJN at p. 2 and Ex. 5 and Russo Ex. 6. It is undisputed that the USPTO then granted AFD USA's Application on July 31, 2007, registered it as U.S. Trademark No. 3,270,951, and issued a publicly available certificate of registration (the Registration). FJS ¶ 20; RJN at p. 2 and Ex. 4; and Russo Decl. at Ex. 5. To the extent AFD China raises any factual dispute over them,[2] the Application, the Publication, and the Registration are all admissible evidence because they are government records. Fed. R. Evid. Rules 803(6), (8), and (14); 902; and 1005. The trademark statutes also state that the Registration "shall be admissible in evidence." 15 U.S.C. § 1115(a).

**C.      No Evidence Exists to Overturn the Presumption of Validity and Ownership.**

There is no evidence (admissible or otherwise) to contradict these facts: AFD filed with the USPTO an Application to register for itself the "AFD" trademark; the USPTO published that application for opposition; AFD China did not oppose that Application; and the USPTO granted AFD USA's Application and issued the Registration. Nothing in the Cooperation Agreement assigns ownership from Plaintiff to any Defendants; nothing in the parties' negotiations or prior

---

[2] When the parties were meeting and conferring to agree to the contents of the First Joint Statement, counsel for AFD China refused to agree to even baseline facts about these public records—including, tellingly, that the Application was issued and that AFD China did not oppose it. That refusal had no basis. AFD China similarly refused to acknowledge that fact in the Second Joint Statement. AFD USA has asked the Court to take judicial notice of this fact from the admissible public records of the USPTO. RJN (Dkt. 196). However, the Court should be mindful of these litigation tactics of AFD China's when it wonders, as it should, why the parties could not agree to even the most basic facts about publicly available and judicially noticeable government records. Russo Decl. at ¶ 9 and Ex. 8; RJN Ex. 6.

agreements does so; and nothing in the parties' post-termination discussions does so either. This is a case, simply put, where Defendant never bargained for, never paid for, and never received the US trademark registration, US trademark rights or associated goodwill created by Plaintiff.[3]

The only material disputes between the parties over ownership and validity are legal in nature, not factual—*e.g.*, the legal significance of the agreed contents of the Application and other peripheral facts. Where, as here, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," partial summary judgment is appropriate. FED. R. CIV. P. Rule 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). At minimum, Plaintiff requests that the Court adjudicate the undisputed facts and grant partial summary judgment in favor of Plaintiff and against Defendants with regard to the ownership and validity issues raised by the parties' respective declaratory relief claims in this case. Plaintiff submits that adjudicating these claims now will go a long way toward streamlining this case and perhaps its overall resolution. If the Court does not make its decision now, it will have to do so eventually before the jury rules in this case on the remaining issues of damages and the like, and it makes sense for the Court to do so now as there are no genuine disputed issues of fact regarding what occurred.

## II. AFD USA DID NOT DEFRAUD THE USPTO AND NO EVIDENCE SUGGESTS OTHERWISE.

### A. The Legal Standard in The Ninth Circuit Disfavors the Fraud Defense and Requires Clear and Convincing Evidence, Including Clear Proof of *Scienter*, That Is, Subjective Intent to Deceive, Which is Wholly Lacking in This Case.

To find fraud on the USPTO sufficient to warrant the cancellation of a presumptively valid trademark registration, a party "bears a heavy burden of proof" and must prove three elements: (1) falsity; (2) materiality; and (3) scienter. *In re Bose Corp.*, 580 F.3d 1240, 1243–47 (Fed. Cir. 2009) (discussing fraud elements, standard of proof, and scienter); *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1444 (9th Cir. 1990) (stating elements slightly differently as "a false representation regarding a material fact, the registrant's knowledge or belief that the

---

[3] Neither can AFD China claim early use of the "AFD" through its current U.S. affiliate, AFD LLC, as that entity only came into existence in or about June 2007. Deposition of Steven Yang, October 26, 2012 at 11:9-10, 16:13-20:15 in Russo Decl. Ex. 11.

representation is false, the intent to induce reliance upon the misrepresentation and reasonable reliance thereon, and damages proximately resulting from the reliance").

In the Ninth Circuit, fraud on the USPTO "is a disfavored defense, [so] the party alleging fraud bears a 'heavy' burden of proof." *eCash Techs., Inc. v. Guagliardo*, 210 F. Supp. 2d 1138, 1149 (C.D. Cal. 2000), *citing Robi v. Five Platters, Inc.*, 918 F.2d at 1444. To rebut the presumption of validity with evidence of fraud on the USPTO, AFD China must carry its burden **by clear and convincing evidence**—a heavy burden it cannot meet. *Gibson Guitar Corp. v. Paul Reed Smith Guitars, LP*, 311 F. Supp. 2d 690, 718 (M.D. Tenn. 2004) ("Any cited inconsistences in an applicants' papers must be material to set aside a registered mark. Clear and convincing evidence is required for a showing of fraud to invalidate a trademark registration.") (citations omitted), *reversed on other grounds at Gibson Guitar Corp. v. Paul Reed Smith Guitars, LP*, 423 F.3d 539 (6th Cir. 2005); *accord E. Gluck Corp. v. Rothenhaus*, 585 F. Supp. 2d 505, 513 (S.D.N.Y. 2008) ("The fraud must be proven by clear and convincing evidence.") *and Smith Int'l, Inc. v. Olin Corp.*, 209 U.S.P.Q. 1033, 1044 (T.T.A.B. 1981) ("…the very nature of the charge of fraud requires that it be proven 'to the hilt' with clear and convincing evidence.

Under the Ninth Circuit's settled high standards, "there is absolutely no room for conjecture, speculation, inference or surmise and, obviously, any doubt must be resolved against the charging party." *In re Bose*, 580 F.3d at 1243 (quotations and citations omitted). Put simply, Defendants must come forward with actual proof—by clear and convincing admissible evidence—that fraud occurred; that is impossible in this case.

**B.    The Was No Fraud as Proof of Scienter is Completely Absent in This Case.**

Although AFD USA disputes all three elements, the element for which proof is, without any doubt, most clearly and conclusively lacking is scienter. This is fatal to AFD China's fraud defense because "[s]ubjective intent to deceive, however difficult it may be to prove, is an **indispensable** element in the analysis." *In re Bose*, 580 F.3d at 1245 (emphasis added).

Fraud on the USPTO, like any other form of fraud requires the claimant to prove the alleged fraud was committed with scienter—a subjective intent to defraud. "When a party asserts

a claim for fraud on the [USPTO], it must prove 'a false representation regarding a material fact, the registrant's **knowledge** or **belief** that the representation is false, the **intent to induce reliance** upon the misrepresentation and reasonable reliance thereon, and damages proximately resulting from the reliance.'" *Levi Strauss & Co. v. Esprit US Distrib., Ltd.*, 588 F. Supp. 2d 1076, 1083–84 (N.D. Cal. 2008) (granting summary judgment of no fraud on USPTO) (emphasis added), *citing Robi v. Five Platters*, 918 F.2d at 1444.

There is no admissible evidence whatsoever of any subjective intent to defraud by AFD USA or Ms. Wang. All the record contains is AFD China's pleadings' bare conjecture and Ms. Wang's contrary testimony of her subjective **good** faith in submitting the Application.[4] *See Gill v. Stern (In re Stern),* 345 F.3d 1036, 1045 (9th Cir. 2003) (speculation not enough for finding of fraud when raised in defense of summary judgment motion).

Where a party seeks to prove scienter through inferences, those inferences must be drawn from "clear and convincing" evidence—of which there is none in this case. *In re Bose*, 580 F.3d at 1245; *Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1366 (Fed. Cir. 2008) (in patent case, fraud on USPTO could be proved by inference, but "such evidence must still be clear and convincing, and inferences drawn from lesser evidence cannot satisfy the deceptive intent requirement").

This lack of even any admissible inferential evidence is fatal to AFD China. "In order to survive summary judgment, the party alleging fraud must show that there is a genuine issue as to whether the failure to make a disclosure to the PTO was made 'in bad faith or with knowledge'

---

[4] Here the procedural rules on summary judgment are reversed because of the statutory presumption: Defendants must come forward with proof of scienter; they cannot do so. Indeed, any cross-motion seeking summary judgment against Plaintiff must be denied because summary judgment is particularly inappropriate where subjective intent is an element in a cause of action, because that subjective intent cannot be assessed without a credibility determination—but "[w]here an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." FED. R. CIV. P. Rule 56 (2012) Advisory Committee's Notes (1963 Amendments). For a court to make that essential credibility determination itself on summary judgment is reversible error. *Cross v. United States*, 336 F.2d 431 (2d Cir. 1964) (reversing summary judgment). Here the Court can do so in favor of Plaintiff but it cannot do so against Plaintiff.

that disclosure was required." *Levi Strauss & Co. v. Esprit US Distrib., Ltd.*, 588 F. Supp. 2d 1076, 1084 (N.D. Cal. 2008), *citing Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 996–97 (9th Cir. 2001). *See also In re Bose Corp.*, 580 F.3d 1240 (Fed. Cir. 2009) (reversing T.T.A.B. decision finding fraud and setting higher bar for finding fraud on USPTO in trademark prosecution).

The Ninth Circuit has affirmed a District Court that granted summary judgment finding no fraud on the USPTO. *Far Out Prods. v. Oskar*, 247 F.3d 986, 996 (9th Cir. 2001) (affirming summary judgment of no fraud on USPTO where moving parties failed to allege scienter, which was part of their "initial burden in moving for summary judgment"). On the other hand, failure to properly address scienter is reversible error. *Neurovision Med. Prods. v. NuVasive, Inc.*, 2012 U.S. App. LEXIS 18995 at *4 (9th Cir., Sept. 10, 2012) (reversal of verdict for failure to properly instruct jury on intent element of claim of fraud on USPTO).

The law is also clear that the Court may not make credibility determinations at the summary judgment stage; to do so would be to usurp the role of the jury. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge…" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). At this procedural stage, then, the Court cannot enter Ms. Wang's mind and discredit her clear testimony against scienter.

There is no undisputed evidence pointing toward scienter, and all the disputed evidence points against it. To the extent AFD China wished to reach a scienter finding through inferences, it must still rely on admissible evidence—which it does not have—and credibility determinations—which the Court cannot make on summary judgment. On these facts, then, after fact discovery has closed, AFD China cannot possibly prove up the "indispensable" scienter element of its affirmative defense of fraud on the USPTO. *In re Bose*, 580 F.3d at 1245. The entire fraud defense thus fails as a matter of law.

**C.      There Is No Falsity in AFD USA's Use of the Brochure in Its Application.**

As evidence of AFD USA's purported fraud on the USPTO, AFD China cites to AFD

USA's inclusion of an AFD China brochure as a specimen of AFD USA's use of the mark in the

United States. AFD China's Amended Answer at ¶ 30 of counterclaims, Dkt. 68 at pp. 23–24.

The fact of this inclusion is not disputed, but its legal significance is—making this issue ripe for

summary judgment. FED. R. CIV. P. Rule 56(a) ("The court shall grant summary judgment if the

movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law."); *Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th

Cir. 2011) (summary judgment granted where the dispute related to legal significance of

undisputed facts).

Typically, courts find fraud on the USPTO where trademark applicants file false

affidavits of use[5] where there is no actual use. *See, e.g., Far Out Prods. v. Oskar*, 247 F.3d 986,

995 (9th Cir. Cal. 2001) (approving legal theory that false incontestability affidavit could

constitute fraud on the USPTO, but finding moving party failed to prove fact of scienter); *Pony

Express Courier Corp. v. Pony Express Delivery Service*, 872 F.2d 317, 319 (9th Cir. 1989)

(material misrepresentation in affidavit to USPTO could be grounds for cancellation, but no

fraud found because misrepresentation was immaterial).

That is not the case here, where both parties' use of the "AFD" mark is not reasonably

disputed. Response to RFA No. 57 (AFD China's admission that AFD USA used the "AFD"

mark in interstate commerce directly with U.S. customers before the Termination) and

Responses to RFA Nos. 28–31 (AFD China's admission of AFD USA's continued use of the

"AFD" mark after the Termination, as well as AFD China's knowledge thereof), all in Russo Ex.

7 at pp. 14–15 and 25–26.

Further, AFD USA had permission and indeed at least an implied license to use the

content of AFD China's marketing materials, including the brochure, based on the parties'

---

[5] An affidavit of use provides proof that an applicant is still actually using the trademark in
commerce in the way indicated on the trademark application.

written agreements and on their actual usage. Indeed, there can be no fraud on the USPTO in AFD USA's use of the brochure because AFD USA actually used that brochure in its U.S.-based operations, and did so with AFD China's knowledge. Wang Decl. at ¶ 5. Before it summarily terminated the parties' relationship, AFD China never objected to AFD USA's use of any such materials. None of the various written agreements between the parties discussed which party would own the U.S. rights in the "AFD" mark. FJS at ¶¶ 11–15; SJS ¶ at 6; Wang Decl. at ¶ 3 and Ex. 2; Russo Decl. at ¶ 3 Ex. 1.[6]

There are no material inaccuracies in AFD USA's Trademark Application. The description of the services is general and accurate but even if that description could have been more specific and more detailed, that still would not be enough—because even if there were any inaccuracies in AFD USA's description of services in its Trademark Application, those descriptions were provided innocently, not fraudulently, because AFD USA reasonably believed them to be accurate, which AFD China cannot disprove. "[F]raud will not lie if it can be proven that the statement, though false, was made with a reasonable and honest belief that it was true." *Standard Knitting, Ltd. v. Toyota Jidosha Kabushiki Kaisha*, 2006 TTAB LEXIS 9, at *28 (T.T.A.B. June 9, 2005). The only direct evidence on this point, Ms. Wang's deposition testimony, favors AFD USA. First Wang Depo. at 200:2–16 in Russo Ex. 9.

Even if the Court were to find some misdescription or other incomplete representation in AFD USA's use of the brochure in its Application, there is no reason to believe it was either purposeful (*i.e.*, no scienter) or material. Immaterial misrepresentations are not grounds for cancellation. *Pony Express Courier Corp.*, 872 F.2d at 319 (affirming summary judgment for trademark plaintiff where purported error in incontestability affidavit would not have been material).

---

[6] AFD China has contended (falsely) in discovery responses that there are written or oral agreements regarding AFD USA's use of the Mark, but has never identified those purported agreements with any specificity. Such bald contentions are not enough to prove the content of an allegedly written agreement, much less to survive summary judgment or to prove fraud, which requires an especially convincing showing. *See* Part II.A, *supra*.

On these facts—where AFD USA had permission and at least an implied license to use AFD China's marketing materials, and where AFD USA actually used those materials in its U.S. operations—there is no falsity in AFD USA submitting them to the USPTO in support of its Application. Even if there were falsity, it was not material, and AFD China is again completely unable to prove scienter.

**D.    The Classification of Services in AFD USA's Application is Appropriate and Accurate, Not Fraudulent, and AFD China's Contentions to the Contrary are Barred, As a Matter of Fact and as a Matter of Law.**

**1.    The Application Claimed Appropriately-Classified Services.**

The other fact on which AFD China bases its fraud argument is the classification of services that AFD USA disclosed in the Application. All applications for trademark registration must describe the claimed services, and select a category within a classification specified by treaty.[7] 15 U.S.C. § 1112. The Application describes the claimed services as "Legal Services" within International Class 42. FJS at ¶ 19 and Russo Ex. 3 at p. 2.

As of the date of the Application[8], International Class 42 included legal services, and was described at a high level as including all of the following: "Scientific and technological services and research and design relating thereto; industrial analysis and research services; design and development of computer hardware and software; **legal services**." "Nice Classification (8th Edition) — List of Classes, with Explanatory Notes", World Intellectual Property Assn., at

---

[7] Nice Agreement Concerning the International Classification of Goods and Services for the Purposes of the Registration of Marks, Jun. 15, 1957, 23 U.S.T. 1336, T.I.A.S. 7418, 550 U.N.T.S. 45; as revised at Stockholm, Jul. 14, 1967, 23 U.S.T. 1353, T.I.A.S. 7419, 828 U.N.T.S. 191.

[8] Class 42 was later restructured, and from January 1, 2007 forward, legal services are now classified under Class 45. At the time of the Application in September 2006, legal services were within Class 42 of the then-operative Eighth Edition of the Nice classes. The Ninth Edition that included the restructuring of legal services went into effect on January 1, 2007. Trademark Manual of Examining Proc. § 1401.10(a); Nice Classification (8th Edition) — List of Classes, with Explanatory Notes, World Intellectual Property Assn., *available at* http://www.wipo.int/export/sites/www/classifications/nice/en/pdf/8_list_class_order.pdf (2001); Preface to Ninth Edition of International (Nice) Classification of Goods and Services for the Purposes of the Registration of Marks, *available at* http://www.wipo.int/classifications/nivilo/nice9/ennpre.htm.

http://www.wipo.int/export/sites/www/classifications/nice/en/pdf/8_list_class_order.pdf (2001)
(emphasis added).

Put simply, there is no express classification for overseas intellectual property registration
services, but Class 42 is the closest category. *Id.* Class 42 does expressly include certain other
IP-related services, including the following: "Intellectual property consultancy"; "Intellectual
property (Licencing [sic] of — )"; "Intellectual property watching services"; "Legal research";
"Litigation services"; "Licencing [sic] of intellectual property"; and "Management (Copyright —
)". *Id.* Notably, though some of these appear to be services that could only be rendered by
lawyers, some are clearly not, *e.g.*, "Intellectual property consultancy" and "Intellectual property
watching services." This belies AFD China's argument that AFD USA could not register a
trademark in Class 42 for "Legal services" because it did not have U.S. lawyers on its staff.

Even if there were an issue with AFD USA's choice of classification, it is immaterial as a
matter of clear statutory law and thus cannot constitute fraud. Section 30 of the Lanham Act
states that "[t]he Director may establish a classification of goods and services, **for convenience**
of Patent and Trademark Office administration, but **not to limit or extend the applicant's or
registrant's rights**…" 15 U.S.C. § 1112 (2013) (emphasis added). This means that any error in
the administrative classifications is immaterial. To still find AFD USA's Application fraudulent
and cancel it on the basis of these immaterial administrative classifications would fly in the face
of the clear, mandatory language of this statute.

AFD USA's registration in Class 42 for "Legal services" was proper, and thus cannot
possibly constitute fraud on the USPTO.

### 2.      AFD China's Arguments Regarding Improperly Claimed Scope of Services Are Also Barred by Both Laches and Estoppel.

Oddly, AFD China uses as a basis for canceling or transferring ownership of the
Registration its argument that "AFD USA is not authorized or permitted to provide legal services
of any kind in the United States." AFD China's First Amended Answer, Dkt. 68, ¶ 22. AFD

USA does not dispute the fact that it did not have U.S. lawyers. FJS ¶¶ 5–6. However, the significance of this fact is not what AFD China would have the Court believe.

First, AFD China is barred by laches from asserting this argument now. At all times—starting in 2004—AFD China knew that AFD USA did not have U.S. lawyers on staff, but never objected to AFD USA providing the services it did to U.S. customers.

Second, AFD China fails to acknowledge that this logic applies equally to itself. Neither AFD USA nor AFD China are U.S. law firms. AFD China also does not provide U.S. legal services by U.S. lawyers, yet it seeks to own a trademark it contends can only apply to services it too does not provide. If the Court were to accept AFD China's contention that non-lawyers cannot own trademarks for "Legal Services," then this must apply equally to AFD China, and **neither party** could own the Registration. In any event, as discussed above, it is clear that AFD USA's application did not intend such a narrow scope for "Legal Services," and there is no reason to believe the USPTO did either. But even if the Court were to agree with AFD China that "Legal Services" can only mean U.S. lawyers providing U.S. legal advice, then AFD China cannot satisfy that standard either—and thus is estopped from both taking that position and also claiming ownership of the Registration for itself.

Third, AFD USA and its principal, Lynn Wang, used the "AFD" mark in its registration of the Oregon corporation "AFD Intellectual Property Law (USA) Office, Inc." as early as January 1, 2005, and did so in full compliance with a December 30, 2004 agreement and the Cooperation Agreement. Russo Decl. at ¶ 3 and Ex. 2; FJS at ¶ 11; SJS at ¶ 4. AFD China does not, and cannot, dispute these facts, and by way of those agreements agreed explicitly to AFD USA's use of the "AFD" mark in the registration of the AFD USA entity. AFD China is thus estopped from claiming any fraudulent misrepresentation of first use to the USPTO or claiming that it instead owns the Registration of the mark. Ms. Wang had even begun using the "AFD" mark in commerce with clients—who were switching to AFD USA as their new service provider—in December 2004, even before registering the corporation the next month. Wang Decl. at ¶ 6 and Ex. 4.

### E.    Lack of Notice to AFD China is Neither Disputed Nor Material Because AFD China Constructively Knew of AFD USA's Application as a Matter of Law.

AFD China complains that AFD USA did not give AFD China notice that it was pursuing a trademark registration in the U.S. Dkt. 68 at p. 24 ¶ 31 and p. 26 ¶ 41. However, this is irrelevant—both logically and as a matter of law. AFD China simply did not bargain for ownership of trademark rights owned by AFD USA; nothing in the Cooperation Agreement and nothing in any of the pre-existing agreements entered between the parties grants any such rights to AFD China either before, during, or after their relationship ends. This fact is not disputed.

Further, the presence or absence of actual notice to AFD China is a logically irrelevant red herring. Notice to AFD China, or lack thereof, is only logically related to whether AFD USA defrauded AFD China. However, to invalidate the Registration, AFD China must prove fraud **on the USPTO**. Not telling AFD China about the Application does not defraud the USPTO. The fact of lack of notice to AFD China is undisputed, but it is inadmissible as evidence of fraud on the USPTO because it is irrelevant and confuses the issue of who must be defrauded. FED. R. EVID. Rule 401 (to be admissible, evidence must be "of consequence in determining the action"); FED. R. EVID. Rule 403 ("court may exclude relevant evidence if its probative value is substantially outweighed by a danger of…confusing the issues…").

Even though AFD China did not receive actual notice, that fact is immaterial because, as a matter of law, AFD China was on constructive notice as of May 15, 2007, the date the USPTO published the Application for opposition in its Official Gazette, and clearly no later than July 31, 2007, the date of the Registration. 15 U.S.C. §§ 1062, 1063, and 1072 ("Registration of a mark on the principal register…shall be constructive notice of the registrant's claim of ownership thereof"). The Court should only decline to enter summary judgment where facts are both "disputed" and "material," neither of which is true of AFD China's notice of the Application. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by…showing that the materials cited do not establish the absence or presence of a genuine dispute…" FED. R. CIV. P. Rule 56(c)(1).

Finally, without a doubt, if AFD China believed that it was (or would become) the sole owner of the "AFD" trademark rights in the United States, it would have put something into the Cooperation Agreement it tendered for signature to AFD USA, but it did not do so. Nor did it require anywhere that AFD USA change its business name in the United States. It is simply implausible to believe, and irrational to assert, that without any offices in the United States, without any staff in the United States, and without any assets in the United States, and without any expenditures in the United States, AFD China believed that it owned U.S.-based trademark rights which "trumped" the rights which AFD USA was clearly establishing through actual and continuous use in commerce throughout the United States through the independently owned Oregon corporation established by Ms. Wang, which did have offices, did have staff, and did make major expenditures in the United States.

###### F.    All Fraud Theories Fail and AFD USA is Entitled to Summary Adjudication/ Partial Summary Judgment and a Declaration of Ownership and Validity.

Given these facts, the presumption of validity, and the high bar for finding fraud— including proof of AFD USA's subjective intent, of which there is none—no reasonable jury could find the falsity, materiality, and scienter required to find fraud on the USPTO. "The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court should therefore deny AFD China's first counterclaim for declaratory judgment of cancelation.

### III.    AFD CHINA'S ABANDONMENT DEFENSE ALSO FAILS AS A MATTER OF FACT AND LAW.

The Lanham Act sets specific requirements for abandonment, including:

> A mark shall be deemed to be "abandoned" if…its use has been discontinued with intent not to resume such use. Intent not to resume may be inferred from circumstances. Nonuse for 3 consecutive years shall be prima facie evidence of abandonment…

15 U.S.C. § 1127 (2013). Restated, to demonstrate that the mark had been abandoned, AFD China must prove that the Mark has not been used for **three consecutive years** and that there

was **no intent to resume** its business. It cannot prove either. As with its fraud claim, AFD China must prove AFD USA's subjective intent to establish abandonment.

The evidence in this case is that AFD USA has published updates to the AFD USA website at www.afdip-usa.com (the "AFD USA Site") regularly since its creation through the present, using the "AFD" mark continuously in those updates. Additionally, Ms. Wang testified that AFD USA did not intend to abandon the "AFD" mark.[9] AFD USA continues these regular updates to the AFD USA website in the form of newsletters to keep its clients informed about developments in Chinese IP, and to maintain the goodwill associated with the trademark. Wang Decl. ¶ 3 and Ex. 3; Second Wang Depo. at 354:25–355:6 in Russo Ex. 10.

On this undisputed factual record, any inference must be against abandonment, not for it. As with its fraud defense, AFD China is utterly unable, even after the close of discovery, to prove the key elements of its abandonment defense. AFD USA is thus entitled to partial summary judgment in its favor on AFD China's abandonment affirmative defense.

<u>CONCLUSION</u>

Accordingly, for all the foregoing reasons, this Court should grant partial summary judgment in favor of AFD USA as to the ownership and validity elements of its Lanham Act trademark infringement claim against AFD China, and on AFD China's fraud and abandonment affirmative defenses. There are no legitimately disputed material facts regarding the Registration itself. The Court should find that AFD USA committed no fraud on the USPTO, and owns the Registration, which is valid. With that foundation, the Court should also grant partial summary judgment in AFD USA's favor on both its and AFD China's declaratory judgment claims.

//

//

//

//

---

[9] That testimony alone would suffice for the Court to deny a cross-motion for summary judgment by AFD China. FED. R. CIV. P. Rule 56(a).

Respectfully submitted,

Dated: April 5, 2013                  By:    /s/ Jack Russo
                                             Jack Russo (Or. Bar No. 991992)

                                             Attorney for Plaintiff
                                             AFD CHINA INTELLECTUAL PROPERTY
                                             LAW (USA) OFFICE, INC. and
                                             Counterclaim Defendant LYNN WANG


## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 6,411 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of authorities, signature block, and any certificates of counsel.

Respectfully submitted,

Dated: April 5, 2013                  By:    /s/ Jack Russo
                                             Jack Russo (Or. Bar No. 991992)

                                             Attorney for Plaintiff
                                             AFD CHINA INTELLECTUAL PROPERTY
                                             LAW (USA) OFFICE, INC. and
                                             Counterclaim Defendant LYNN WANG