Christopher E. Hawk, OSB #061635
Gordon & Rees LLP
121 SW Morrison Street, Suite 1575
Portland, OR 97204
Tel: (503) 222-1075
Fax: (503) 616-3600
Email: chawk@gordonrees.com

Glenn Westreich *(Pro Hac Vice)*
Aimee Furness *(Pro Hac Vice)*
Haynes and Boone, LLP
2033 Gateway Place, Suite 300
San Jose, CA 95110
Tel: (408) 660-4151
Email: glenn.westreich@haynesboone.com
       aimee.furness@haynesboone.com

Attorneys for AFD China Intellectual Property Law Office
and AFD China Intellectual Property LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC.,** an Oregon corporation,<br><br>    Plaintiff,<br><br>-vs-<br><br>**AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE,** a Chinese Corporation,<br><br>    Defendant,<br><br>**AFD CHINA INTELLECTUAL PROPERTY LLC**, a Maryland limited liability company,<br><br>    Counterclaim Plaintiff,<br><br>-vs-<br><br>**LEI WANG, a/k/a LYNN WANG**,<br><br>    Third Party Counterclaim Defendant. | Case No.: 3:09-CV-1509-BR<br><br>**AFD CHINA'S AND AFD LLC'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE THE DECLARATIONS OF LYNN WANG AND JACK RUSSO FILED IN SUPPORT OF AFD USA'S OPPOSITION IN RESPONSE TO AFD CHINA'S AND AFD LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**Request for Oral Argument** |

AFD China Intellectual Property Law Office ("AFD China") and AFD China Intellectual Property LLC ("AFD LLC") submit this Memorandum in Support of their Motion to Strike the Declarations of Lynn Wang and Jack Russo Filed In Support of AFD China Intellectual Property Law (USA) Office, Inc.'s ("AFD USA") Opposition in Response to AFD China's and AFD LLC's Motion for Partial Summary Judgment.

## I.
## INTRODUCTION

On January 11, 2013, the Court set out the deadlines for dispositive motions in this case.[1] In particular, the Court ordered that all opposition to any dispositive motions filed on April 5, 2013 must be filed by April 26, 2013. While AFD USA managed to get an "incomplete draft" of its opposition to AFD China and AFD LLC's Motion for Summary Judgment on file on April 26, the declarations and evidence filed in support of AFD USA's opposition – notably the declarations of Lynn Wang and Jack Russo – were not filed until April 27.

This is not the first time that AFD USA has failed to follow the very basic rules of civil procedure and the District of Oregon's Local Rules. In fact, since AFD USA retained Computerlaw Group LLP in April 2012, it has been AFD USA's practice to file documents with the Court as close to 11:59 PM as possible. AFD USA never provides a plausible excuse for these late night filings. AFD China and AFD LLC can only conclude that AFD USA's late-night filings are an act of gamesmanship in an effort to provide AFD China and AFD LLC with the least amount of time possible to respond to AFD USA's filings.

However, when a party chooses to play games with the filing deadlines instituted by the local rules, it accepts the risk – and also the consequences – that it may end up filing documents after the deadline. AFD USA has repeatedly missed this deadline in the past. However, since

---

[1] Order, ECF No. 174, entered January 11, 2013.

**AFD CHINA'S AND AFD LLC'S MEMORANDUM ISO THEIR MOTION**     1
**TO STRIKE THE DECLARATIONS OF LYNN WANG AND JACK RUSSO**
D-2164053.1

this violation occurred during the dispositive phase of the case, it is AFD USA's most egregious violation yet. Therefore, AFD USA must accept the consequences of its gamesmanship, and Ms. Wang's and Mr. Russo's declarations in support of AFD USA's opposition should be struck from the record.[2]

## II.
## ARGUMENTS AND AUTHORITIES

### A.  Ms. Wang's and Mr. Russo's declarations were untimely filed.

The Federal Rules of Civil Procedure grant the Court significant flexibility in setting the deadlines for motions, responses and supporting affidavits.[3] In this case, the Court ordered that all opposition to dispositive motions filed on April 5, 2013 must be on file by April 26, 2013.[4] In addition, Local Rule 5-1(c) states that the "filing deadline for *any document* is 11:59 p.m. (Pacific Time) on the day the document is required to be filed."[5] Because AFD China's and AFD LLC's Motion for Partial Summary Judgment (ECF No. 197) was filed on April 5, 2013, any opposition filed by AFD USA had to be on file by 11:59 PM on April 26.

In addition, Federal Rule of Civil Procedure 6(c)(2) requires any affidavit supporting a motion to be served with that motion. When a party seeks to file an affidavit or declaration after the time for doing so has passed, that party is required as a matter of procedural law to file a

---

[2] AFD China and AFD LLC also object to various statements made by Ms. Wang and Mr. Russo in their respective declarations, as well as the exhibits attached to those declarations. AFD China and AFD LLC's more specific objections are contained in their Reply Memorandum in Support of their Motion for Partial Summary Judgment, filed concurrently with this motion.

[3] *See* Fed. R. Civ. P. 6.

[4] ECF No. 174 at p. 2.

[5] LR 5-1(c) (emphasis added).

motion for leave to do so.[6]  The Court may grant leave if the party failed to act because of excusable neglect.[7]

Ms. Wang's declaration – according to the notice of electronic filing received by AFD China's counsel – was not filed until 12:13 AM on April 27, 2013.[8]  Mr. Russo's declaration was not filed until 12:18 AM.[9]  AFD USA did not seek leave from the Court to file either of these declarations late, and the Court never issued any order permitting AFD USA, Ms. Wang, or Mr. Russo to submit their declarations and exhibits late.  Therefore, Ms. Wang's and Mr. Russo's declarations – and all exhibits attached to those declarations – should be struck as untimely.

### B. AFD USA's repeated failure to timely file documents prevents any finding of "excusable neglect."

While AFD USA did not seek leave to file its declarations late, its repeated untimely filings bar any finding of "excusable neglect."  In determining whether the neglect will be considered "excusable", the Court may take account of all relevant circumstances surrounding the omission, including the danger of prejudice to the nonmoving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith.[10]  The repeated untimely filings by AFD USA establish that AFD USA failed to act in good faith.

---

[6] Fed. R. Civ. P. 6(b)(1)(B).  *See also Clackmas County v. Midwest Employers Cas. Co.*, No. CV 07-780-PK, 2010 WL 5391577, at *7 (D. Or. Dec. 22, 2010).

[7] *Id.*

[8] Notice of Electronic Filing.  A copy of the notice is attached to the Declaration of Aimee Furness (the "Furness Dec.") as Exhibit "1."  AFD China and AFD LLC respectfully request that the Court take judicial notice of all notices of electronic filing cited in support of this motion.

[9] Furness Dec., Exhibit "2."

[10] *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993).

**AFD CHINA'S AND AFD LLC'S MEMORANDUM ISO THEIR MOTION
TO STRIKE THE DECLARATIONS OF LYNN WANG AND JACK RUSSO**
D-2164053.1

3

This is not the first time that AFD China and AFD LLC have complained about AFD USA's untimely filings.  When AFD USA and Ms. Wang filed their reply brief in support of their motion to compel arbitration (ECF No. 94), the supporting declarations of Ms. Wang (ECF No. 95) and Mr. Russo (ECF No. 96) were filed at 12:01 AM and 12:03 AM respectively the following day.[11]  When AFD USA and Ms. Wang filed a Motion to Compel on November 26, 2012 (ECF No. 145), they failed to timely file a supporting declaration from Professor Jianwen Liu (ECF No. 148, filed at 12:01 AM).[12]  Perhaps most notably, when a prior dispositive motion deadline was set for January 14, 2013, AFD USA filed the entirety of its initial Motion for Partial Summary Judgment – including the memorandum and supporting declarations – on January 15.[13]

AFD USA has not provided any valid excuse regarding its repeated untimely filings.  All the filing deadlines referenced above had been set weeks in advance either through scheduling orders or the Local Rules.  Nothing is preventing AFD USA from making its filings earlier in the day – as AFD China regularly does.  AFD USA's repeated failure to meet deadlines can only be interpreted as its way of gaming the system.  Such gaming cannot be considered good faith – as it is neither fair to the other parties in this case or the Court.  It is time for the Court to put an end to AFD USA's and Ms. Wang's games and strike Mr. Russo's and Ms. Wang's declarations.

### III.
### PRAYER

WHEREFORE, AFD China and AFD LLC respectfully request that the Court grant their Motion to Strike the Declarations of Lynn Wang and Jack Russo filed in Support of AFD USA's

---

[11] Furness Dec., Exhibit "3."

[12] Furness Dec., Exhibit "4."  Not only was the Liu declaration untimely filed, but AFD USA had to file a "corrected" declaration two days later.  *See* ECF No. 149, filed November 29, 2012.

[13] Furness Dec., Exhibit "5."

**AFD CHINA'S AND AFD LLC'S MEMORANDUM ISO THEIR MOTION**
**TO STRIKE THE DECLARATIONS OF LYNN WANG AND JACK RUSSO**
D-2164053.1

4

Opposition in Response to AFD China's and AFD LLC's Motion for Partial Summary Judgment. AFD China and AFD LLC further request that the Court grant them all such other and further relief to which they are justly entitled.

| | |
|---|---|
| Dated: May 17, 2013 | */s/ Aimee M. Furness* |
| | Christopher E. Hawk, OSB #061635 |
| | Gordon & Rees LLP |
| | 121 SW Morrison Street, Suite 1575 |
| | Portland, Oregon 97204 |
| | |
| | Glenn Westreich *(Pro Hac Vice)* |
| | Aimee Furness *(Pro Hac Vice)* |
| | Haynes and Boone, LLP |
| | 2033 Gateway Place, Suite 300 |
| | San Jose, California 95110 |
| | |
| | ATTORNEYS FOR AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE and AFD CHINA INTELLECTUAL PROPERTY LLC |

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of AFD China's and AFD LLC's Memorandum in Support of their Motion to Strike the Declarations of Lynn Wang and Jack Russo Filed in Support of AFD USA's Opposition in Response to AFD China's and AFD LLC's Motion for Partial Summary Judgment has been served on all counsel of record, as indicated below, on this 17th day of May, 2013.

| | |
|---|---|
| Jack Russo<br>Ansel Halliburton<br>Computerlaw Group LLP<br>401 Florence Street<br>Palo Alto, California 94301 | *Via Email* |

                                                   */s/ Aimee M. Furness*
                                                   Aimee M. Furness