IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AFD CHINA INTELLECTUAL
PROPERTY LAW (USA) OFFICE,
INC.,

        3:09-cv-1509-BR

    Plaintiff,

v.                                  ORDER

AFD CHINA INTELLECTUAL
PROPERTY LAW OFFICE,

    Defendant.
_____

AFD CHINA INTELLECTUAL
PROPERTY, LLC,

   Counterclaim Plaintiff,

v.

LEI WANG, a/k/a LYNN WANG,

   Third-Party Counterclaim
   Defendant.

1  -  ORDER

**ANSEL J. HALLIBURTON**
**GIACOMO A. RUSSO**
ComputerLaw Group LLC
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800

        Attorneys for Plaintiff
        and Counterclaim Defendant

**AMY M. FURNESS**
**GLENN WESTREICH**
**INCHAN A. KWON**
Haynes and Boone LLP
2033 Gateway Place
Suite 300
San Jose, CA 95110
(408) 660-4121

**CHRISTOPHER E. HAWK**
Gordon & Reese LLP
121 S.W. Morrison Street
Suite 1575
Portland, OR 97204
(503) 222-1075

        Attorneys for Defendant
        and Counterclaim Plaintiff

**BROWN, Judge.**

    This matter comes before the Court on the Motion (#201) for Summary Adjudication of Issues and Partial Summary Judgment filed by AFD China Intellectual Property Law (USA) Office, Inc. (AFD USA); the Motion (#197) for Partial Summary Judgment filed by AFD China Intellectual Property Law Office and AFD China Intellectual Property, LLC (collectively referred to herein as AFD China); AFD USA's Request (#196) for Judicial Notice; and AFD China's Motion (#214) to Strike the Declarations of Lynn Wang and Jack Russo

2    - ORDER

filed in AFD USA's Opposition to AFD China's Motion for Partial Summary Judgment.  The Court also notes AFD China's alternative evidentiary objections raised in AFD China's Opposition (#206) to AFD USA's Motion for Partial Summary Judgment and Reply (#218) in support of its Motion.  The Court heard oral argument on July 29, 2013.

At oral argument counsel for AFD USA emphasized particularly the importance to AFD USA of the three cooperation agreements between the parties dated December 30, 2004 (the December 30 Agreement); December 31, 2004 (the December 31 Agreement); and November 29, 2005 (the Cooperation Agreement) and requested the Court consider them in light of the oral argument before ruling on the parties' Motions.  The Court acknowledges receipt of copies of those Agreements from AFD USA's counsel on July 29, 2013, including the December 31 Agreement, which was not previously filed in the record in this case.

The Court notes counsel for AFD China objected by email to the Court's consideration of the copies of the three Agreements pursuant to Federal Rules of Evidence 604 and 901 because the copies are not certified translations of the original Chinese-language agreements and the December 31 Agreement is untimely.  On July 30, 2013, in response to AFD China's objections, counsel for AFD USA emailed to the Court a certified translated copy of the December 31 Agreement.

3   - ORDER

Although the Court has now reviewed all of these Agreements in the forms submitted on July 29, 2013, and July 30, 2013, the Court, nevertheless, concludes the December 30 Agreement and December 31 Agreement do not have any probative bearing on the Court's analysis of the issues presented in the parties' Motions because the Cooperation Agreement superseded these two prior Agreements as stipulated by the parties in Paragraph 15 of their Joint Statement of Agreed Facts (#166).

Having completed its consideration of the record and the parties' arguments as to these Motions, the Court rules as follows:

**1.  Cross-Motions (#197, #201) for Partial Summary Judgment on the issues of ownership, abandonment, and fraud**

To the extent that each of the parties seek summary judgment as to the parties' claims and defenses concerning ownership or abandonment of the AFD Mark (the Mark) (including the allegation that AFD USA obtained the Mark by fraud), the Court finds neither party has made the necessary showing that the pertinent, material facts are undisputed.  The Court, therefore, concludes on this record neither party is entitled to summary judgment as to these issues.  Accordingly, the Court **DENIES** AFD USA's Motion (#197) and **DENIES** AFD China's Motion (#201) as to these issues.

**2.  AFD China's Motion (#197) for Partial Summary Judgment as to AFD USA'S Claims 5 and 6**

To the extent that AFD China seeks summary judgment as to

4  - ORDER

AFD USA's Claim 5 (Unjust Enrichment) and Claim 6 (Intentional Interference with Economic Relations) and viewing the facts in the light most favorable to AFD USA as the nonmoving party, the Court finds the alleged conduct and transactions underlying these common-law claims are subsumed by the Cooperation Agreement, and, therefore, AFD China is entitled to summary judgment in its favor on these claims.

Accordingly, the Court **GRANTS** AFD China's Motion (#197) as to AFD USA's Claims 5 and 6.

3. **AFD China's Motion (#197) for Partial Summary Judgment as to AFD USA's Claims 7-11**

To the extent that AFD China seeks summary judgment as to AFD USA's alternative Claims 7-11, which are all premised on the existence of an alleged joint venture, and viewing the facts in the light most favorable to AFD USA, the Court concludes AFD USA has not shown sufficient evidence from which a rational juror could find a joint venture existed, and, therefore, AFD China is entitled to summary judgment in its favor on these claims.

Accordingly, the Court **GRANTS** AFD China's Motion (#197) as to AFD USA's Claims 7-11.

4. **AFD China's Motion (#214) to Strike and alternative evidentiary objections**

In light of these rulings, AFD USA'S Request (#196) for Judicial Notice, AFD China's Motion (#214) to Strike the Depositions of Lynn Wang and Jack Russo, AFD China's alternative

5 - ORDER

evidentiary objections contained in its Opposition (#206) to AFD USA's Motion for Partial Summary Judgment and Reply (#218) in support of its Motion, and AFD China's objections to the copies of the three Agreements submitted by AFD USA are **DENIED as moot**, as to the pending Motions, but these arguments may be renewed at the Pretrial Conference.

    IT IS SO ORDERED.

    DATED this 31st day of July 2013.

                                            /s/ Anna J. Brown

                                            ANNA J. BROWN
                                            United States District Judge