JACK RUSSO (State Bar No. 991992)
ANSEL HALLIBURTON (*Pro Hac Vice*)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863
E-mail: jrusso@computerlaw.com
      ahalliburton@computerlaw.com

Attorney for Plaintiff and Third Party Counterclaim Defendants
AFD USA and LYNN WANG

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC., an Oregon corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE, a Chinese Corporation,<br><br>   Defendant, | Case No.: 3:09-CV-1509-BR<br><br>**DECLARATION OF JACK RUSSO RE: AFD CHINA'S MOTION TO EXTEND DEADLINES** |
| AFD CHINA INTELLECTUAL PROPERTY LLC, a Maryland limited liability company,<br><br>   Counterclaim Plaintiff<br><br>   v.<br><br>LEI WANG, a/k/a LYNN WANG,<br><br>   Third Party Counterclaim Defendant. | |

I, Jack Russo, declare under penalty of perjury as follows:

1. My name is Giacomo Russo, but I go by and have gone by "Jack Russo" for most of my life. I am and have been and continue to be licensed in good standing with the State Bar of Oregon with State Bar Number 991992. I have over 30 years of experience in civil litigation matters. I serve *pro bono* to the Federal Courts as a federal mediator, arbitrator, and neutral evaluator.

2. I make the statements herein based on my personal knowledge, except where set forth on information and belief, which statements I believe to be true, and I could and would competently testify thereto if called as a witness.

3. I asked my associate, Ansel Halliburton, to meet and confer with Ms. Furness regarding AFD China's requested extension of expert discovery deadlines.

4. I was not even aware that Ms. Furness had called, as I was in meetings and in Los Angeles last week on a case pending in the Federal Court there before Judge Kronstadt. I returned from Los Angeles late Friday night (after 10 p.m. Pacific time).

5. I was surprised to learn this weekend that what should have been a routine meet-and-confer between Ms. Furness and Mr. Halliburton did not happen; and I was further surprised to learn that counsel for AFD China had filed a motion (Dkt. 253), and that the Court had already issued an Order (Dkt. 256). I hereby affirm that I never received a phone call on my cell phone or otherwise either from Ms. Furness or from lead counsel, Mr. Glenn Westreich. I know Mr. Westreich has my cell number as we have had a number of calls on a cellphone-to-cellphone basis with each other. None occurred by him last week to me as a way to head off this new motion.

6. On Sunday, November 24, at 1:16 p.m., I sent an email to Mr. Glenn Westreich asking that he contact me to resolve this matter quickly. My prior communications with Mr. Westreich have been cordial, so I was hopeful that reaching out to him might be more likely to yield a

positive result that would avoid having the Court spend its time on AFD China's motion. A copy of this email to Mr. Westreich is attached as **Exhibit 1**.

7.      Having not heard back from Mr. Westreich, I called him on Monday morning (November 25). I reached Mr. Westreich, and I spoke with him for about 30 minutes until nearly 10 a.m.

8.      During that call, we worked out the general parameters of a proposed stipulation. After several further rounds of email exchanges, what the Court received on Monday (and it should have gotten there even before noon but it was in the hands of defense counsel's word processing) was the Stipulation that we reached.  I can say unequivocally that I do not doubt that had Mr. Westreich called me directly or even asked me to call him **before** the motion was filed by his associate (Ms. Aimee Furness), I am sure we would have reached resolution on Friday without the Court's intervention.

9.      I do believe, based on our call together, that Mr. Westreich and I do now have a protocol that if there is some failure of communication, each of us as lead trial counsel in this case clearly has the cell phone number of the other, and we each committed (if not directly then implicitly so) to make direct connection with each other. I believe this will prevent any failure of this type from re-occurring.

10.     I apologize to the Court that this occurred, and I commit to not having it occur again. I also apologize that we did not file the materials that we had ready to file on Monday (and that we are now quickly filing today in light of Your Honor's Order, Dkt. 259) as we did not file them believing that the Court would simply see that the matter was resolved by the Stipulation that was filed (Dkt. 257). I apologize too as to our misunderstanding of the previous Order and hope that this declaration as well as that of my associate, Mr. Halliburton, explains fully what occurred here and that it will not or should not re-occur in the future.

11.     Mr. Halliburton and I both remain available to answer the Court's questions, if desired, including by video conference.

I declare, under penalty of perjury under the laws of the State of Oregon and the United States that the foregoing is true and correct.

Dated: November 27, 2013                              By:     s/ Jack Russo
                                                                      Jack Russo