Jack Russo (Oregon Bar No. 991992)
Ansel Halliburton (*Pro Hac Vice*)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800
(650) 327-3737 fax
jrusso@computerlaw.com
ahalliburton@computerlaw.com

Attorneys for Plaintiff AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC. and Third Party Counterclaim Defendant LYNN WANG

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC., an Oregon corporation, <br><br>      Plaintiff/Counterclaim Defendant, <br><br>      v. <br><br> AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE, a Chinese corporation, <br><br>      Defendants/Counterclaim Plaintiff. | Case No. 3:09-CV-1509-BR <br><br> **AFD USA'S MOTION FOR LEAVE TO FILE NEW SUMMARY JUDGMENT CROSS-MOTIONS BASED ON RECENT NINTH CIRCUIT CASE LAW** <br><br> **Oral Argument Requested** |
| AFD CHINA INTELLECTUAL PROPERTY LLC, a Maryland limited liability company, <br><br>      Counterclaim Plaintiff, <br><br>      v. <br><br> LEI WANG, a.k.a. LYNN WANG, <br><br>      Third Party Counterclaim Defendant. | |

<u>**CERTIFICATION UNDER LR 7-1**</u>

The parties made a good faith effort through telephone conferences to resolve the dispute and have been unable to do so.

**INTRODUCTION**

AFD USA respectfully requests that the Court grant leave to file concise (under 5 pages each) cross-motions for summary judgment based on very recent Ninth Circuit case law. The parties have already stipulated to a short extension of expert discovery, and the Court has not yet set a new trial date, so these motions will not prejudice the Court's efforts to usher this case toward resolution. Instead, the motions are a new opportunity for the Court to dispose of the case before trial, saving both the Court and the parties substantial time and resources. Granting this motion is thus a wise exercise of the Court's case management discretion.

**I.  THE COURT SHOULD ALLOW BRIEFING ON RECENT AND POTENTIALLY OUTCOME DETERMINATIVE NINTH CIRCUIT CASE LAW.**

AFD USA requests leave to file concise summary judgment motions around two recent Ninth Circuit cases: *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 2013 U.S. App. LEXIS 22517; 2013 WL 5928356 (9th Cir. Aug. 29, 2013) and *Hana Financial, Inc. v. Hana Bank*, 2013 U.S. App. LEXIS 23507, 2013 WL 6124588, No. 11-56678 (9th Cir. Nov. 22, 2013). Copies of both cases are attached for the Court's convenience. AFD USA has suggested to AFD China that both parties could file cross-motions. Russo Declaration at ¶¶ 3–7. Although AFD China declined that suggestion, AFD USA does not oppose that approach should the Court desire it.

In the *Seven Arts* case, the Ninth Circuit held that "an untimely ownership claim will bar a claim for copyright infringement where the gravamen of the dispute is ownership, at least where, as here, the parties are in a close relationship." 2013 U.S. App. LEXIS 22517 at *10–11. Here, AFD USA and AFD China each contend they own the "AFD" mark, and that the other has infringed it. This recent Ninth Circuit authority may preclude AFD China from asserting its counterclaim against AFD USA for trademark infringement because of delays in AFD China's

asserting ownership of the mark. If so, the Court could effect a substantial narrowing of the case by granting partial summary judgment in AFD USA's favor on AFD China's counterclaims.

The *Hana* case presents the issue of abandonment and tacking—whether use of one mark carries over to a different mark for the purposes of determining priority of trademark use and avoidance of abandonment. In *Hana*, the Ninth Circuit affirmed a District Court's denial of the losing party's motion for judgment as a matter of law after a jury's verdict that tacking applied and gave the winning party priority rejecting the losing party's contentions of abandonment as well. 2013 U.S. App. LEXIS 23507 at *20–21. Both issues are very much present here. Indeed, in this case, the parties dispute priority of use, and *Hana* may give the Court new guidance for resolving that dispute—which is potentially outcome determinative if not case dispositive.

## II. THE PARTIES WILL RELY LARGELY IF NOT ENTIRELY ON THE EXISTING RECORD, AND BRIEFING WILL BE CONCISE.

Because the Court already has the benefit of substantial briefing in the parties' previous summary judgment motions (Dkt. 197–230), these two Ninth Circuit cases could be briefed very efficiently in less than 5 pages each, and with minimal burden on either the parties or the Court—but for a very substantial potential savings in trial time for the parties, their counsel, and the Court. Russo Declaration at ¶ 11.

## CONCLUSION

The Court should grant AFD USA's motion and set a shortened briefing schedule for cross-motions for summary judgment on the two Ninth Circuit cases discussed above. AFD USA makes this request in the spirit of Rule 1 of the Federal Rules of Civil Procedure, which, of course, emphasizes "the just, speedy, and inexpensive determination" of litigation in the Federal Courts. The scheduling can be done such that any hearings which the Court would otherwise set in February can be consolidated with the hearing on this motion.

                                              Respectfully submitted,

Dated: December 10, 2013        By:    /s/ Jack Russo
                                                          Jack Russo (Or. Bar No. 991992)

                                                            Attorney for Plaintiff
                                                            AFD CHINA INTELLECTUAL PROPERTY
                                                            LAW (USA) OFFICE, INC. and
                                                            Counterclaim Defendant LYNN WANG


### CERTIFICATE OF COMPLIANCE

      This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 656 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of authorities, signature block, and any certificates of counsel.

Dated: December 10, 2013        By:    /s/ Jack Russo
                                                            Jack Russo (Or. Bar No. 991992)

                                                            Attorney for Plaintiff
                                                            AFD CHINA INTELLECTUAL PROPERTY
                                                            LAW (USA) OFFICE, INC. and
                                                           Counterclaim Defendant LYNN WANG