JACK RUSSO (State Bar No. 991992)
ANSEL HALLIBURTON (*Pro Hac Vice*)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863
E-mail: jrusso@computerlaw.com
         ahalliburton@computerlaw.com

Attorney for Plaintiff and Third Party Counterclaim Defendants
AFD USA and LYNN WANG

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC., an Oregon corporation,<br><br>　　Plaintiff,<br><br>　　v.<br><br>AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE, a Chinese Corporation,<br><br>　　Defendant, | Case No.: 3:09-CV-1509-BR<br><br><br>**DECLARATION OF JACK RUSSO IN SUPPORT OF AFD USA'S MOTION FOR LEAVE TO FILE A MOTION FOR SUMMARY JUDGMENT RE: NEW NINTH CIRCUIT CASE LAW** |
| AFD CHINA INTELLECTUAL PROPERTY LLC, a Maryland limited liability company,<br><br>　　Counterclaim Plaintiff<br><br>　　v.<br><br>LEI WANG, a/k/a LYNN WANG,<br><br>　　Third Party Counterclaim Defendant. | |

I, Jack Russo, declare under penalty of perjury as follows:

1.  My name is Giacomo Russo, but I go by and have gone by "Jack Russo" for most of my life. I am and have been and continue to be licensed in good standing with the State Bar of Oregon with State Bar Number 991992. I have over 30 years of experience in civil litigation matters. I serve *pro bono* to the Federal Courts as a federal mediator, arbitrator, and neutral evaluator.

2.  I make the statements herein based on my personal knowledge, except where set forth on information and belief, which statements I believe to be true, and I could and would competently testify thereto if called as a witness.

3.  On Sunday, November 24, at 1:16 p.m., I sent an email to Mr. Glenn Westreich (counsel for AFD China). In addition to then-pending issues related to extending expert discovery deadlines, I also raised with Mr. Westreich the idea of agreeing to a joint approach for bringing newly decided Ninth Circuit case law to the Court's attention in a set of coordinated, concise cross-motions for summary judgment. My hope—which I communicated to Mr. Westreich—was that these new Ninth Circuit cases presented an opportunity to resolve or narrow this case ahead of what promises to be a lengthy and costly trial, and that AFD China would agree to that approach. My November 24 email to Mr. Westreich is attached as **Exhibit 1**.

4.  I spoke with Mr. Westreich for about 30 minutes the morning of Monday, November 25. Fortunately, we reached a stipulation regarding the expert discovery deadline issue, which was filed jointly that day. Dkt. 257. Mr. Westreich and I also discussed my suggested approach to briefing the Ninth Circuit cases, and he told me he would think about it.

5.  At 12:29 p.m. on Wednesday, November 27, I circulated by email a draft of a Joint Motion for Leave to File New Summary Judgment Cross-Motions Based on Recent Ninth Circuit Case Law, and a draft proposed order. I requested that Mr. Westreich review the case, and that AFD China agree to make a joint request that this Court allow a very streamlined briefing process for the purposes of bringing these two recent cases to the Court's attention on a

new motion for summary judgment. This email and its attachments are attached here as **Exhibit 2**.

6.  Exactly 32 minutes later, Ms. Aimee Furness rejected my proposal out of hand and with essentially no explanation. Apart from her automatic email signature, the full text of Ms. Furness's email is:

> No thanks, Jack.
> We will not agree.
>
> Aimee

Ms. Furness's email is attached as **Exhibit 3**.

7.  On Monday, December 2, 2013, I emailed Mr. Westreich, with whom I have had cordial and productive communications throughout this case, to further confer in the hope that a joint approach might still be reached. Unfortunately, Mr. Westreich also declined my suggested joint approach, and I told Mr. Westreich that AFD USA would file its motion for leave without AFD China. My inquiry and Mr. Westreich's rejection are also attached in Exhibit 3.

8.  As I explained in my emails described above and previously on the phone to Mr. Westreich, the Ninth Circuit's recently-issued opinion in *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 2013 U.S. App. LEXIS 22517; 2013 WL 5928356 (9th Cir. Aug. 29, 2013) provides, in my view, controlling authority under which this Court could dispose of most of this case—by holding, as a matter of law on undisputed facts, that AFD China is barred from asserting ownership of the "AFD" mark for failure to timely assert that purported ownership under the principles set forth by the Ninth Circuit in its opinion.

9.  The other recent Ninth Circuit case, *Hana Financial, Inc. v. Hana Bank*, 2013 U.S. App. LEXIS 23507, 2013 WL 6124588, No. 11-56678 (9th Cir. Nov. 22, 2013), presents the issues of abandonment and tacking—whether use of one mark carries over to a different mark for the purposes of determining priority of trademark use and avoidance of abandonment. Both issues are very much present here. Indeed, in this case, the parties dispute priority of use, and *Hana*

may give the Court new guidance for resolving that dispute—which is potentially outcome determinative if not case dispositive.

10. Copies of both the *Seven Arts* and *Hana* cases are attached as **Exhibits 4 and 5**.

11. Because the Court already has the benefit of substantial briefing in the parties' previous summary judgment motions, I believe these issues could be briefed very efficiently in less than 10 pages with minimal burden on either the parties or the Court, and for a very substantial savings in trial time for the parties, their counsel, and the Court—all in the spirit of Rule 1 of the Federal Rules of Civil Procedure, which, of course, emphasizes "the **just, speedy, and inexpensive** determination" of litigation in the Federal Courts (emphasis added).

12. I do believe that the Court should consider allowing this single further motion for summary judgment to be heard at the Court's convenience this month or very early next year.

I declare, under penalty of perjury under the laws of the State of Oregon and the United States that the foregoing is true and correct.

Dated: December 10, 2013                    By:    s/ Jack Russo
                                                    Jack Russo