Christopher E. Hawk, OSB #061635
Gordon & Rees LLP
121 SW Morrison Street,
Suite 1575
Portland, OR 97204
Tel: (503) 222-1075
Fax: (503) 616-3600
Email: chawk@gordonrees.com

Glenn Westreich *(Pro Hac Vice)*
Aimee Furness *(Pro Hac Vice)*
Haynes and Boone, LLP
2033 Gateway Place, Suite 300
San Jose, CA 95110
Phone: (408) 660-4151
Email: glenn.westreich@haynesboone.com
      aimee.furness@haynesboone.com

Attorneys for AFD China Intellectual Property
Law Office and AFD China Intellectual
Property LLC

Jack Russo, OSB #991992
Ansel Halliburton *(Pro Hac Vice)*
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863
Email: jrusso@computerlaw.com
      ahalliburton@computerlaw.com

Attorneys for Plaintiff AFD China Intellectual
Property Law (USA) Office, Inc. and Third
Party Counterclaim Defendant Lynn Wang

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC., an Oregon corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE, a Chinese Corporation,<br><br>    Defendant, | Case No.: 3:09-CV-1509-BR<br><br>**[PROPOSED] Pretrial Order**<br><br>Pretrial<br>Conference:   March 21, 2014<br>Trial:   March 24, 2014<br>Judge:   Hon. Anna J. Brown |
| AFD CHINA INTELLECTUAL PROPERTY LLC, a Maryland limited liability company,<br><br>    Counterclaim Plaintiff<br><br>    v.<br><br>LEI WANG, a/k/a LYNN WANG,<br><br>    Third Party Counterclaim Defendant. | |

**[PROPOSED] PRETRIAL ORDER**
D-2244717.2

The undersigned parties through their respective counsel hereby submit the following Joint Final Pre-Trial Order pursuant to the Guidelines for Trial and Final Pretrial Conference in Civil Jury Cases, as well as this Court's Local Rules.

## I. Nature of the Action

This dispute arises from a business relationship between two companies, AFD China Intellectual Property Law (USA) Office, Inc. ("AFD USA") and AFD China Intellectual Property Law Office ("AFD China"). After the Court's summary judgment ruling, all remaining claims (and counterclaims) relate to the ownership and infringement of the "AFD" trademark (the "AFD Mark"). Both parties claim ownership of the "AFD" trademark, and bring both federal and common-law trademark and unfair competition claims, as well as claims for declaratory relief. Trial will be by a jury; no party consented to trial by a Magistrate Judge.

## II. Jurisdiction

This action (this "Federal Action") arises under both federal trademark law, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), and state and common law, including the laws of the State of Oregon. This Court has subject matter jurisdiction (a) for the declaratory judgment claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338, and on principles of pendent jurisdiction; and (b) for the trademark infringement and unfair competition claims under 28 U.S.C. § 1338. The Court additionally has diversity jurisdiction under 28 U.S.C. § 1332 because this is a civil action between a citizen of Oregon and a citizen of a foreign state in which the amount in controversy exceeds $75,000, exclusive of interests and costs, as well as supplemental jurisdiction under 28 U.S.C. § 1367(a). The parties do not dispute the Court's subject matter jurisdiction or its personal jurisdiction over all parties to this Federal Action. The parties also agree that venue is proper in the United States District Court for the District of Oregon, Portland Division.

### III. Agreed Facts

The parties agree to the following stipulations and uncontested facts:

1. AFD China is a corporation organized and existing under the laws of the People's Republic of China (the "PRC") having a principal place of business in Beijing, China.

2. AFD China is licensed and authorized to perform intellectual property services on behalf of foreign clients before various intellectual property agencies in the PRC.

3. AFD USA is a corporation organized and existing under the laws of the State of Oregon. Ms. Wang is a Chinese citizen educated in the United States, living in the United States, with the right to work in the United States.

4. Ms. Wang is the sole shareholder, officer, and director of AFD USA. Ms. Wang has sole control of the management and business of AFD USA. Throughout the events that are the subject matter of this case, AFD USA acted principally through Ms. Wang.

5. Ms. Wang is not a patent agent in the PRC. Ms. Wang is also not licensed to practice law in the United States and is not registered as a patent agent with the United States Patent and Trademark Office (the "USPTO"). AFD USA cannot – on its own – provide legal services to clients in the United States or China.

6. No employees of AFD USA are or were licensed to practice law by any state bar association. Although Ms. Wang has associated with Chinese intellectual property firms such as AFD China prior to and since cooperating with AFD China, in all instances Ms. Wang bore her own business expenses, and shared in those Chinese partners' fees generated by billings to the clients.

7. Discussions between Ms. Wang and Ms. Zheng began in the Fall of 2004.

8. On December 13, 2004, AFD China registered the domain name www.afdip.com.

9. On December 14, 2004 Lynn Wang registered the domain name afdip-usa.com.

10. On December 15, 2004, Ms. Wang received a letter from AFD China offering her a position as partner and representative in the United States for AFD China. The letter expressly states, "[y]our start date with AFD China Intellectual Property Law Office is December 15, 2004."

11. When Ms. Wang notified her clients at her former firm, ANSEN Patent Law Office, that she was leaving, she identified her new firm as "AFD China Intellectual Property Law Office."

12. In December 2004, AFD China entered into a first cooperation agreement with Ms. Wang (the "December 30 Agreement"). The two parties to the December 30 Agreement were Lynn Wang and "AFD China Intellectual Property Law Office." The December 30 Agreement stated that AFD China and Ms. Wang would "register a limited-liability company named AFD China Intellectual Property Law (USA) Office, INC. in Oregon."

13. On or about December 31, 2004, Xia Zheng, the founder and principal of AFD China, personally entered into a second cooperation agreement with Ms. Wang (the "December 31 Agreement").

14. On or about November 29, 2005, AFD China and AFD USA entered into a cooperation agreement (the "Cooperation Agreement"). Ms. Wang executed the Cooperation Agreement on behalf of AFD USA. This was the first cooperation agreement between the parties that expressly included AFD USA.

15. The effective date of the Cooperation Agreement was on or about January 1, 2005.

16. The Cooperation Agreement superseded all prior agreements between AFD China, Xia Zheng, AFD USA, and Ms. Wang.

17. Under the Cooperation Agreement, all agency fees generated by a case or project were to be shared by AFD USA and AFD China on an equal (50-50) basis, net of government filing fees and occasional technical expert fees.

18. There was no agreement or practice between AFD China and AFD USA to share expenses. The Cooperation Agreement required each party to independently bear its own expenses.

19. * The December 30 Agreement as well as the December 31 Agreement allocated certain responsibilities between the respective parties.

20. In promotional materials utilized by Ms. Wang and AFD USA, AFD China's Beijing office was identified as AFD China's headquarters. AFD USA's Portland, Oregon office was identified as AFD China's local U.S. office.

21. On September 26, 2006, AFD USA filed a federal trademark application with the USPTO for the AFD Mark. The application indicated that the AFD Mark would be utilized for the provision of "Legal Services." The application states, on behalf of AFD USA, that the AFD Mark "was first used at least as early as 03/01/2005."

22. * On May 15, 2007, the USPTO published AFD USA's application for the AFD Mark in the *Trademark Office Gazette*.

23. On July 31, 2007, the USPTO issued AFD USA's application for the AFD Mark as Registration No. 3,270,951 (the "Federal Trademark Registration").

24. On November 17, 2008, AFD China applied to the United States Patent and Trademark Office to register the mark "AFD" on the Principal Register as a service mark in connection with "Legal Services." On February 17, 2009, the USPTO rejected AFD China's application because of a likelihood of confusion with the Federal Trademark Registration.

25. * On February 11, 2009, AFD USA filed a complaint in the First Intermediate People's Court of Beijing (the "Beijing Trial Court") entitled *AFD China Intellectual Property Law (USA) Office v. AFD China Intellectual Property Law Office*, Case No. (2009) Yi Zhong Min Chu Zi 4354 (the "PRC Trial Action") seeking damages for breach of the Cooperation Agreement.

26. * AFD USA's claims in the PRC Trial Action were that AFD China had wrongfully terminated the Cooperation Agreement and that as a result of that breach, AFD USA was entitled to its share of fees generated by completing the specific IP cases that it had sent to AFD China prior to the termination of the Cooperation Agreement.

27. * On December 18, 2009, the Beijing Trial Court ruled that "AFD China did not breach the Cooperation Agreement by terminating the agreement."

28. * The Beijing Trial Court also ruled that neither AFD USA nor AFD China had any further obligation to pay the other any share of fees collected from clients.

29. * On December 17, 2010, the Higher People's Court of Beijing affirmed the Beijing Trial Court's holding.

30. * On August 23, 2011, the Supreme People's Court of Beijing also affirmed the Beijing Trial Court's holding.

31. * Neither the PRC trial or appellate courts addressed the AFD Mark or its registration in the United States.

32. * On August 21, 2009, AFD China filed a suit against Ms. Wang in the Superior Court of California, County of Santa Clara (the "First California Suit").

33. * On December 4, 2009, Ms. Wang filed a Motion to Stay the First California Suit pending resolution of the PRC Trial Action. In her motion, Ms. Wang admitted that she and AFD USA are "substantially identical parties."

34. * On December 28, 2009, AFD USA filed lawsuits in the Superior Court of California (the "Second California Suit") and in this Court. Both suits contained claims for declaratory judgment, Lanham Act trademark infringement, Lanham Act unfair competition, common law trademark infringement and unfair competition, misappropriation of trade secrets, unjust enrichment, intentional interference with economic relations, and conversion.

35. * On September 1, 2010, AFD USA dismissed the Second California Suit without prejudice and filed a Cross-Complaint (along with Ms. Wang) in the First California Suit.

36. * On December 21, 2011, AFD USA voluntarily dismissed without prejudice its Cross-Complaint claims in the First California Suit.

37. * AFD China and Ms. Wang appeared for trial in the First California Suit on January 10, 2012. At the trial judge's request, the parties spent the next two days working with the judge to resolve the dispute and reached a settlement agreement in principle on January 11. AFD China's and Ms. Wang's claims in the First California Suit were dismissed.

38. * Pursuant to the terms of the parties' settlement agreement in the First California Suit, AFD USA dismissed its claim for conversion in this matter and agreed not to assert any claim for payment on certain invoices listed in Exhibit C to the settlement agreement.

39. * On January 4, 2012, AFD USA and AFD China Intellectual Property, LLC ("AFD LLC") entered into a settlement agreement. In that agreement, AFD USA settled all claims against AFD LLC including claims for Lanham Act and common law trademark infringement, Lanham Act and common law unfair competition, misappropriation of trade secrets, unjust enrichment, intentional interference with economic relations, and conversion. AFD USA released all claims against AFD LLC with prejudice.

40. The ownership of the AFD Mark has not been decided by a judge or jury.

41. An actual controversy exists between AFD China and AFD USA as to the ownership of the AFD Mark and U.S. Trademark Registration No. 3,270,951 in connection with the provision of legal services in the United States.

42. AFD China was communicating with US clients as "AFD China" as early as January 2005.

43. AFD China began contracting with US clients as "AFD China" as early as January 2005.

44. The Cooperation Agreement identified AFD China as a company engaged in intellectual property services in China.

45. The Cooperation Agreement identifies AFD USA as a company that provides consulting services in the United States.

46. The Cooperation Agreement provided AFD China's approval of the registration of AFD USA as a consulting company in the United States.

47. The Cooperation Agreement required AFD USA to tell clients that AFD China was the party providing the client with legal services.

48. No provision of the Cooperation Agreement (or of any other prior agreement between the parties) covers the issue of which party would own the "AFD" trademark in the United States.

49. After the termination of the Cooperation Agreement, Ms. Wang affiliated with Pacific China for two months before affiliating with Peksung Intellectual Property.

50. In its USPTO trademark application for the AFD Mark, AFD USA included a specimen described as "promotional materials for applicant's services" (the "Specimen").

51. The Specimen states that "AFD Intellectual Property Law Office, a Chinese intellectual property firm, provides a full range of professional services in all areas of Intellectual Property in the People's Republic of China."

52. AFD USA has no one on staff that is licensed to practice law in the People's Republic of China. Without AFD China or another partner, AFD USA could not represent clients before the Chinese State Intellectual Property Office.

53. The Specimen goes on to state: "Each attorney brings his or her own unique skills and identity to the team." The Specimen also states: "We have a full-time staff of experienced patent and trademark attorneys and a professional team with modern information systems."

54. AFD USA had no attorneys on staff from the time of the filing of the Specimen to the present. AFD China has had patent and trademark attorneys on its staff from the time of the filing of the Specimen to the present.

55. The Specimen Ms. Wang presented under oath as applying to AFD USA goes on to state: "AFD China Intellectual Property Law Office is a private law firm based in China, with offices in the US."

56. At the time of the initial filing of this lawsuit, AFD USA had knowledge of the Beijing Trial Court's ruling in the PRC Trial Action.

57. On December 29, 2007, AFD China issued a letter stating that AFD China was terminating its relationship with AFD USA, that Lynn Wang was no longer associated with AFD China, and that all future correspondence should be directed to AFD China in Beijing.

58. Also on December 29, 2007, AFD China gave AFD USA a written notice to cease and desist usage of the AFD Mark.

59. AFD China's December 28, 2007 termination letter to AFD USA states that "Since you have no professional on your side, there exists the possibility that professional issues could not be exactly understood and messages could be wrongly forwarded." AFD

USA's certified Chinese translation of the same December 28, 2007 letter states: "Since your organization does not include any specialized personnel, there exists the possibility of an inability to comprehend specialized issues or for errors in transmissions."

60. AFD China's December 29, 2007 cease-and-desist letter to AFD USA states "Apparently, you are aware of our above use of the trade name AFD since we negotiated cooperation in December, 2004."

61. AFD China's December 29, 2007 cease-and-desist letter to AFD USA states: "We have just discovered that you registered our trademark AFD in USA (Filing Date: September 26, 2006, Serial Number 77008112, Publication Date: May 15, 2007, Registration Date: July 31, 200, Registration Number: 3270951)."

## IV. Previously Agreed Fact

The following fact was contained in the parties' "Second Joint Statement of Agreed Facts" Docket Number 195 filed March 22, 2013. AFD USA now contests the following fact:

1. As early as December 8, 2004, AFD China was using "AFD China" on its website.

<u>AFD USA</u> contests this fact based on multiple points of third party evidence. It is undisputed that neither the afdip.com nor the afdip-usa.com domain names were registered on December 8, 2004. They were registered on December 13 and 14, 2004, respectively.[1] The only other AFD China website in existence at the time was at the domain name anxinfonda.com. The Internet Archive captured a snapshot of the website at anxinfonda.com on February 9, 2005[2], and it uses the "Anxinfonda" trade name—not the "AFD" trade name. The document on which AFD

---

[1] See Agreed Facts Nos. 8 and 9 above; http://whois.domaintools.com/afdip.com (showing first registration of afdip.com on December 13, 2004); and https://whois.domaintools.com/afdip-usa.com (showing first registration of afdip-usa.com on December 14, 2004)
[2] https://web.archive.org/web/20050209163958/http://www.anxinfonda.com/ (archived Anxinfonda website as of February 9, 2005)

**[PROPOSED] PRETRIAL ORDER**　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 9
D-2245060.1

China relies in support of this alleged fact is an email from Ms. Wang to a third party. Ms. Wang includes marketing text that she describes as being from "their current website", *i.e.*, AFD China's current website. However, based on the above information, that is not possible. The context of the email is that Ms. Wang is seeking advice on changing that marketing text for the website, and it is reasonable to infer that she had already changed "Anxinfonda" to "AFD China" herself before sending it to the recipient.

AFD China believes that the earlier inclusion of this fact in the Second Joint Statement of Agreed Facts is a judicial admission and cannot now be relitigated almost a year later. AFD China objects to AFD USA's explanation and its conclusion that the fact it agreed to almost a year ago is "not possible."

## V. Statement of Claims and Defenses

### 1. AFD USA's Claims and AFD China's Defenses

#### a. Declaratory Judgment (Claim 1)

AFD USA's statement: AFD USA seeks a declaration of its exclusive ownership of the "AFD" mark in the United States, and of its exclusive right to the mark in the United States under both the Lanham Act and the common law of the State of Oregon.

AFD China's statement: AFD China has filed a cancellation action before the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office, alleging exclusive ownership of the AFD Mark. AFD China, in its defense, contends that it was the first party to use the AFD Mark in the provision of legal services in the United States and is therefore the rightful owner of the AFD Mark. AFD China permitted AFD USA to use the name "AFD Intellectual Property Law (USA) Office" in the United States for marketing and promoting AFD China's services. Any use of the AFD Mark in the United States by AFD USA was strictly for the benefit of AFD China. AFD China further first used the AFD Mark in commerce in the United States. All legal

services performed for United States clients were performed by and were under the exclusive control of AFD China. AFD USA's application and registration of the AFD Mark was obtained through knowing misrepresentation and fraud on the USPTO and the registration is either void *ab initio* or subject to cancellation and/or transfer to the rightful owner of the AFD Mark – AFD China. In addition, AFD USA has not used the AFD Mark (except for this litigation) since at least 2008 when it abandoned its business and transferred all of its clients to another entity. AFD USA is estopped from asserting ownership of the AFD Mark because it acquiesced to AFD China's and AFD LLC's use of the AFD Mark and allowed a "naked license" of the mark.

    **b. Lanham Act Trademark Infringement and Unfair Competition Claims (Claims 2 and 3)**

<u>AFD USA's statement:</u> AFD USA alleges that AFD China's actions constitute a use in interstate commerce of a reproduction, counterfeit, copy, or colorable imitation of the AFD Mark in connection with the sale, offering for sale, distribution, or advertising of goods or services, which is likely to cause confusion or deceive, based on its collection of monies from clients engaged by AFD China and Ms. Wang during the period of cooperation. AFD USA further contends that it has been damaged by AFD China's misappropriations of AFD USA's registered trademarks' goodwill.

<u>AFD China's statement:</u> AFD China, in its defense, contends that it is the rightful owner of the AFD Mark. AFD China permitted AFD USA to use the name "AFD Intellectual Property Law (USA) Office" in the United States for marketing and promoting AFD China's services. Any use of the AFD Mark in the United States by AFD USA was strictly for the benefit of AFD China. AFD China further first used the AFD Mark in commerce in the United States. All legal services performed for United States clients were performed by and were under the exclusive control of AFD China. AFD USA's application and registration of the AFD Mark was obtained

through knowing misrepresentation and fraud on the USPTO and the registration is either void *ab initio* or subject to cancellation and/or transfer to the rightful owner of the AFD Mark – AFD China.  In addition, AFD USA has not used the AFD Mark (except for this litigation) since at least 2008 when it abandoned its business and transferred all of its clients to another entity. Further, AFD China states that any goodwill associated with the AFD Mark in the United States is the result of AFD China's superior legal skills and services performed by AFD China, in China, on behalf of its clients in the United States.  AFD USA is estopped from asserting ownership of the AFD Mark because it acquiesced to AFD China's and AFD LLC's use of the AFD Mark and allowed a "naked license" of the AFD Mark.

### c. Common Law Trademark Infringement and Unfair Competition Claims (Claim 4)

AFD USA's statement: AFD USA contends that AFD China's actions as described in the Complaint were and are calculated attempts to pass off AFD China's services as those of AFD USA with an aim to confuse and mislead the public into believing that AFD China's services are associated with or related to AFD USA, and to cause the public to work with AFD China when they otherwise would have worked (and intended to work) with AFD USA. AFD USA alleges that these actions constitute trademark infringement and unfair competition in violation of Oregon law.

AFD China's statement: AFD China, in its defense, contends that it is the rightful owner of the AFD Mark.  AFD China permitted AFD USA to use the name "AFD Intellectual Property Law (USA) Office" in the United States for marketing and promoting AFD China's services.  Any use of the AFD Mark in the United States by AFD USA was strictly for the benefit of AFD China.  AFD China further first used the AFD Mark in commerce in the United States.  All legal services performed for United States clients were performed by and were under the exclusive

control of AFD China. AFD USA's application and registration of the AFD Mark was obtained through knowing misrepresentation and fraud on the USPTO and the registration is either void *ab initio* or subject to cancellation and/or transfer to the rightful owner of the AFD Mark – AFD China. In addition, AFD USA has not used the AFD Mark (except for this litigation) since at least 2008 when it abandoned its business and transferred all of its clients to another entity. Further, AFD China states that any goodwill associated with the AFD Mark in the United States is the result of AFD China's superior legal skills and services performed by AFD China, in China, on behalf of its clients in the United States. AFD USA is estopped from asserting ownership of the AFD Mark because it acquiesced to AFD China's and AFD LLC's use of the AFD Mark and allowed a "naked license" of the AFD Mark.

      **d. AFD China's Affirmative Defenses**

In addition to the defenses asserted above, AFD China also asserts that AFD USA's claims are barred by the doctrine of estoppel and acquiescence. Assuming that AFD USA is the rightful owner of the AFD Mark – which AFD China vehemently disputes – AFD USA permitted AFD China to utilize the AFD Mark in commerce during the parties' cooperation and for two full years following the cooperation with no complaint until this lawsuit was filed. AFD USA cannot now assert that AFD China's use was infringement. Further, AFD USA settled any and all claims for trademark infringement against AFD LLC – AFD China's marketing representative and consultant.

AFD China also asserts that AFD USA's claims are barred by the doctrine of unclean hands. AFD USA obtained its registration of the AFD Mark through knowing misrepresentation and fraud on the USPTO. AFD USA cannot use such fraud to assert its claims against AFD China.

AFD China also asserts that any damages sought by AFD USA are barred by AFD USA's failure to mitigate its damages.

## 2. **AFD China's and AFD LLC's Counterclaims and AFD USA's Defenses**

### a. **Declaratory Judgment (Claim 1)**

AFD China's statement: AFD China and AFD LLC contend that AFD China was the first entity to adopt and use the AFD Mark in China and in the United States for the provision of intellectual property services. AFD China and AFD LLC also contend that AFD China's use of the AFD Mark has been continuous and, with the cooperation of AFD LLC, remains current, and the AFD Mark is therefore entirely owned by AFD China. AFD China and AFD LLC allege that AFD USA fraudulently filed its trademark application for the AFD Mark, willfully misrepresenting the services AFD USA offered under the Mark (the services identified by AFD USA were actually performed by AFD China). AFD China and AFD LLC allege that AFD USA's registration of the AFD Mark was filed without the permission, knowledge, or consent of the rightful owner, AFD China, and requests that the registration be returned. AFD China and AFD LLC request that the Court declare that the registration is void *ab initio*, was obtained through fraud and inequitable conduct and thus is not subject to trademark protection. AFD China's claims are not subject to the statute of limitations as ordered by this Court on January 28, 2014 (ECF No. 292).

AFD USA's statement: AFD USA contends that it is the rightful owner of the AFD Mark, as evidenced by its continuing use of the "AFD" mark; AFD USA's active status in Oregon; and by its valid, registered trademark on file with the USPTO. Ms. Wang and AFD USA contend that "legal services," as represented on the trademark application, is a proper representation of the services performed by AFD USA. AFD USA does not have U.S. attorneys on staff, but neither does AFD China—and therefore any reassignment of the AFD Mark to AFD

**[PROPOSED] PRETRIAL ORDER** Page 14
D-2245060.1

China would be exactly as improper, should "legal services" require having a U.S. attorney on staff. Finally, AFD USA contends that AFD China's counterclaims are barred by statute of limitations and applicable Ninth Circuit case law.

    **b. Federal Unfair Competition (Claim 2)**

AFD China's statement: AFD China and AFD LLC contend that AFD USA's and Ms. Wang's use of the AFD Mark in connection with AFD USA's business is likely to cause confusion as to the association or sponsorship of AFD USA with AFD China or AFD LLC. Further, AFD USA's or Ms. Wang's use of the AFD Mark is likely to cause confusion as to the association or sponsorship of AFD China with AFD USA or Ms. Wang when, in fact, there has been no association since the proper and legal termination of the Cooperation Agreement. AFD China's claims are not subject to the statute of limitations as ordered by this Court on January 28, 2014 (ECF No. 292).

AFD USA's statement: AFD USA contends that Ms. Wang and AFD USA are, and at all relevant times were, separate entities. Further, AFD USA contends that it is the rightful owner of the AFD Mark, as evidenced by the corporation's active status as an entity registered to do business in Oregon, and by its valid, registered trademark on file with the USPTO. Finally, AFD USA contends that AFD China's counterclaims are barred by statute of limitations and applicable Ninth Circuit case law.

    **c. Common Law Trademark Infringement (Claim 3)**

AFD China's statement: AFD China and AFD LLC claim that AFD China adopted and used its name and the AFD Mark starting in December 2004 in promotional materials, referring to its provision of legal services in China on behalf of foreign and United States clients. From December 2004 until the termination of the Cooperation Agreement, use of the AFD Mark was on behalf of and controlled by AFD China. AFD China and AFD LLC further allege that AFD

USA and Ms. Wang were marketing agents for AFD China. All legal services were provided solely by AFD China who had exclusive control of the quality of services provided under the AFD Mark. AFD USA and/or Ms. Wang were granted limited use of the AFD Mark in the United States for the duration of the Cooperation Agreement. Since the termination of the Cooperation Agreement, AFD USA's and/or Ms. Wang's right to use the AFD Mark and benefit from the goodwill connected thereto was revoked. AFD USA's and/or Ms. Wang's continued use of the AFD Mark constitutes unauthorized use to AFD China's detriment. AFD China's claims are not subject to the statute of limitations as ordered by this Court on January 28, 2014 (ECF No. 292). AFD China also objects to AFD USA's assertion of federal preemption as untimely.

AFD USA's statement: As above, AFD USA contends in response that AFD USA is the rightful owner of the "AFD" mark, so it cannot be held to infringe. AFD USA contends that AFD China's counterclaims are barred by statute of limitations and applicable Ninth Circuit case law, and that federal trademark and unfair competition law preempt AFD China's common law trademark infringement claim.

### d. Alter Ego Liability (Claim 4)

AFD China's statement: AFD China and AFD LLC allege that Ms. Wang is the sole shareholder of AFD USA, serves as its president, has control of the management and business of AFD USA, and, at all relevant times, AFD USA was the mere instrumentality of Ms. Wang and functioned as Ms. Wang's alter ego. Ms. Wang did not observe corporate formalities with AFD USA. Ms. Wang also recently admitted that AFD China and AFD LLC would be unable to obtain an adequate remedy from AFD USA should AFD China and AFD LLC prevail on its claims (ECF No. 286, paragraph 10). AFD China and AFD LLC further allege that any activities undertaken on behalf of AFD USA related to the Cooperation Agreement were undertaken by

Ms. Wang personally, and that Ms. Wang is using the corporate veil to shield herself from liability for the actions she has caused to be taken by AFD USA.

AFD USA's statement: AFD USA contends, in response, that at all relevant times AFD USA was and is a separate entity from Ms. Wang, that Ms. Wang did not engage in improper conduct in her position with AFD USA, that Ms. Wang and AFD USA observed appropriate and customary corporate formalities, and that Ms. Wang has engaged in no activities that would cause Defendants an inability to obtain an adequate remedy from AFD USA if AFD China is entitled to one.

## VI. Other Legal Issues

1. All parties agree and stipulate that there is a likelihood of confusion due to both AFD USA's and AFD China's use of the same "AFD" mark in the market for the same services. Therefore, the principal issue for the jury to resolve on the parties' trademark claims is ownership of the "AFD" mark in the U.S.

2. AFD USA and Lynn Wang still believe this matter to be arbitrable under the FAA. That issue is preserved for appeal. AFD China and AFD LLC maintain their objections.

3. AFD USA contends that AFD China has continued to violate orders regarding production of damages information. AFD China denies AFD USA's vague accusations as more fully outlined in its Reply in Support of Motion for Reimbursement of Expert Witness Costs [ECF No. 289].

4. The parties both anticipate filing motions *in limine* on various bases before trial, although the parties will meet and confer to reach agreement to the extent possible.

5. AFD USA will move to exclude AFD China's rebuttal damages expert, Mr. John Hansen, under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), and other applicable law, and on the basis of AFD China's late production of additional documents related to AFD

China's expenses and profits after the fact discovery cut-off, on which Mr. Hansen relied in his rebuttal report. AFD China opposes any such motion for multiple reasons, including the reasons more fully explained in its Reply in Support of Motion for Reimbursement of Expert Witness Costs [ECF No. 289].

6. AFD USA previously raised a statute-of-limitations defense. Although the Court denied AFD USA's motions for leave to file a summary judgment motion (Dkt. 278) and for leave to amend its answer to AFD China's counterclaims to add a new affirmative defense (Dkt. 292), the Court granted "leave for Plaintiffs to raise the same legal issues by other appropriate procedural means (*i.e.*, motions *in limine*, trial memoranda, jury instructions, motion for judgment as a matter of law, etc.)." (Dkt. 278). AFD USA reserves the right to raise this defense again before and at trial.

    AFD China continues to object to the inclusion of the statute of limitations in this matter. AFD China's arguments are outlined, in part, in its prior filings, Docket Nos. 267 and 287. In addition, AFD China believes that the Court's Order of January 28, 2014, Docket No. 292 has fully and finally addressed the issue.

7. Both sides of this dispute have requested that the Court issue a declaratory judgment related to the ownership of the AFD Mark. AFD China and AFD LLC have further requested that the Court declare that AFD USA's registration of the AFD Mark was invalid and should be cancelled or transferred to AFD China. The parties ask that the Court confirm that it will address the issue following the jury trial.

8. Both sides of this dispute have requested a permanent injunction enjoining the non-owner party from use or infringement of the AFD Mark. The parties ask that the Court confirm that it will address the issue following the jury trial.

9. Both sides of this dispute have requested attorney's fees. The parties ask that the Court confirm that it will address the issue following the jury trial.

Dated: February 21, 2014

*/s/ Aimee M. Furness*
Christopher E. Hawk, OSB #061635
Gordon & Rees LLP
121 SW Morrison Street, Suite 1575
Portland, Oregon 97204

Glenn Westreich (*Pro Hac Vice*)
Aimee Furness (*Pro Hac Vice*)
Haynes & Boone, LLP
2033 Gateway Place, Suite 300
San Jose, California 95110

ATTORNEYS FOR DEFENDANT AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE AND THIRD PARTY COUNTERCLAIM PLAINTIFF AFD CHINA INTELLECTUAL PROPERTY LLC

*/s/ Jack Russo*
Jack Russo, OSB #991992
Ansel Halliburton (*Pro Hac Vice*)
Computerlaw Group LLP
401 Florence Street
Palo Alto, CA 94301

ATTORNEYS FOR PLAINTIFF AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC. AND THIRD PARTY COUNTERCLAIM DEFENDANT LYNN WANG

Pursuant to Civil Local Rule 11(d), the parties have conferred regarding the subject and content of this Pretrial Order. Consent is given by all parties to file this document with the Court.