Jack Russo (State Bar No. 991992)
Ansel Halliburton (*Pro Hac Vice*)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863
E-mail: jrusso@computerlaw.com

Attorneys for Plaintiff AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC. and Third Party Counterclaim Defendant LYNN WANG

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC., an Oregon corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE, a Chinese Corporation,<br><br>    Defendant, | Case No.: 3:09-CV-1509-BR<br><br><br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE RELATING TO SETTLEMENT DISCUSSIONS, INCLUDING, BUT NOT LIMITED TO ALL SETTLEMENT COMMUNICATIONS BETWEEN COUNSEL MARKED "CONFIDENTIAL" AND/OR "FOR SETTLEMENT PURPOSES ONLY" AND/OR "WITHOUT PREJUDICE"** |
| AFD CHINA INTELLECTUAL PROPERTY LLC, a Maryland limited liability company,<br><br>    Counterclaim Plaintiff<br><br>    v.<br><br>LEI WANG, a/k/a LYNN WANG,<br><br>    Third Party Counterclaim Defendant. | **Pretrial<br>Conference:**    **March 21, 2014**<br>**Trial:**    **March 24, 2014**<br>**Judge:**    **Hon. Anna J. Brown** |

## NOTICE OF MOTION *IN LIMINE* AND MOTION *IN LIMINE* NO. 1

PLEASE TAKE NOTICE that pursuant to the Court's January 3, 2014 Order (Dkt. 278), Plaintiff AFD China Intellectual Property Law (USA) Office, Inc. ("AFD USA") hereby moves this Court for an order excluding from trial any and all evidence offered by Defendant AFD China Intellectual Property Law Office or Counterclaim Plaintiff AFD China Intellectual Property LLC relating to settlement discussions between the parties, including, but not limited to, all settlement communications and correspondence between counsel marked "Confidential" and/or "For Settlement Purposes Only" and/or "Without Prejudice." Such an order is necessary to protect the privilege for such settlement communications and to prevent unfair prejudice to AFD USA and to prevent AFD China and AFD LLC from wrongfully misusing good-faith settlement offers to its advantage and as an improper trap to induce such settlement discussions for use improperly as factual basis for its counterclaims.

## INTRODUCTION

Plaintiff AFD USA seeks to bar evidence of any and all settlement discussions with Defendant AFD China and Counterclaim Plaintiff AFD China Intellectual Property LLC (collectively "AFD China") and any related third parties ("Third Parties"), as such confidential exchanges are inadmissible as a matter of law, as well as any and all settlement discussions, negotiations and agreements AFD USA has entered into with other parties. Similarly, any and all Rule 68 Offers of Judgment, whether accepted or not, should be excluded. This Court has the inherent power to bar evidence and testimony that either party intends to present at trial, and particularly in excluding evidence where the probative value of the evidence is outweighed by the prejudicial effect of its admission. FED. R. EVID., Rule 403. Here, the evidence AFD USA seeks to bar is both inadmissible as a matter of law and potentially prejudicial if admitted at trial. As such, the Court should order its exclusion and grant this motion *in limine*.

As is the case in many commercial disputes, the parties here engaged in informal as well as formal efforts to resolve the matter. This case is no different, and evidence or testimony of

any settlement discussions must be excluded at trial, including those of related disputes and with third parties.

**ARGUMENT**

I. **EVIDENCE OF SETTLEMENT NEGOTIATIONS IS NOT ADMISSIBLE.**

The Court has the inherent power to control its proceedings, and Motions *in limine* are well recognized in practice and by case law. *Ohler v. United States*, 259 US 753, 758 (2000); *Padillas v. Stork–Gamco, Inc*. 186 F.3d 412, 417 (3rd Cir. 1999); *Luce v. United States,* 469 US 38, 41 (1984) (Court's inherent power to manage the course of trials).

Further, it is well-settled that settlement offers are inadmissible to prove liability. The purpose of this section is to facilitate open discussions and avoid deterring parties from making such offers of settlement. FED. R. EVID., Rule 408, Advisory Committee Notes. Rule 408 states:

> Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: (1) furnishing, promising, offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and (2) **conduct of a statement made during compromise negotiations about the claim**.

Fed. R. Evid. 408 (emphasis added).

The law seeks to encourage, not discourage, settlement and compromise and *"*It is clear that any attempt by [a party] to introduce evidence of settlement negotiations regarding his claim to prove liability would be prohibited by Rule 408. The same prohibition extends to evidence of completed settlements in other cases when the evidence is offered against the compromiser." *Green v. Baca*, 226 F.R.D. 624, 640 (9th Cir. 2004) citing *Hudspeth v. Commissioner of Internal Revenue Service,* 914 F.2d 1207, 1213 (9th Cir. 1990).

In addition, the Ninth Circuit also noted that "settlements are often consummated for reasons other than the merits of the case, [so such] evidence might not be reasonably relied upon…" *Hudspeth,* 914 F.2d at 1215.

Because parties would be reluctant to enter into settlement talks if their negotiation positions could influence the finder of fact, Federal Rule of Evidence 408 makes inadmissible offers, conduct, and statements made in connection with settlement negotiations. *Fiberglass Insulators, Inc. v. Dupuy*, 856 F.2d 642, 654 (4th Cir. 1988) (The public policy favoring and encouraging settlement makes necessary the inadmissibility of settlement negotiations in order to foster frank discussions; affirming exclusions under Rule 408). "The policy favoring settlement is manifest in, among other places, the Federal Rules of Evidence. The Rules provide that evidence of promising to accept ... a valuable consideration in ... attempting to compromise a claim is not admissible to prove liability for the claim. Nor is evidence of conduct or statements made in compromise negotiations." *Caswell v. Net Irrigate*, LLC, 2013 U.S. Dist. LEXIS 139419 (9th Cir. 2013) at *6 (internal citations omitted).

Further, the "policy underlying the [Federal] Rules [of Evidence] supports an approach that fosters settlement…Indeed, this policy squarely invokes one of the considerations enumerated by the Supreme Court for the second prong of a proper Due Process analysis, namely, the interstate judicial system's INTEREST in obtaining the most efficient resolution of controversies." *Caswell*, 2013 U.S. Dist. LEXIS at *7 (internal quotations and citations omitted).

Accordingly, settlement communications cannot, as a matter of law, give rise to a claim or be used as evidence to support a claims, as they are clearly privileged under applicable law; any direct or indirect use of settlement communications would eviscerate the Federal policy in assuring the free flow of information and exchanges made in settlement discussions. *Hudspeth, supra.* AFD USA's Motion should be granted and settlement communications of any variety should be precluded from trial.

II. EVIDENCE OF SETTLEMENT DISCUSSIONS IN ANY FORM ARE NOT RELEVANT

Evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. FED. R. EVID. 401. Settlement communications in this case do not satisfy this test.

At issue in this case are ownership and infringement of the "AFD" trademark, and AFD China's counterclaim for trademark cancellation and *alter ego* liability. Settlement communications do not weigh on the probability of any fact surrounding those claims, and therefore cannot be used by AFD China to prove the elements of their claims and are inadmissible for this additional reason.

### III. EVIDENCE OF OFFERS OR DISCUSSIONS OF OFFERS TO COMPROMISE AND SETTLEMENT NEGOTIATIONS WOULD BE HIGHLY PREJUDICIAL TO AFD USA

According to Federal Rules of Evidence, even if evidence surrounding settlement communications were relevant, which it is not, the court may still exclude if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues [or] misleading the jury." FED. R. EVID. 403.

Settlement has been discussed in this case in various forms between counsel for AFD USA and AFD China. Any offers or suggested compromises made by AFD USA were in good-faith and in the interest of settling this case outside court to save all parties involved valuable time and resources, including the District Court. Besides the strong public interest in excluding settlement communications from trial, allowing such evidence at trial might substantially bias a jury or finder of fact as to any damages owed AFD USA. No offer made by AFD USA to settle this case can have any bearing on AFD USA's claims or AFD China's counterclaims, would only prejudice the jury, and should therefore be excluded.

### CONCLUSION

For all the foregoing reasons, the Court should order Defendant and Counterclaim Plaintiff and their counsel to refrain from introducing evidence or testimony relating to settlement discussions in this case, whether between the parties themselves, or settlements with third parties, and including any type of communication whether it be verbal, written or otherwise.

Dated: March 7, 2014                COMPUTERLAW GROUP LLP

                                    By: /s/ Jack Russo
                                        Jack Russo
                                        Ansel Halliburton (*Pro Hac Vice*)

                                        Attorneys for Plaintiff AFD China Intellectual
                                        Property Law (USA) Office, Inc. and Third
                                        Party Counterclaim Defendant Lynn Wang