Jack Russo (State Bar No. 991992)
Ansel Halliburton (*Pro Hac Vice*)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863
E-mail: jrusso@computerlaw.com

Attorneys for Plaintiff AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC. and Third Party Counterclaim Defendant LYNN WANG

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC., an Oregon corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE, a Chinese Corporation,<br><br>    Defendant,<br><br>---<br><br>AFD CHINA INTELLECTUAL PROPERTY LLC, a Maryland limited liability company,<br><br>    Counterclaim Plaintiff<br><br>    v.<br><br>LEI WANG, a/k/a LYNN WANG,<br><br>    Third Party Counterclaim Defendant. | Case No.: 3:09-CV-1509-BR<br><br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE RELATED TO EMAIL CORRESPONDENCE AMONG THE AFD COMPANIES**<br><br>**Pretrial Conference:** **March 21, 2014**<br>**Trial:** **March 24, 2014**<br>**Judge:** **Hon. Anna J. Brown** |

## NOTICE OF MOTION *IN LIMINE* AND MOTION *IN LIMINE* NO. 2

PLEASE TAKE NOTICE that pursuant to the Court's January 3, 2014 Order (Dkt. 278), Plaintiff AFD China Intellectual Property Law (USA) Office, Inc. ("AFD USA") hereby moves this Court for an order excluding from trial certain evidence offered by Defendant AFD China Intellectual Property Law Office or Counterclaim Plaintiff AFD China Intellectual Property LLC ("AFD China"). As authorized by Federal Rule of Evidence 105, plaintiff AFD China Intellectual Property Law (USA) Office and Third Party Counterclaim Defendant Lei Wang, a/k/a Lynn Wang (together, "AFD USA"), respectfully move this Court *in limine* for:

(a) an order precluding AFD China's use of testimony, evidence, and argument related to pre-litigation email correspondence among the corporate parties (that is, among AFD China Intellectual Property Law (USA) Office, AFD China Intellectual Property Law Office, and AFD China Intellectual Property LLC) and their agents and employees, to the extent this evidence is offered for the purpose of establishing priority of use in the "AFD" trademark, and

(b) a limiting instruction to the jury that it may not make use of this evidence of that purpose.

## INTRODUCTION

The Ninth Circuit has held that communications among companies, even in planning to use a mark, which do not involve the public, are irrelevant to the issue of priority of use in commerce. This Court should order, and instruct the jury, that emails between the AFD USA and AFD China companies and their agents and employees are excluded from and not to be considered for the purpose of establishing priority of use in the "AFD" trademark.

## ARGUMENT

The Court has the inherent power to control its proceedings, and Motions *in limine* are well recognized in practice and by case law. *Ohler v. U.S.*, 259 US 753, 758 (2000); *Padillas v. Stork–Gamco, Inc*. 186 F.3d 412, 417 (3d Cir. 1999); *Luce v. U.S.,* 469 US 38, 41 (1984) (Court's inherent power to manage the course of trials).

## I. THE EMAIL CORRESPONDENCE EVIDENCE IS IRRELEVANT.

Evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) **the fact is of consequence in determining the action**. FED. R. EVID. 401 (emphasis added). Evidence related to the California Cases does not satisfy this test and should be excluded from the evidence presented to the finder of fact at trial in this case. Federal Rule of Evidence 402 likewise holds that "[i]rrelevant evidence is not admissible." The evidence in question is irrelevant, and therefore inadmissible, because the correspondence is internal exchanges between the related companies, with no public aspect, and is therefore not at all probative on the question of which party has established priority of use in commerce.

The Lanham Act allows ownership rights to vest in a trademark only upon "use in commerce." 15 U.S.C. §1127. "For both goods and services, the 'use in commerce' requirement includes (1) an element of actual use, and (2) an element of display." *Chance v. Pac-Tel Teletrac, Inc.*, 242 F.3d 1151, 1159 (9th Cir. 2001) (*citing* 15 U.S.C. § 1127)). The Ninth Circuit prescribes a "totality of the circumstances" approach to establishing whether a party has established both requisite elements of "use in commerce" under the Lanham Act. *Id*. at 1158; *New West Corp. v. NYM Co. of Calif., Inc.*, 595 F.2d 1194, 1200 (9th Cir. 1979). Evidence is not relevant to this inquiry which does not show the mark used in a way that is "sufficiently public," because it is not probative on whether the public has come to associate the mark with the goods or services. *Teletrac*, at 1159; *New West,* 595 F.2d at 1200.

The Ninth Circuit has already ruled that email correspondence of the type at issue here does not meet this standard, establishing the evidence as non-probative and irrelevant to the question of which party has priority of use. *Brookfield Commc'n, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1052 (9th Cir. 1999). The *Teletrac* Court restated its prior *Brookfield Communications* ruling, explaining,

> we rejected the theory that e-mail correspondence predating actual sales could constitute use in commerce because it failed to establish use "in a way sufficiently public to identify or distinguish the marked goods in an appropriate segment of the public mind as those of the adopter of the mark."

*Teletrac*, 242 F.3d at 1158 (explaining 174 F.3d at 1052). The evidence AFD USA seeks to limit under Rule 402 are exactly such pre-sales internal communications among commonly operated entities. They were not directed to consumers or potential consumers, or even intended to reach any member of the public. They have no "public" character at all, let alone a character "sufficiently public" to serve as evidence making it more or less likely that AFD China's use qualified as use in commerce under the Lanham A ct.

By comparison, AFD USA's email evidence *to existing customers* (of Ms. Wang) giving notification to her clients that she was establishing a new corporation adopting the tradename "AFD" and using the service mark "AFD" are admissible as to priority of use, since such emails are associating, to the consuming public, the pre-existing goodwill of Ms. Wang with the new tradename, corporate name, and trademark that she was establishing in the USA well before defendants, or any of them, had any substantial client base in the USA. Indeed, the evidence will show that it was for that pre-existing client base of AFD USA that Ms. Xia, the CEO of Defendant (then named) Anxinfonda, wanted the Cooperation Agreement in the first place.

With its irrelevance conclusively established as a matter of law by the Ninth Circuit on the issue of priority of use in commerce, this Court should order, and instruct the jury, that emails between AFD USA and AFD China are excluded from and not to be considered for the purpose of establishing priority of use in the "AFD" trademark.

II. **EVIDENCE RELATED TO THE CALIFORNIA CASES WOULD CONFUSE AND MISLEAD THE JURY, AND SHOULD BE EXCLUDED.**

According to Federal Rules of Evidence, the court may exclude evidence if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues [or] misleading the jury." FED. R. EVID. 403 (emphasis added).

As stated above, the relevance of the evidence in question is negligible at best; the risk that the jury would be confused and mislead if the evidence were admitted far outweighs any potential probative value of evidence. There being no probative value whatsoever in the email

correspondence at hand, the possibility, and indeed, probability, that a jury would be confused and misled in considering this evidence instructs that any mention of the email correspondence should be excluded.

## CONCLUSION

For all the foregoing reasons, the Court should order Defendant and Counterclaim Plaintiff and their counsel to refrain from introducing evidence or testimony relating to the California Cases, and should AFD China enter any such testimony, a special jury instruction should issue reminding the jury of its responsibilities related to the claims **in this case**.

Dated: March 7, 2014                                COMPUTERLAW GROUP LLP

By: /s/ Jack Russo
    Jack Russo
    Ansel Halliburton (*Pro Hac Vice*)

    Attorneys for Plaintiff AFD China Intellectual
    Property Law (USA) Office, Inc. and Third
    Party Counterclaim Defendant Lynn Wang