Jack Russo (State Bar No. 991992)
Ansel Halliburton (*Pro Hac Vice*)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863
E-mail: jrusso@computerlaw.com

Attorneys for Plaintiff AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC. and Third Party Counterclaim Defendant LYNN WANG

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC., an Oregon corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE, a Chinese Corporation,<br><br>    Defendant, | Case No.: 3:09-CV-1509-BR<br><br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE RELATED TO LACK OF NOTICE TO AFD CHINA OF THE TRADEMARK APPLICATION OR REGISTRATION**<br><br>**Pretrial Conference:** March 21, 2014<br>**Trial:** March 24, 2014<br>**Judge:** Hon. Anna J. Brown |
| AFD CHINA INTELLECTUAL PROPERTY LLC, a Maryland limited liability company,<br><br>    Counterclaim Plaintiff<br><br>    v.<br><br>LEI WANG, a/k/a LYNN WANG,<br><br>    Third Party Counterclaim Defendant. | |

# NOTICE OF MOTION *IN LIMINE* AND MOTION *IN LIMINE* NO. 3

PLEASE TAKE NOTICE that pursuant to the Court's January 3, 2014 Order (Dkt. 278), Plaintiff AFD China Intellectual Property Law (USA) Office, Inc. ("AFD USA") hereby moves this Court for an order excluding from trial certain evidence offered by Defendant AFD China Intellectual Property Law Office or Counterclaim Plaintiff AFD China Intellectual Property LLC ("AFD China").  As authorized by Federal Rule of Evidence 105, plaintiff AFD China Intellectual Property Law (USA) Office and Third Party Counterclaim Defendant Lei Wang, a/k/a Lynn Wang (together, "AFD USA"), respectfully move this Court *in limine* for:

(a) an order precluding AFD China's use of testimony, evidence, and argument related to testimony or writings purporting to show AFD USA's alleged lack of notice to AFD China of its registration of the "AFD" mark, to the extent this evidence is offered for the purpose of establishing AFD China's fraud on the USPTO defense against infringement or counterclaim for cancellation of the "AFD" mark, and

(b) a limiting instruction to the jury that it may not make use of this evidence of that purpose.

## INTRODUCTION

This Court should order that evidence regarding AFD USA's alleged lack of notice to AFD China be excluded from and not to be considered for the purpose of establishing the fraudulent procurement affirmative defense to infringement or counterclaim for cancellation of the "AFD" trademark because it is irrelevant as a matter of law under well-established Federal Circuit precedent on the issue of fraudulent trademark registration procurement.

## ARGUMENT

The Court has the inherent power to control its proceedings, and Motions *in limine* are well recognized in practice and by case law. *Ohler v. U.S.*, 259 US 753, 758 (2000); *Padillas v. Stork–Gamco, Inc*. 186 F.3d 412, 417 (3d Cir. 1999); *Luce v. U.S.,* 469 US 38, 41 (1984) (Court's inherent power to manage the course of trials).

## I. THE EMAIL CORRESPONDENCE EVIDENCE IS IRRELEVANT.

Evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) **the fact is of consequence in determining the action**. FED. R. EVID. 401 (emphasis added). Evidence related to the alleged failure to give notice does not satisfy this test and should be excluded from the evidence presented to the finder of fact at trial in this case. Federal Rule of Evidence 402 likewise holds that "[i]rrelevant evidence is not admissible." The evidence of AFD USA's so-called failure to give notice of its trademark registration or application to AFD China is irrelevant to prove either conduct misleading the USPTO or intent to mislead the USPTO, and is therefore inadmissible for the purpose of proving AFD China's fraudulent procurement affirmative defense or counterclaim.

The Lanham Act allows an infringement defendant to assert as an affirmative defense or counterclaim that the registration was obtained by the claimant by fraud on the United States Patent and Trademark Office. 15 U.S.C. §1119; *In re Bose Corp.*, 580 F.3d 1240, 1243 (Fed. Cir. 2009); *Metro Traffic Control Inc. v. Shadow Network, Inc.*, 104 F.3d 336, 340 (9th Cir. 1997); *Torres v. Cantine Torresella S.r.l.*, 808 F.2d 46, 48 (Fed. Cir.1986). AFD China has asserted procurement of registration by fraud as both an affirmative defense and counterclaim for cancellation of the mark. Am. Answer & Countercls., ¶¶42, 46 (Apr. 2, 2012) (Docket #68). It proposes to offer irrelevant evidence that AFD USA did not give notice of its trademark application or registration to AFD China as part of its proofs. *Id.*

### A. Lack of Notice to AFD China is Not Relevant to Statements Directed at the USPTO.

The essence of the defense and cancellation claim is fraud perpetrated on the USPTO by the registrant in connection the trademark registration. As the *Torres* Court articulated, "The obligation which the Lanham Act imposes on an applicant is that he will not make knowingly inaccurate or knowingly misleading statements in the verified declaration forming a part of the application for registration." *Torres*, 808 F.2d at 48 [citations omitted]. Proof of any alleged fraudulent conduct is confined the registrant's attempts to mislead the USPTO in connection

with its application. Conduct or statements directed to other persons are therefore irrelevant to this defense and counterclaim because it is not directed at the USPTO, or made in connection with the trademark registration application. AFD USA's communications with AFD China concerning the trademark application/registration are not, themselves, statements to the USTPO, and therefore are irrelevant to the extent they alone are the fraudulent statements.

### B. Lack of Notice to AFD China Is Not Probative of Fraudulent Intent.

A party attempting to prove the subjective intent necessary to establish fraudulent procurement of a trademark registration is held to a heavy burden of clear and convincing evidence. *Bose*, 580 F.3d at 1243; *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1444 (9th Cir. 1990). "After all, an allegation of fraud in a trademark case, as in any other case, should not be taken lightly." *Bose*, 580 F.3d at 1245. Accordingly, "'because direct evidence of deceptive intent is rarely available, such intent can be inferred from indirect and circumstantial evidence. But such evidence must still be clear and convincing, and inferences drawn from lesser evidence cannot satisfy the deceptive intent requirement.'" *Id*. (*quoting Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 11357, 1366 (Fed. Cir. 2008)).

The Federal Circuit has confirmed that the Lanham Act "does not, however, obligate 'one seeking federal registration of a mark to investigate and report all other possible users of an identical or confusingly similar mark.'" *Rosso v. Mastracco, Inc. v. Giant Food, Inc*. 720 F.2d 1263, 1266 (Fed. Cir. 1983) (Affirming finding of no fraud, "despite [federal mark registrant's] agreement not to use its marks in a limited geographical area."); *Robi*, 918 F.2d 1444. Indeed, there are circumscribed contexts which are an exception to the standard that "a senior user ordinarily need not identify junior users in the oath" filed with an application, namely, where there are clearly established conflicting rights. *Id.* "[C]learly established rights" are those adverse to a claimant's ownership interest which are the product of either definitive fiat or unambiguous acknowledgement, "for example, by a court decree, by the terms of a settlement agreement, or by a registration. " *Id.* Failure to give notice to a potential claimant to rights to the mark is not on the list of, or even akin to, clearly established adverse rights which a claimant

would be required to acknowledge to avoid making a false oath in its trademark registration application.

By this standard, AFD USA's alleged lack of notice to AFD China of its federal application or registration does not make it more or less likely that at the time it submitted its application to the USPTO there was such a court decree, settlement agreement, or registration which would render its oath in its application to the USPTO untruthful. Case law firmly establishes that AFD USA had no obligation to identify junior users in its oath, and in the absence of conduct which could be even potentially misleading to the USPTO's issuance of the registration, AFD USA's alleged lack of notice to AFD China is not probative of whether AFD USA intended to mislead the USPTO.

Thus, evidence tending to show whether or not AFD USA gave notice of its trademark application/registration to AFD China is not relevant as either direct evidence of untruthful statements made to the USTPO in its trademark application, or circumstantial evidence of USA's intent to mislead the USPTO as to its ownership of the mark.

## II. IRRELEVANT EVIDENCE RELATED TO THE LACK OF NOTICE TO AFD CHINA WOULD CONFUSE AND MISLEAD THE JURY, AND SHOULD BE EXCLUDED.

According to Federal Rules of Evidence, the court may exclude evidence if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues [or] misleading the jury." FED. R. EVID. 403 (emphasis added).

As stated above, there is zero relevance of the evidence in question; the risk that the jury would be confused and mislead if the evidence were admitted far outweighs any potential probative value of evidence. There being no probative value whatsoever in the email correspondence at hand, the possibility, and indeed, probability, that a jury would be confused and misled in considering this evidence instructs that any mention of the lack of notice to AFD China of the trademark application or registration should be excluded.

//
//

## CONCLUSION

For all the foregoing reasons, the Court should order Defendant and Counterclaim Plaintiff and their counsel to refrain from introducing evidence or testimony relating to any alleged lack of notice to AFD China of the trademark application or registration, and should AFD China enter any such testimony, a special jury instruction should issue reminding the jury of its responsibilities related to the claims **in this case**.

Dated: March 7, 2014					COMPUTERLAW GROUP LLP


							By: /s/ Jack Russo
								Jack Russo
								Ansel Halliburton (*Pro Hac Vice*)
								Attorneys for Plaintiff AFD China Intellectual Property Law (USA) Office, Inc. and Third Party Counterclaim Defendant Lynn Wang