Jack Russo (State Bar No. 991992)
Ansel Halliburton (*Pro Hac Vice*)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863
E-mail: jrusso@computerlaw.com

Attorneys for Plaintiff AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC. and Third Party Counterclaim Defendant LYNN WANG

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC., an Oregon corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE, a Chinese Corporation,<br><br>  Defendant, | Case No.: 3:09-CV-1509-BR<br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 4 TO EXCLUDE DAMAGES EXPERT OPINIONS AND REPORTS OF JOHN L. HANSEN**<br><br>**Pretrial**<br>**Conference:** **March 21, 2014**<br>**Trial:** **March 24, 2014**<br>**Judge:** **Hon. Anna J. Brown** |
| AFD CHINA INTELLECTUAL PROPERTY LLC, a Maryland limited liability company,<br><br>  Counterclaim Plaintiff<br><br>  v.<br><br>LEI WANG, a/k/a LYNN WANG,<br><br>  Third Party Counterclaim Defendant. | |

# NOTICE OF MOTION *IN LIMINE* AND MOTION *IN LIMINE* NO. 4

PLEASE TAKE NOTICE that pursuant to the Court's January 3, 2014 Order (Dkt. 278), Plaintiff AFD China Intellectual Property Law (USA) Office, Inc. ("AFD USA") hereby moves this Court for an order excluding from trial certain evidence offered by Defendant AFD China Intellectual Property Law Office or Counterclaim Plaintiff AFD China Intellectual Property LLC ("AFD China"). As authorized by Federal Rule of Evidence 105, plaintiff AFD China Intellectual Property Law (USA) Office and Third Party Counterclaim Defendant Lei Wang, a/k/a Lynn Wang (together, "AFD USA"), respectfully move this Court *in limine* for an order barring the admissibility of the expert reports of AFD China's expert on damages John L. Hansen, and precluding Mr. Hansen's opinions and any testimony or arguments based on his opinions and reports from trial.

## INTRODUCTION

AFD China submitted four expert rebuttal reports of John L. Hansen on the issue of damages:

(1) The December 6, 2011 Expert Rebuttal Report;

(2) The April 9, 2012 Expert Rebuttal Report;

(3) The August 9, 2013 Expert Rebuttal Report; and

(4) The December 6, 2013 Expert Rebuttal Report (together, the "Hansen Reports").

The Hansen Reports and his testimony as stated below do not meet the standards for admissible expert testimony because his reports do not indicate that his opinions were formed by reliable principles and methods or sufficient facts or data, and because his expert training and experience are irrelevant to the fact finder's evaluation to certain purely legal and factual issues, and his opinions on these matters constitute improper legal opinion on ultimate issues. His testimony and opinions, and argument and evidence based on his testimony and opinions, should be barred as to those areas identified below as required under Rules 701, 702, and 704.

//

//

ARGUMENT

The Court has the inherent power to control its proceedings, and Motions *in limine* are well recognized in practice and by case law. *Ohler v. U.S.*, 259 US 753, 758 (2000); *Padillas v. Stork–Gamco, Inc*. 186 F.3d 412, 417 (3d Cir. 1999); *Luce v. U.S.,* 469 US 38, 41 (1984) (Court's inherent power to manage the course of trials).

Federal Rule of Evidence 702 allows the testimony of "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education" so long as

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Mr. Hansen's Reports are rife with opinions without support in rigorous and reliable expert analysis and training, and do not qualify for admission under Federal Rules of Evidence 701 and 702. Further, Mr. Hansen's testimony and reports cross the line from admissible expert opinion "embracing an ultimate issue" under Rule 704(a) into an inadmissible legal and factual opinions on the ultimate issues of this case. For the foregoing reasons, Mr. Hansen's expert opinions, and testimony, evidence, and argument based on them, must be excluded from trial.

I. **MR. HANSEN'S OPINIONS ARE NOT SUPPORTED BY RELIABLE EXPERT METHODOLOGY AND USE DATA WHICH HAS BEEN TIMELY MADE AVAILABLE TO AFD USA.**

Rule 702 first requires expert testimony based on non-scientific, but otherwise specialized knowledge to actually be on an area of specialized knowledge beyond the ordinary experience of the fact-finder. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593 (1993). In order to qualify as expert knowledge, the testimony must draw on the specialized subject matter, the expert's "knowledge and experience of the relevant discipline," and be applied by the expert using the methodology of his specialized discipline at "the same level of intellectual rigor that characterizes the practice of the expert in the relevant field." *Kumho Tire*, 526 U.S. at 152.

Here, certain of Mr. Hansen's opinions are conclusory and do not indicate that he employed methodology to form them which qualifies as "expert" testimony admissible under Rule 702.

Specifically, Mr. Hansen does not offer any support which indicates that the following conclusory opinions are the product of reliable expertise or analysis methods:

(a) "As AFD USA was a start-up in 2005 through 2007 time period, the actual growth rate experienced would not reflect a reasonable assessment (or a meaningful reasonableness check) on the continuing future growth rate for AFD USA's business." Dec. 9, 2011 Rebuttal Report, ¶33

(b) "The smaller the subject company the more risky the venture, resulting in an increased premium for smaller companies." Apr. 9, 2012 Rebuttal Report, ¶¶41, 43, Attachment 9.

(c) How the "risk factors specific to the subject company" make a "company specific risk premium of at least 15% inappropriate." Apr. 9, 2012 Rebuttal Report, ¶¶41, 43, Attachment 9.

(d) Why averaging the fees for 2008 and 2009 is an appropriate measure for invoices unavailable for 2010 and 2011. Apr. 9, 2012 Rebuttal Report, ¶50

(e) Data, assumptions, and calculations regarding "AFD China's annual variable profit margin" employed by Mr. Hansen to calculate profits. Aug. 9, 2013 Rebuttal Report, ¶6; Apr. 9, 2012 Rebuttal Report, ¶54, Attachments 5 and 6; and

(f) Opinions formed in reliance on witness statements, who have not been made available to AFD USA, and expense reports which were not timely produced to AFD USA and should not have been considered. Apr. 9, 2012 Rebuttal Report, ¶51, Attachment 6; Aug. 9, 2013 Rebuttal Report, ¶6, 18, 21-22, 29 and Attachments 3 and 3.1, 5, 7 and 7.1.

These opaque statements are offered without any elucidation of how he arrived at these opinions, including the principles or data which lead him to these conclusions. As these

statements do not meet the basic requirements set forth in *Daubert*, any and all evidence and argument based upon them should be excluded at trial.

II. **MR. HANSEN'S REPORTS AND TESTIMONY OFFERING OPINIONS ON ULTIMATE QUESTIONS OF FACT OR LAW MUST BE BARRED**.

Certain of Mr. Hansen's rebuttal to Mr. Dorrell's opinions are merely legal and factual conclusions on ultimate issues framed as expert opinion. Mr. Hansen challenges Mr. Dorrell's analysis by asserting the following:

(a) Whether the termination of the Cooperation Agreement was improper or fraudulent. Dec. 9, 2011 Rebuttal Report, ¶20, 22;

(b) Whether consideration received in 2007 "was in accordance with the Cooperation Agreement." Dec. 9, 2011 Rebuttal Report, ¶25;

(c) The terms of the Cooperation Agreement regarding exclusivity and termination. Apr. 9, 2012 Rebuttal Report, ¶29;

(d) Whether Ms. Want's services were conducted using the trademark AFD. Dec. 6, 2013 Rebuttal Report, ¶12; and

(e) Whether AFD USA met its burden in proving AFD China's revenues. Dec. 6, 2013 Rebuttal Report, ¶27.

In those sections, Mr. Hansen is testifying as if he were somehow an expert in contract law or as if he were the Court applying law to fact. Yet, even under the liberal standards of Rule 702, these topics are not ordinarily a proper subject for expert testimony:

> it would not have been possible to render this testimony admissible by qualifying [the witness] as an "expert in contract law." It is not for witnesses to instruct the jury as to applicable principles of law, but for the judge. As Professor Wigmore has observed, expert testimony on law is excluded because "the tribunal does not need the witness' judgment [. . .]." *The special legal knowledge of the judge makes the witness' testimony superfluous*. VII *Wigmore on Evidence* § 1952, at 81. *See* 3 *Corbin on Contracts* § 554, p. 227 (1960). ("Construction [of a contract] is always a matter of law for the Court").

*Marx & Co., Inc. v. Diners' Club, Inc.*, 550 F.2d 505, 509-10 (2d Cir. 1977) [Emphasis added].

Expert opinion testimony embracing issues of law may be admissible but in the limited

circumstances where it is helpful because the particular context, or subject matter, is beyond the knowledge or understanding of the fact finder. Here, this is not the case. Mr. Hansen does not assert, and his credentials do not support any assertion, that he has specific expert knowledge which makes him qualified to testify as to the legal issues of the termination of the Cooperation Agreement, nor is there any reason that these issues would benefit from his expert knowledge or understanding.

Similarly, Mr. Hansen also offers opinions challenging Mr. Dorrell's damages calculations based on factual assumptions that are not within the scope of his expertise and are properly in the realm of the fact finder in this case, namely

(a) Whether AFD USA's customers relied on fraudulent correspondence from AFD China. Dec. 9, 2011 Rebuttal Report, ¶20, 22; Apr. 9, 2012 Rebuttal Report, ¶52;

(b) Whether all or certain customers served by AFD USA, including PCT Filer, would not have stayed with AFD China "but for" AFD China's wrongful conduct. Dec. 9, 2011 Rebuttal Report, ¶¶29, 36, 38; Apr. 9, 2012 Rebuttal Report, ¶¶28, 46, 52, 53; Aug. 9, 2013 Rebuttal Report, ¶7; Dec. 6, 2013 Rebuttal Report, ¶¶25, 33-36, 44-45 and Attachment 5;

(c) The correct apportionment of profits attributable to trademark infringement, and those to lawful factors. Apr. 9, 2012 Rebuttal Report, ¶55; Dec. 6, 2013 Rebuttal Report, ¶¶32-36, 37-43 and Attachment 5, 46-48, 51-53 and Attachment 4;

(d) Whether certain accounts could not have been obtained due to infringement of the AFD mark. Dec. 6, 2013 Rebuttal Report, ¶¶37, 43 and Attachment 5, 49-50 and Attachment 5, 51-53 and Attachment 4;

(e) Whether clients who opened matters after receiving the December 28, 2007 Termination Letter "were a [] result of confusion or use of the AFD Mark." Aug. 9, 2013 Rebuttal Report, ¶8; Dec. 6, 2013 Rebuttal Report, ¶¶38-39, 43 and Attachment 5;

(f) Whether certain clients had notice of the termination of the Cooperation Agreement because they were sent the Termination letter. Dec. 6, 2013 Rebuttal Report, ¶¶38-39, 51-53 and Attachment 4;

(g) Whether certain clients had notice of Ms. Wang's association with Pacific China by email or written correspondence. Dec. 6, 2013 Rebuttal Report, ¶¶40-41, 43, 51-53 and Attachment 4; and

(h) Whether letters sent by Ms. Wang and by AFD China to customers diminished the likelihood of confusion from use of the AFD Mark. Dec. 6, 2013 Rebuttal Report, ¶¶40-42, 43, 51-53 and Attachment 4.

In addition to requiring specialized knowledge and being a sufficiently rigorous exercise of that knowledge, admissible expert testimony must serve the purpose of assisting the fact finders understanding of the facts and evidence. *Kumho Tire*, 526 U.S. at 152. Expert testimony contributes observations or analysis that may be beyond the ordinary understanding or experience of the fact finder. *Kumho Tire*, 526 U.S. at 152. Expert testimony may not go beyond this proper role of offering aid or assistance by instead supplanting, or directing the fact finder on what decision to reach, or invading the province of the judge to determine and instruct the jury on applying the applicable law. *Id.* at 148-49. Accordingly, while Rules 702 and 704(a) of the Federal Rules of Evidence relax common law rules precluding expert opinion testimony on ultimate issues,

> [t]he abolition of the ultimate issue rule does not lower the bars so as to admit all opinions. Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day.

Notes of Advisory Committee on Proposed Rule 704, Fed. R. Evid. Thus, expert testimony must be both expert and helpful, and Mr. Hansen's testimony as to the above factual issues is neither. It should be barred under Rules 701, 702 and 704.

//

## CONCLUSION

For all the foregoing reasons, the Court should barring the admission of the expert reports of AFD China's "expert" on damages John L. Hansen, and should AFD China enter any such testimony, a special jury instruction should issue reminding the jury to disregard any such improper opinion testimony.

Dated: March 7, 2014                                COMPUTERLAW GROUP LLP


By: /s/ Jack Russo
    Jack Russo
    Ansel Halliburton *Pro Hac Vice*

    Attorneys for Plaintiff AFD China Intellectual Property Law (USA) Office, Inc. and Third Party Counterclaim Defendant Lynn Wang