Jack Russo (State Bar No. 991992)
Ansel Halliburton (*Pro Hac Vice*)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863
E-mail: jrusso@computerlaw.com

Attorneys for Plaintiff AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC. and Third Party Counterclaim Defendant LYNN WANG

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC., an Oregon corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE, a Chinese Corporation,<br><br>    Defendant, | Case No.: 3:09-CV-1509-BR<br><br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE COURT'S REMARKS RELATED TO THIRD PARTY COUNTERCLAIM DEFENDANT**<br><br>**Pretrial**<br>**Conference:**    **March 21, 2014**<br>**Trial:**    **March 24, 2014**<br>**Judge:**    **Hon. Anna J. Brown** |
| AFD CHINA INTELLECTUAL PROPERTY LLC, a Maryland limited liability company,<br><br>    Counterclaim Plaintiff<br><br>    v.<br><br>LEI WANG, a/k/a LYNN WANG,<br><br>    Third Party Counterclaim Defendant. | |

## NOTICE OF MOTION *IN LIMINE* AND MOTION *IN LIMINE* NO. 5

PLEASE TAKE NOTICE that pursuant to the Court's January 3, 2014 Order (Dkt. 278), Plaintiff AFD China Intellectual Property Law (USA) Office, Inc. ("AFD USA") hereby moves this Court for an order excluding from trial any and all evidence offered by Defendant AFD China Intellectual Property Law Office or Counterclaim Plaintiff AFD China Intellectual Property LLC related to the Court's remarks concerning Third Party Counterclaim Defendant Lynn Wang. As authorized by Federal Rule of Evidence 105, plaintiff AFD China Intellectual Property Law (USA) Office and Third Party Counterclaim Defendant Lei Wang, a/k/a Lynn Wang (together, "AFD USA"), respectfully move this Court *in limine* for:

(a) an order excluding certain evidence, specifically the remarks on the record of the Honorable Anna J. Brown and any orders issued by the court calling into question Ms. Wang's credibility;

(b) a limiting instruction to the jury that it may not make use of this evidence of that purpose.

## INTRODUCTION

Plaintiff AFD USA seeks to bar evidence of any and all remarks made in Orders issued by the Court or at hearings transcribed in this case regarding Ms. Lynn Wang. This Court has the inherent power to bar evidence and testimony that either party intends to present at trial, and particularly in excluding evidence where the probative value of the evidence is outweighed by the prejudicial effect of its admission. FED. R. EVID., Rule 403. In this instance, allowing such testimony and evidence further violates Ms. Wang's constitutional rights. The evidence AFD USA seeks to bar is both inadmissible as a matter of law and potentially prejudicial if admitted at trial. As such, the Court should order its exclusion and grant this motion *in limine*.

## RELEVANT PROCEDURAL HISTORY

Counsel for AFD USA and Lynn Wang substituted into this case in or about May 2, 2012. Shortly following counsel's appearance, Plaintiff filed a motion to compel arbitration and

supporting declarations (Dkt. 84–88) based on counsel's interpretation of the wording of the various cooperation agreements between and among the parties. The Court denied that Motion, and AFD China filed a Motion for Sanctions against both Ms. Wang personally as well as against her counsel, Jack Russo. The Court also concluded that there was no basis for sanctions against Mr. Russo, and examined the issue of sanctions against Ms. Wang personally January 11, 2013. In doing so, the Court made comments on the record,[1] based on contentions from counsel for AFD China, concerning the credibility of Ms. Wang's testimony on the subject of whether she had been informed of her right to arbitrate her rights under the cooperation agreements (the "Court's Remarks"). The Court also issued orders on October 30, 2012 and January 11, 2013 discussing the same topics (Dkt. 140 and 174, the "Orders").

## ARGUMENT

The Court has the inherent power to control its proceedings, and Motions *in limine* are well recognized in practice and by case law. *Ohler v. United States*, 259 US 753, 758 (2000); *Padillas v. Stork–Gamco, Inc*. 186 F.3d 412, 417 (3rd Cir. 1999); *Luce v. United States,* 469 US 38, 41 (1984) (Court's inherent power to manage the course of trials).

### I. THE COURT'S REMARKS ARE IRRELEVANT.

The remarks made by the Court regarding Ms. Wang at various times in this case are irrelevant to the issues to be presented to the jury at trial. Evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. FED. R. EVID. 401. The Court's Remarks and Orders in this case do not satisfy this test.

At issue in this case are ownership and infringement of the "AFD" trademark, and AFD China's counterclaim for trademark cancellation and *alter ego* liability. The Court's Remarks and Orders concerned a very narrow issue (as the Court made clear repeatedly during the hearing), and did so at a hearing for a specific motion **not at all related to the claims,**

---

[1] Instances present at 5:13–16, 7:8–11, 33:13–17, 34:6–11, 34:15–35:6, 38:12–15, 42:11–21, 43:20–45:2, and 46:11–15, though much of the Court's language in that transcript concerning Ms. Wang remarks on her credibility.

**counterclaims, or facts remaining in this case**: "Look, counsel, this is the last time I'm going to tell you…Focus, please, on Ms. Wang, or sit down."[2] The Court's Remarks were not even made at a hearing related to AFD USA's Motion to Compel Arbitration, but at the following sanctions hearing. Further, the Court issued an admonition, considering this the proper course given the circumstances and based on Ms. Wang's live testimony, closing the issue.

The Court's Remarks, therefore, cannot weigh on the probability of any fact surrounding the parties' Lanham Act and common law trademark infringement claims, any underlying ownership issues, or other counterclaims, and therefore cannot be used by AFD China to prove the elements of their claims. These remarks therefore cannot be brought as evidence and the Court should exclude any and all references to remarks made by the Court. Such remarks are irrelevant, and irrelevant evidence must not be admitted. FED. R. EVID., Rule 402.

## II.   EVIDENCE OF THE COURT'S REMARKS AND ORDERS WOULD BE HIGHLY PREJUDICIAL TO AFD USA, AND SHOULD BE EXCLUDED.

According to Federal Rules of Evidence, the court may still exclude evidence if its "probative value is substantially outweighed by a danger of one or more of the following: **unfair prejudice**, confusing the issues [or] misleading the jury." FED. R. EVID. 403 (emphasis added).

Any basis for the Court's Remarks on January 11, 2013 were confined to this issue of whether Ms. Wang knew about her right to arbitrate. Any attempt by AFD China to submit those remarks to the jury would surely remove the remarks from their intended context and taint any testimony offered by Ms. Wang, causing significant unfair prejudice to both AFD USA and Ms. Wang. Therefore, the Court should exclude any and all references to remarks made by the Court.

## III.   THE COURT'S REMARKS SHOULD ALSO BE EXCLUDED AS HEARSAY.

The Court's Remarks should also be excluded as hearing, a "statement a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. Rules Evid. 801(c). The Court, in this instance is clearly the "declarant" making the "statements" under Rule 801, and

---

[2] Transcript of January, 11, 2013 hearing, 42:4–6.

AFD China may not use such evidence to attempt to prove any assertion made in that statement. Further, the declarant should not testify at a hearing or trial in this matter.

Such hearsay is not admissible unless it falls under an exception provided by a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. FED. R. EVID. 802. None of the exceptions to the rule against hearsay apply. FED. R. EVID., Rules 803–805.

Alternatively, should the Court deny this motion, AFD USA and Lynn Wang should be given the opportunity to call the author of the statements as a witness, in satisfaction of their constitutional and fundamental right to cross examine an individual on whose testimony a claim against them is based. *See Rock v. Arkansas,* 483 U.S. 44, 51 (1987) *citing In re Oliver,* 333 U.S. 257, 273 (1948). AFD USA does **not** suggest that any of Ms. Wang's declarations in this case be excluded, but AFD China should not be allowed to present conclusions reached by a declarant that cannot be cross-examined and who should not present testimony at trial regarding those contentions. Accordingly, the Court's Remarks can and should be excluded from the trial on this matter.

## CONCLUSION

For all the foregoing reasons, the Court should order Defendant and Counterclaim Plaintiff and their counsel to refrain from introducing evidence or testimony relating to the Court's Remarks, including those at the hearing on January 11, 2013 or in any other Order it issued, related to the credibility of Ms. Wang as a witness.

Dated: March 7, 2014                COMPUTERLAW GROUP LLP

                                    By: /s/ Jack Russo
                                        Jack Russo
                                        Ansel Halliburton *Pro Hac Vice*

                                        Attorneys for Plaintiff AFD China Intellectual Property Law (USA) Office, Inc. and Third Party Counterclaim Defendant Lynn Wang