Jack Russo (State Bar No. 991992)
Ansel Halliburton (*Pro Hac Vice*)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863
E-mail: jrusso@computerlaw.com

Attorneys for Plaintiff AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC. and Third Party Counterclaim Defendant LYNN WANG

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC., an Oregon corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE, a Chinese Corporation,<br><br>    Defendant,<br><br>---<br><br>AFD CHINA INTELLECTUAL PROPERTY LLC, a Maryland limited liability company,<br><br>    Counterclaim Plaintiff<br><br>    v.<br><br>LEI WANG, a/k/a LYNN WANG,<br><br>    Third Party Counterclaim Defendant. | Case No.: 3:09-CV-1509-BR<br><br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE ALL TESTIMONY AND DOCUMENTARY EVIDENCE RELATING TO THE RESIGNATION OF AFD USA'S PREVIOUS DAMAGES EXPERT, DARRELL D. DORRELL**<br><br>**Pretrial**<br>**Conference:**  March 21, 2014<br>**Trial:**  March 24, 2014<br>**Judge:**  Hon. Anna J. Brown |

## NOTICE OF MOTION *IN LIMINE* AND MOTION *IN LIMINE* NO. 6

PLEASE TAKE NOTICE that pursuant to the Court's January 3, 2014 Order (Dkt. 278), Plaintiff AFD China Intellectual Property Law (USA) Office, Inc. ("AFD USA") hereby moves this Court for an order excluding from trial any and all evidence offered by Defendant AFD China Intellectual Property Law Office or Counterclaim Plaintiff AFD China Intellectual Property LLC relating to the issue surrounding the resignation from the case of Darrell D. Dorrell, AFD USA's original expert on damages. Any evidence submitted on this topic is irrelevant to the claims remaining in this case and submission of evidence to a jury would be improper and highly prejudicial to AFD USA and Third Party Counterclaim Defendant Lynn Wang and should therefore be excluded. As authorized by Federal Rule of Evidence 105, Plaintiff AFD USA respectfully moves this Court *in limine* for:

(a) an order excluding certain evidence, specifically testimony and documentary evidence surrounding Darrell D. Dorrell, his expert reports, and the circumstances of his withdrawal from this case; and

(b) a limiting instruction to the jury that it may not make use of this evidence of that purpose.

## INTRODUCTION

Evidence of the withdrawal of Plaintiff's original damages expert, Darrell D. Dorrell should be excluded because Mr. Dorrell's opinions have been superseded in this matter by that of Plaintiff's new damages expert, Ms. Serena Morones, and any evidence of Mr. Dorrell's withdrawal is irrelevant and highly prejudicial to Ms. Wang and AFD USA. This Court has the inherent power to bar evidence and testimony that either party intends to present at trial, and particularly in excluding evidence where the probative value of the evidence is outweighed by the prejudicial effect of its admission. FED. R. EVID., Rule 403. Here, the evidence AFD USA seeks to bar is both inadmissible as a matter of law and potentially prejudicial if admitted at trial. As such, the Court should order its exclusion and grant this motion *in limine*.

## Relevant Procedural History

In or about July 2013, Plaintiff AFD USA's retained damages expert, Darrell D. Dorrell unilaterally and unexpectedly withdrew from this case, requiring AFD USA to retain a new expert and bring her and her firm up to speed on short notice. Despite years of preparation and effort, Mr. Dorrell ended his relationship with Plaintiff and refused, despite repeated requests and objections from Plaintiff and counsel. On August 23, 2013, AFD USA filed a motion (Dkt. 232) to substitute Serena Morones in to the case, which this Court granted in an order on October 7, 2013 (Dkt. 250), finding that "Plaintiff and Plaintiff's counsel had 'substantial justification' to seek the substitution of an expert witness at this late date and there was not any basis to find Plaintiff and Plaintiff's counsel acted willfully or otherwise in bad faith in seeking the substitution."

In its opposition to the motion to substitute, AFD China submitted conjecture and accusations regarding why Mr. Dorrell stepped away, including specious insinuations that "maybe Mr. Dorrell hadn't been paid," or because of Ms. Wang's alleged "proclivity for suing people and firms she works with." Dkt. 238 at p. 1. Such baseless accusations should be allowed to color the factual record in this case and AFD USA respectfully requests that this Court exclude any evidence or testimony surrounding this issue at trial.

## Argument

The Court has the inherent power to control its proceedings, and Motions *in limine* are well recognized in practice and by case law. *Ohler v. United States*, 259 US 753, 758 (2000); *Padillas v. Stork–Gamco, Inc.* 186 F.3d 412, 417 (3rd Cir. 1999); *Luce v. United States,* 469 US 38, 41 (1984) (Court's inherent power to manage the course of trials).

### I. Evidence of Mr. Dorrell's Withdrawal is Irrelevant to the Remaining Claims In This Case.

Any reference to Mr. Dorrell or the circumstances surrounding his withdrawal from the case should be precluded as irrelevant. Evidence is relevant if (a) it has a tendency to make a fact

more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. FED. R. EVID., Rule 401. Any evidence related to Mr. Dorrell and especially his abrupt departure in this case cannot satisfy this test.

At issue in this case are ownership and infringement of the "AFD" trademark, and AFD China's counterclaim for trademark cancellation and alter ego liability. The withdrawal of Darrell D. Dorrell as AFD USA's expert has been dealt with by the Court in its October 7, 2013 Order, and cannot bear on the facts and issues remaining in this case. Ms. Morones has submitted her expert opinion and AFD China's expert has entered his rebuttal, and presumably both intend to enter testimony supporting their opinions at trial. Mr. Dorrell's opinions, which were based on suspect and incomplete invoice productions by AFD China, painfully extracted over several years any motions to compel, no longer weigh on the facts of this case. Even if Mr. Dorrell's opinions were still relevant, his withdrawal can have no effect on this case other than to color the facts presented to the jury and attempt to establish bad faith on the part of Lynn Wang, AFD USA, or their counsel; and this Court has already established that no such bad faith exists. Any evidence that AFD China plans to submit on this issue should therefore be precluded. It is irrelevant and irrelevant evidence must not be admitted. FED. R. EVID., Rule 402.

II. **EVIDENCE OF OFFERS OR DISCUSSIONS OF OFFERS TO COMPROMISE AND SETTLEMENT NEGOTIATIONS WOULD BE HIGHLY PREJUDICIAL TO AFD USA.**

According to Federal Rules of Evidence, the court may exclude evidence surrounding Mr. Dorrell's withdrawal as the "probative value is substantially outweighed by a danger of one or more of the following: **unfair prejudice**, confusing the issues [or] misleading the jury." FED. RULES EVID. 403.

As stated above, because the Court has already found no bad faith on the parts of Plaintiff, Counterclaim Defendant, or their counsel, AFD China's only possible goal for submitting evidence related to Mr. Dorrell is to paint AFD USA in a negative light, creating exactly the unfair prejudice Rule 403 protects against.

Further, inclusion of Mr. Dorrell's previous and outdated reports in AFD China's submissions would only serve to confuse the jury and issues surrounding AFD USA's damages numbers. Ms. Morones entered a report based on the invoices AFD China produced, and while there is still some questions as to whether all relevant invoices were turned over, Ms. Morones has submitted a Rule 26 Report summarizing her opinions and will give testimony independent of Mr. Dorrell's theories and previous reports. There is therefore no reason to include such evidence, and it should be excluded.

## CONCLUSION

For all the foregoing reasons, the Court should order Defendant and Counterclaim Plaintiff and their counsel to refrain from introducing evidence or testimony relating to Darrell D. Dorrell, his expert opinions and reports, and the circumstances surrounding his withdrawal from the case, whether between the parties themselves, or settlements with third parties, and including any type of communication whether it be verbal, written or otherwise. Should AFD China submit any such testimony, AFD USA further requests a specific instruction to the jury that it may not make use of this evidence in its deliberations.

Dated: March 7, 2014
COMPUTERLAW GROUP LLP

By: /s/ Jack Russo

Jack Russo
Ansel Halliburton *Pro Hac Vice*

Attorneys for Plaintiff AFD China Intellectual Property Law (USA) Office, Inc. and Third Party Counterclaim Defendant Lynn Wang