Christopher E. Hawk, OSB #061635
Gordon & Rees LLP
121 SW Morrison Street,
Suite 1575
Portland, OR 97204
Tel: (503) 222-1075
Fax: (503) 616-3600
Email: chawk@gordonrees.com

Glenn Westreich (Pro Hac Vice)
Aimee Furness (Pro Hac Vice)
Haynes and Boone, LLP
2033 Gateway Place, Suite 300
San Jose, CA 95110
Phone: (408) 660-4151
Email: glenn.westreich@haynesboone.com
        aimee.furness@haynesboone.com

Attorneys for AFD China Intellectual Property
Law Office and AFD China Intellectual
Property LLC

Jack Russo, OSB #991992
Ansel Halliburton (Pro Hac Vice)
ComputerLaw Group LLP
401 Florence Street
Palo Alto, CA 94301

Attorneys for Plaintiff AFD China Intellectual
Property Law (USA) Office, Inc. and Third
Party Counterclaim Defendant Lynn Wang

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| **AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC.,** an Oregon corporation, | Case No.: 3:09-CV-1509-BR |
| Plaintiff, | **JOINT SUBMISSION OF JURY INSTRUCTIONS** |
| -vs- | |
| **AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE,** a Chinese Corporation, | |
| Defendant. | |
| **AFD CHINA INTELLECTUAL PROPERTY LLC**, a Maryland limited liability company, | |
| Counterclaim Plaintiff | |
| -vs- | |
| **LEI WANG, a/k/a LYNN WANG**, | |
| Third Party Counterclaim Defendant. | |

AFD China Intellectual Property Law Office ("AFD China"), AFD China Intellectual Property Law (USA) Office, Inc. ("AFD USA"), AFD China Intellectual Property LLC ("AFD LLC"), and Lei Wang, a/k/a Lynn Wang (collectively, the "Parties") jointly the proposed jury instructions.

| Proposed Instruction No. | Party | Jury Instruction | Page |
|---|---|---|---|
| 1 | Joint | Duty Of Jury (Court Reads And Provides Written Instructions) | 5 |
| 2 | Joint | Duty Of Jury (Court Reads And Provides Written Instructions At End Of Case) | 6 |
| 3 | Joint | Claims And Defenses | 7 |
| 4 | Joint | Burden Of Proof—Preponderance Of The Evidence | 8 |
| 5 | AFD USA | Two Or More Parties—Different Legal Rights | 9 |
| 6 | Joint | What Is Evidence | 10 |
| 7 | Joint | What Is Not Evidence | 11 |
| 8 | Joint | Evidence For Limited Purpose | 12 |
| 9 | Joint | Direct And Circumstantial Evidence | 13 |
| 10 | Joint | Ruling On Objections | 14 |
| 11 | Joint | Credibility Of Witnesses | 15 |
| 12 | Joint | Conduct of the Jury | 16 |
| 13 | Joint | No Transcript Available to Jury | 17 |
| 14 | Joint | Taking Notes | 18 |
| 15 | Joint | Jury to be Guided by Official English Translation/Interpretation | 19 |
| 16 | Joint | Use of Interpreters in Court | 20 |
| 17 | Joint | Bench Conferences and Recesses | 21 |
| 18 | Joint | Outline of Trial | 22 |
| 19 | Joint | Stipulations of Fact | 23 |
| 20 | AFD China** | Judicial Notice | 29 |
| 21 | AFD China | Impeachment Evidence - Witness | 30 |
| 22 | Joint | Use of Interrogatories of a Party | 31 |
| 23 | AFD China | Admissions | 32 |
| 24 | Joint | Expert Opinion | 33 |
| 25 | Joint | Charts and Summaries Not Received In Evidence | 34 |
| 26 | Joint | Charts and Summaries In Evidence | 35 |
| 27 | Joint | Duty to Deliberate | 36 |
| 28 | Joint | Consideration of Evidence – Conduct of the Jury | 37 |

| Proposed Instruction No. | Party | Jury Instruction | Page |
|---|---|---|---|
| 29 | Joint | Communication with Court | 38 |
| 30 | Joint | Return of Verdict | 39 |
| 31 | Joint | Corporations and Partnerships – Fair Treatment | 40 |
| 32 | Joint | Liability of Corporations – Scope of Authority Not In Issue | 41 |
| 33 | Joint | Parties | 42 |
| 34 | AFD USA | Damages – Proof | 43 |
| 35 | AFD USA | Preliminary Instruction – Trademark | 44 |
| 36 | AFD China | Preliminary Instruction – Lanham Act Trademark Infringement and Unfair Competition | 46 |
| 37 | AFD China | The Burden of Proof | 47 |
| 38 | Partially Joint | Trademark Liability – Theories and Policies | 49 |
| 39 | Joint | Infringement – Elements and Burden of Proof – Trademark | 50 |
| 40 | AFD USA | Infringement – Elements – Presumed Validity and Ownership – Registered Trademark | 51 |
| 41 | AFD China | Infringement – Elements – Presumed Validity and Ownership – Registered Trademark | 52 |
| 42 | AFD USA | Infringement – Elements – Ownership - Generally | 55 |
| 43 | AFD China | Infringement – Elements – Ownership – Generally | 56 |
| 44 | AFD China | Agency | 58 |
| 45 | AFD USA | Trademark Ownership – Assignee | 59 |
| 46 | AFD China | Common Law Trademark Infringement and Unfair Competition – General Principles | 60 |
| 47 | AFD USA | Common Law Trademark Infringement | 61 |
| 48 | AFD China | Definition of Common Law Trademark | 63 |
| 49 | AFD USA | Definition – Trade Name / Commercial Name | 64 |
| 50 | AFD USA | Trade Name Ownership | 65 |
| 51 | AFD USA | Tacking | 66 |
| 52 | AFD China | Ownership of Common Law Trademark | 67 |
| 53 | AFD China | General Statement of Conditions of Common Law Infringement | 68 |
| 54 | AFD China | Common Law Unfair Competition – General Principles | 69 |
| 55 | AFD China | Fraudulently Markets | 70 |
| 56 | AFD China | AFD China's Affirmative Defenses | 71 |
| 57 | AFD USA | Defenses – Abandonment – Affirmative Defense – Defendant's Burden of Proof | 72 |
| 58 | AFD China | AFD China's Defense – Abandonment – Affirmative | 73 |

| Proposed Instruction No. | Party | Jury Instruction | Page |
|---|---|---|---|
| | | Defense – AFD China's Burden of Proof | |
| 69 | AFD China | AFD China's Defenses – Waiver | 74 |
| 60 | AFD China | AFD China's Defenses – Estoppel | 75 |
| 61 | AFD China | AFD China's Defenses – Acquiescence | 76 |
| 62 | AFD China | Federal Claims Damages – Actual Damages | 77 |
| 63 | AFD USA | Trademark Damages – Defendant's Profits | 78 |
| 64 | AFD China | Trademark and Unfair Competition Damages - Profits | 79 |
| 65 | AFD China | Nominal Damages | 80 |
| 66 | AFD USA | Trademark Damages – Intentional Infringement | 81 |
| 67 | AFD China | Trademark Damages – Intentional Infringement | 82 |
| 68 | AFD China | Damages for Common Law Trademark Infringement or Unfair Competition | 83 |
| 69 | AFD China | Elements of Recoverable Damages for Common Law Trademark Infringement or Unfair Competition | 84 |
| 70 | AFD China | Profits as Damages for Common Law Trademark Infringement or Unfair Competition | 85 |
| 71 | AFD China | Computation of Profits | 86 |
| 72 | AFD China | Alter Ego | 87 |
| 73 | AFD USA | Alter Ego Liability | 88 |
| 74 | AFD USA | Statute of Limitation Defense (Discovery Rule) | 90 |

** = All instructions listed as "AFD China" are those proposed by both AFD China and AFD LLC, the designation of "AFD China" is used to conserve space and without waiver of AFD LLC's rights.

# JOINT INSTRUCTION NO. 1.

## Duty Of Jury (Court Reads And Provides Written Instructions)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source:** Ninth Circuit Manual of Modern Jury Instructions Civil ("MCJI") 1.1A.

## JOINT INSTRUCTION NO. 2.

### Duty Of Jury (Court Reads And Provides Written Instructions At End Of Case)

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*or*

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

 You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important

**Source**:  MCJI 1.1C

**JOINT INSTRUCTION NO. 3.**

**Claims And Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

AFD USA claims that it owns the "AFD" trademark in the United States, that AFD China has infringed on its "AFD" trademark, and that AFD China has competed unfairly. AFD USA has the burden of proving these claims.

AFD China denies those claims and asserts in defense that AFD USA's claims are barred by estoppel and acquiescence. Further, AFD China contends it is the rightful owner of the AFD Mark. AFD China contends that AFD USA obtained the registration of the mark through fraud on the United States Patent and Trademark Office. Finally, AFD China contends that AFD USA abandoned the AFD Mark.

AFD China and AFD LLC also seek that this Court declare that it is the true owner of the AFD Mark. AFD China alleges that AFD USA and Ms. Wang have engaged in unfair competition and have infringed on AFD China's trademark. AFD China and AFD LLC have the burden of proof on their defenses and counterclaims.

AFD USA and Ms. Wang deny AFD China's and AFD LLC's claims, and assert in defense that AFD China and AFD LLC do not own the "AFD" mark,

**Source**:  MCJI 1.2 (Modified).

**JOINT INSTRUCTION NO. 4.**

**Burden Of Proof—Preponderance Of The Evidence**

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source**:  MCJI 1.3

# AFD USA INSTRUCTION NO. 5.

## Two Or More Parties—Different Legal Rights

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

**Source**:  MCJI 1.5

**AFD China's Analysis:**  AFD China's Pre-Trial Memorandum, Section II.K.1.

**JOINT INSTRUCTION NO. 6.**

**What Is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

      1.      the sworn testimony of any witness;

      2.      the exhibits which are received into evidence; and

      3.      any facts to which the lawyers have agreed.

**<u>Source</u>**:  MCJI 1.6

# JOINT INSTRUCTION NO. 7.

## What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source**: MCJI 1.7

# JOINT INSTRUCTION NO. 8.

## Evidence For Limited Purpose

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

[The testimony [you are about to hear] [you have just heard] may be considered only for the limited purpose of [*describe purpose*] and for no other purpose.]

**Source**:  MCJI 1.8

# JOINT INSTRUCTION NO. 9.

## Direct And Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**Source**:  MCJI 1.9

**JOINT INSTRUCTION NO. 10.**

**Ruling On Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Source**:  MCJI 1.10

# JOINT INSTRUCTION NO. 11.

## Credibility Of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Source**:  MCJI 1.11

## JOINT INSTRUCTION NO. 12.

### Conduct Of The Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

**Source**: MCJI 1.12

**JOINT INSTRUCTION NO. 13.**

**No Transcript Available To Jury**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**Source**:  MCJI 1.13

**JOINT INSTRUCTION NO. 14.**

**Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Source**:  MCJI 1.14

**JOINT PROPOSED INSTRUCTION NO. 15.**

**Jury To Be Guided By Official English Translation/Interpretation**

Languages other than English may be used during this trial.

The evidence to be considered by you is only that provided through the official court translators. Although some of you may know Mandarin Chinese, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation. You must disregard any different meaning.

<u>**SOURCE:**</u>  MCJI 1.16 (Modified)

## JOINT PROPOSED INSTRUCTION NO. 16.

### Use Of Interpreters In Court

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

**<u>SOURCE:</u>** MCJI 1.17

# JOINT INSTRUCTION NO. 17.

## Bench Conferences And Recesses

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source**: MCJI 1.18

**JOINT INSTRUCTION NO. 18.**

**Outline Of Trial**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Source**: MCJI 1.19

**JOINT PROPOSED INSTRUCTION NO. 19.**

**Stipulations Of Fact**

The parties have agreed to certain facts to be placed in evidence as <u>Exhibit "1"</u> that will be read to you. You should therefore treat these facts as having been proved.

The following facts have been stipulated to:

1. AFD China is a corporation organized and existing under the laws of the People's Republic of China (the "PRC") having a principal place of business in Beijing, China.

2. AFD China is licensed and authorized to perform intellectual property services on behalf of foreign clients before various intellectual property agencies in the PRC.

3. AFD USA is a corporation organized and existing under the laws of the State of Oregon. Ms. Wang is a Chinese citizen educated in the United States, living in the United States, with the right to work in the United States.

4. Ms. Wang is the sole shareholder, officer, and director of AFD USA. Ms. Wang has sole control of the management and business of AFD USA. Throughout the events that are the subject matter of this case, AFD USA acted principally through Ms. Wang.

5. Ms. Wang is not a patent agent in the PRC. Ms. Wang is also not licensed to practice law in the United States and is not registered as a patent agent with the United States Patent and Trademark Office (the "USPTO"). AFD USA cannot – on its own – provide legal services to clients in the United States or China.

6. No employees of AFD USA are or were licensed to practice law by any state bar association. Although Ms. Wang has associated with Chinese intellectual property firms such as AFD China prior to and since cooperating with AFD China, in all instances Ms. Wang bore her own business expenses, and shared in those Chinese partners' fees generated by billings to the clients.

7. Discussions between Ms. Wang and Ms. Zheng began in the Fall of 2004.

8. On December 13, 2004, AFD China registered the domain name www.afdip.com.

9. On December 14, 2004 Lynn Wang registered the domain name afdip-usa.com.

10. On December 15, 2004, Ms. Wang received a letter from AFD China offering her a position as partner and representative in the United States for AFD China. The letter expressly states, "[y]our start date with AFD China Intellectual Property Law Office is December 15, 2004."

11. When Ms. Wang notified her clients at her former firm, ANSEN Patent Law Office, that she was leaving, she identified her new firm as "AFD China Intellectual Property Law Office."

12. In December 2004, AFD China entered into a first cooperation agreement with Ms. Wang (the "December 30 Agreement"). The two parties to the December 30 Agreement were Lynn Wang and "AFD China Intellectual Property Law Office." The December 30 Agreement stated that AFD China and Ms. Wang would "register a limited-liability company named AFD China Intellectual Property Law (USA) Office, INC. in Oregon."

13. On or about December 31, 2004, Xia Zheng, the founder and principal of AFD China, personally entered into a second cooperation agreement with Ms. Wang (the "December 31 Agreement").

14. On or about November 29, 2005, AFD China and AFD USA entered into a cooperation agreement (the "Cooperation Agreement"). Ms. Wang executed the Cooperation Agreement on behalf of AFD USA. This was the first cooperation agreement between the parties that expressly included AFD USA.

15. The effective date of the Cooperation Agreement was on or about January 1, 2005.

16. The Cooperation Agreement superseded all prior agreements between AFD China, Xia Zheng, AFD USA, and Ms. Wang.

17. Under the Cooperation Agreement, all agency fees generated by a case or project were to be shared by AFD USA and AFD China on an equal (50-50) basis, net of government filing fees and occasional technical expert fees.

18. There was no agreement or practice between AFD China and AFD USA to share expenses. The Cooperation Agreement required each party to independently bear its own expenses.

19. * The December 30 Agreement as well as the December 31 Agreement allocated certain responsibilities between the respective parties.

20. In promotional materials utilized by Ms. Wang and AFD USA, AFD China's Beijing office was identified as AFD China's headquarters. AFD USA's Portland, Oregon office was identified as AFD China's local U.S. office.

21. On September 26, 2006, AFD USA filed a federal trademark application with the USPTO for the AFD Mark. The application indicated that the AFD Mark would be utilized for the provision of "Legal Services." The application states, on behalf of AFD USA, that the AFD Mark "was first used at least as early as 03/01/2005."

22. * On May 15, 2007, the USPTO published AFD USA's application for the AFD Mark in the *Trademark Office Gazette*.

23. On July 31, 2007, the USPTO issued AFD USA's application for the AFD Mark as Registration No. 3,270,951 (the "Federal Trademark Registration").

24. On November 17, 2008, AFD China applied to the United States Patent and Trademark Office to register the mark "AFD" on the Principal Register as a service mark in connection with "Legal Services." On February 17, 2009, the USPTO rejected AFD China's application because of a likelihood of confusion with the Federal Trademark Registration.

25. * On February 11, 2009, AFD USA filed a complaint in the First Intermediate People's Court of Beijing (the "Beijing Trial Court") entitled *AFD China Intellectual Property Law (USA) Office v. AFD China Intellectual Property Law Office*, Case No. (2009) Yi Zhong Min Chu Zi 4354 (the "PRC Trial Action") seeking damages for breach of the Cooperation Agreement.

26. * AFD USA's claims in the PRC Trial Action were that AFD China had wrongfully terminated the Cooperation Agreement and that as a result of that breach, AFD USA was entitled to its share of fees generated by completing the specific IP cases that it had sent to AFD China prior to the termination of the Cooperation Agreement.

27. * On December 18, 2009, the Beijing Trial Court ruled that "AFD China did not breach the Cooperation Agreement by terminating the agreement."

28. * The Beijing Trial Court also ruled that neither AFD USA nor AFD China had any further obligation to pay the other any share of fees collected from clients.

29. * On December 17, 2010, the Higher People's Court of Beijing affirmed the Beijing Trial Court's holding.

30. * On August 23, 2011, the Supreme People's Court of Beijing also affirmed the Beijing Trial Court's holding.

31. * Neither the PRC trial or appellate courts addressed the AFD Mark or its registration in the United States.

32. * On August 21, 2009, AFD China filed a suit against Ms. Wang in the Superior Court of California, County of Santa Clara (the "First California Suit").

33. * On December 4, 2009, Ms. Wang filed a Motion to Stay the First California Suit pending resolution of the PRC Trial Action. In her motion, Ms. Wang admitted that she and AFD USA are "substantially identical parties."

34. * On December 28, 2009, AFD USA filed lawsuits in the Superior Court of California (the "Second California Suit") and in this Court. Both suits contained claims for declaratory judgment, Lanham Act trademark infringement, Lanham Act unfair competition, common

law trademark infringement and unfair competition, misappropriation of trade secrets, unjust enrichment, intentional interference with economic relations, and conversion.

35. * On September 1, 2010, AFD USA dismissed the Second California Suit without prejudice and filed a Cross-Complaint (along with Ms. Wang) in the First California Suit.

36. * On December 21, 2011, AFD USA voluntarily dismissed without prejudice its Cross-Complaint claims in the First California Suit.

37. * AFD China and Ms. Wang appeared for trial in the First California Suit on January 10, 2012. At the trial judge's request, the parties spent the next two days working with the judge to resolve the dispute and reached a settlement agreement in principle on January 11. AFD China's and Ms. Wang's claims in the First California Suit were dismissed.

38. * Pursuant to the terms of the parties' settlement agreement in the First California Suit, AFD USA dismissed its claim for conversion in this matter and agreed not to assert any claim for payment on certain invoices listed in Exhibit C to the settlement agreement.

39. * On January 4, 2012, AFD USA and AFD China Intellectual Property, LLC ("AFD LLC") entered into a settlement agreement. In that agreement, AFD USA settled all claims against AFD LLC including claims for Lanham Act and common law trademark infringement, Lanham Act and common law unfair competition, misappropriation of trade secrets, unjust enrichment, intentional interference with economic relations, and conversion. AFD USA released all claims against AFD LLC with prejudice.

40. The ownership of the AFD Mark has not been decided by a judge or jury.

41. An actual controversy exists between AFD China and AFD USA as to the ownership of the AFD Mark and U.S. Trademark Registration No. 3,270,951 in connection with the provision of legal services in the United States.

42. AFD China was communicating with US clients as "AFD China" as early as January 2005.

43. AFD China began contracting with US clients as "AFD China" as early as January 2005.

44. The Cooperation Agreement identified AFD China as a company engaged in intellectual property services in China.

45. The Cooperation Agreement identifies AFD USA as a company that provides consulting services in the United States.

46. The Cooperation Agreement provided AFD China's approval of the registration of AFD USA as a consulting company in the United States.

47. The Cooperation Agreement required AFD USA to tell clients that AFD China was the party providing the client with legal services.

48. No provision of the Cooperation Agreement (or of any other prior agreement between the parties) covers the issue of which party would own the "AFD" trademark in the United States.

49. After the termination of the Cooperation Agreement, Ms. Wang affiliated with Pacific China for two months before affiliating with Peksung Intellectual Property.

50. In its USPTO trademark application for the AFD Mark, AFD USA included a specimen described as "promotional materials for applicant's services" (the "Specimen").

51. The Specimen states that "AFD Intellectual Property Law Office, a Chinese intellectual property firm, provides a full range of professional services in all areas of Intellectual Property in the People's Republic of China."

52. AFD USA has no one on staff that is licensed to practice law in the People's Republic of China. Without AFD China or another partner, AFD USA could not represent clients before the Chinese State Intellectual Property Office.

53. The Specimen goes on to state: "Each attorney brings his or her own unique skills and identity to the team." The Specimen also states: "We have a full-time staff of experienced patent and trademark attorneys and a professional team with modern information systems."

54. AFD USA had no attorneys on staff from the time of the filing of the Specimen to the present. AFD China has had patent and trademark attorneys on its staff from the time of the filing of the Specimen to the present.

55. The Specimen Ms. Wang presented under oath as applying to AFD USA goes on to state: "AFD China Intellectual Property Law Office is a private law firm based in China, with offices in the US."

56. At the time of the initial filing of this lawsuit, AFD USA had knowledge of the Beijing Trial Court's ruling in the PRC Trial Action.

57. On December 29, 2007, AFD China issued a letter stating that AFD China was terminating its relationship with AFD USA, that Lynn Wang was no longer associated with AFD China, and that all future correspondence should be directed to AFD China in Beijing.

58. Also on December 29, 2007, AFD China gave AFD USA a written notice to cease and desist usage of the AFD Mark.

59. AFD China's December 28, 2007 termination letter to AFD USA states that "Since you have no professional on your side, there exists the possibility that professional issues could not be exactly understood and messages could be wrongly forwarded." AFD USA's certified Chinese translation of the same December 28, 2007 letter states: "Since your organization does not include any specialized personnel, there exists the possibility of an inability to comprehend specialized issues or for errors in transmissions."

60. AFD China's December 29, 2007 cease-and-desist letter to AFD USA states "Apparently, you are aware of our above use of the trade name AFD since we negotiated cooperation in December, 2004."

61. AFD China's December 29, 2007 cease-and-desist letter to AFD USA states: "We have just discovered that you registered our trademark AFD in USA (Filing Date: September 26, 2006, Serial Number 77008112, Publication Date: May 15, 2007, Registration Date: July 31, 200, Registration Number: 3270951)."


SOURCE: Pre-Trial Order.

* Indicates that one party believes the fact is not relevant to this matter.

**AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 20.**

**Judicial Notice**

You must accept as true that, as early as December 8, 2004, AFD China was using "AFD China" on its website.

<u>**SOURCE:**</u>  MCJI 2.2

**AFD China's Analysis:**  AFD China's Pre-Trial Memorandum, Section II.K.2.

**AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 21.**

**Impeachment Evidence—Witness**

The evidence that a witness has lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

**SOURCE:** MCJI 2.8

**AFD China's Analysis:** AFD China's Pre-Trial Memorandum, Section II.M.

**JOINT INSTRUCTION NO. 22.**

**Use Of Interrogatories Of A Party**

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Source**:  MCJI 2.10

**AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO.  23.**

**Admissions**

Statements made by a party that are unfavorable to that party are called admissions.  An admission can be made in writing or orally.  You should view a written admission by a party as competent evidence related to the topic at issue.

Admissions can also be made orally.  A witness's testimony, or other evidence about such statements, is to be viewed with caution. In evaluating testimony or other evidence about an oral admission, you should consider two things:

(1) Whether the statement was clearly and understandingly made by the plaintiff or the defendant; and

(2) Whether the language is correctly remembered and accurately reported by the witness.

<u>**SOURCE:**</u>  Oregon Uniform Civil Jury Instructions, 11.01 (modified).

# JOINT INSTRUCTION NO. 24.

## Expert Opinion

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Source**:  MCJI 2.11

**JOINT INSTRUCTION NO. 25.**

**Charts And Summaries Not Received In Evidence**

Certain charts and summaries not received in evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**Source**:  MCJI 2.12

## JOINT INSTRUCTION NO. 26.

## Charts And Summaries In Evidence

Certain charts and summaries [may be] [have been] received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Source**:  MCJI 2.13

**JOINT INSTRUCTION NO. 27.**

**Duty To Deliberate**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

<u>**Source**</u>: MCJI 3.1

## JOINT INSTRUCTION NO. 28.

### Consideration Of Evidence—Conduct Of The Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

**Source**: MCJI 3.1A

# JOINT INSTRUCTION NO. 29.

## Communication With Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**<u>Source</u>**: MCJI 3.2

# JOINT INSTRUCTION NO. 30.

## Return Of Verdict

A verdict form has been prepared for you.  [*Any explanation of the verdict form may be given at this time.*]  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Source**:  MCJI 3.3

**JOINT INSTRUCTION NO. 31.**

**Corporations And Partnerships—Fair Treatment**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**Source**:  MCJI 4.1

## JOINT INSTRUCTION NO. 32.

### Liability Of Corporations—Scope Of
### Authority Not In Issue

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**Source:** MCJI 4.2

**JOINT INSTRUCTION NO. 33.**

**Parties**

In this case and in these instructions, AFD China Intellectual Property Law (USA) Office, Inc. will be referred to as "AFD USA." AFD USA's sole shareholder, officer, and director is Lei Wang, also known as Lynn Wang. In Chinese cultural tradition, names are typically written with the surname first (i.e. Wang Lei).

AFD China Intellectual Property Law Office will be referred to as "AFD China." Xia Zheng is AFD China's representative in this matter. Ms. Zheng may also be referred to in writing as Zheng Xia.

AFD China Intellectual Property LLC will be referred to as "AFD LLC." Stephen Yang will be AFD LLC's representative in this matter.

# AFD USA'S PROPOSED INSTRUCTION NO. 34.

## DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

- profits
- actual damages

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**SOURCE:** MCJI 5.1

**AFD China's Analysis:** AFD China's Pre-Trial Memorandum, Section II.C.4.a.

**AFD USA'S PROPOSED INSTRUCTION NO. 35.**

**Preliminary Instruction—Trademark**

The plaintiff, AFD USA, seeks damages against the defendants, AFD China and AFD LLC, for trademark infringement and unfair competition. The defendants deny infringing the trademark and unfairly competing, and contend that AFD USA's trademark registration is invalid. To help you understand the evidence that will be presented in this case, I will explain some of the legal terms you will hear during this trial.

**Definition Of A Trademark**

A trademark is a word, a name, a symbol, a device, or a combination of them that indicates the source of goods or services. The owner of a trademark has the right to exclude others from using that trademark.

**How A Trademark Is Obtained**

A person acquires the right to exclude others from using a trademark by being the first to use it in the marketplace, or by using it before the alleged infringer. Rights in a trademark are obtained only through commercial use of the mark in the United States.

**Trademark Interests**

The owner of a trademark may transfer, give, or sell to another person the owner's interest in the trademark. This type of agreement is called an assignment, and the person who receives the owner's interest is called an assignee. An assignee has the right to exclude others from using the trademark. To be enforceable, the assignment must be in writing and signed. It must also include the goodwill of the business connected with the trademark.

The owner of a trademark may also enter into an agreement that permits another person to use the trademark. This type of agreement is called a license, and the person permitted to use the trademark is called a licensee.

A trademark owner may enforce the right to exclude others in an action for infringement.

**Trademark Registration**

Once the owner of a trademark has obtained the right to exclude others from using the trademark, the owner may obtain a certificate of registration issued by the United States Patent and Trademark Office. Thereafter, when the owner brings an action for infringement, the owner may rely solely on the registration certificate to prove that the owner has the right to exclude others from using the trademark in connection with the type of goods or services specified in the certificate.

**The Plaintiff's Burden Of Proof**

In this case, the plaintiff, AFD USA, contends that the defendant, AFD China, has infringed the plaintiff's trademark. The plaintiff has the burden of proving by a preponderance of the evidence that the plaintiff is the owner of a valid trademark and that the defendant infringed that trademark. Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the defendant infringed the plaintiff's trademark.

**The Defendant's Burden Of Proof**

The defendant contends that the registered trademark is invalid or unenforceable, the trademark has been abandoned, or that AFD China is the rightful owner of the trademark. The defendant has the burden of proving by clear and convincing evidence that the registered trademark is invalid, the trademark has been abandoned, or that it is the rightful owner of the trademark.

Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the registered trademark is invalid, the trademark has been abandoned, or that AFD China is the rightful owner of the trademark.

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.[1]

**SOURCE:** MCJI 15.0, 1.4 (modified)

**AFD China's Analysis:** AFD China's Pre-Trial Memorandum, Section II.K.3.

---

[1] Adopted from 1.4 Burden of Proof—Clear and Convincing Evidence

**AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 36.**

**Preliminary Instruction— Lanham Act Trademark Infringement And Unfair Competition**

In this case, the parties seek damages for various violations of trademark law. Some of these violations are covered under federal trademark law, while other violations are covered under the common law of the State of Oregon. These instructions will first discuss federal trademark infringement and unfair competition.

AFD USA seeks damages against AFD China for federal trademark infringement and unfair competition. AFD China denies infringing the trademark and unfairly competing. Further, AFD China contends that it is the rightful owner of the AFD Mark and is the only one entitled to use it.

In addition, AFD China and AFD LLC seek damages against AFD USA and Ms. Wang for federal unfair competition. AFD USA and Ms. Wang deny unfairly competing.

To help you understand the evidence that will be presented in this case, I will explain some of the legal terms you will hear during this trial.

## DEFINITION OF A TRADEMARK

A trademark is a word, a name, a symbol, a device, or a combination of them that indicates the source of goods. The owner of a trademark has the right to exclude others from using that trademark.

## HOW A TRADEMARK IS OBTAINED

A person acquires the right to exclude others from using a trademark by being the first to use it in the marketplace, or by using it before the alleged infringer. Rights in a trademark are obtained only through commercial use of the mark. "Commercial use" means the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve the mark. Preparations to use a mark in commerce are not sufficient to constitute use in the market. For example, use of a term in advertising prepared by a printer, use of a term to prepare announcements for a new business, use of a term for letterhead and business cards, and incorporation of a company are not enough to be "commercial use."

The term "person" as used in these instructions includes corporations, including AFD USA, AFD China, and AFD LLC.

A trademark owner may enforce the right to exclude others in an action for infringement or unfair competition.

**SOURCE:** MCJI 15.0 (Modified)

**AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 37.**

**The Burden Of Proof**

In this case, AFD USA contends that AFD China has infringed AFD USA's trademark and is unfairly competing. AFD China and AFD LLC contend that AFD USA and Ms. Wang have infringed on AFD China's trademark and are unfairly competing.

The parties have the burden of proving by a preponderance of the evidence that (1) they are the owner of a valid trademark and (2) the other party infringed that trademark.

Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that (1) the party is the owner of the AFD Mark and (2) the other party infringed the trademark.

AFD China contends, in defense, that:

(1)     AFD China was the first to use the AFD Mark and, therefore, is the owner of the AFD Mark,

(2)     AFD USA abandoned the AFD Mark,

(3)     AFD USA did not retain quality control over the services sold under the AFD Mark,

(4)     AFD USA is equitably estopped from asserting its alleged rights to the AFD Mark against AFD China, and

(5)     AFD USA acquiesced to AFD China's use of the AFD Mark.

In order to prove the following defenses, AFD China needs to prove by a preponderance of the evidence that:

(1)     AFD China owns the mark because it was the first to use the AFD Mark, or

(2)     AFD USA is equitably estopped from asserting its alleged rights to the AFD Mark against AFD China, or

(3)     AFD USA acquiesced to AFD China's use of the AFD Mark.

In order to prove the following defenses, AFD China needs to prove by clear and convincing evidence that:

(1)     AFD USA abandoned the AFD Mark, or

(2)    AFD USA did not retain quality control over the services sold under the AFD Mark.

**SOURCE:**  MCJI 15.0 (Modified); 15 U.S.C. § 1127 (definition of commercial use); *adidas America, Inc. v. Payless Shoesource, Inc.* 529 F.Supp.2d 1215, 1257 (estoppel and acquiescence defenses); *Daltronics, Inc. v. H.L. Dalis, Inc.,* 158 U.S.P.Q. 475, 480 (T.T.A.B. 1968); *Silberstein v. Fox Entertainment Group, Inc.,* 424 F. Supp. 2d 616, 633 (S.D.N.Y. 2004); *Maritec Indus., Inc. v. Sterling Powerboats Inc.*, 75 U.S.P.Q.2d 1145, 2004 WL 3403353, at *4 (M.D. Fla., 2004); *Lawyers Title Ins. Co. v. Lawyer Title Ins. Corp.*, 109 F.2d 35, 39-42 (App. D.C. 1939); *Vuitton et Fils S.A. v. J. Young Enterprises,* 644 F.2d 769 (9th Cir. 1981).

## PARTIALLY AGREED PROPOSED INSTRUCTION NO. 38.

### Trademark Liability—Theories And Policies
### (15 U.S.C. §§ 1114(1), 1125(A))

The trademark laws balance three often-conflicting goals: 1) protecting the public from being misled about the nature and source of goods and services, so that the consumer is not confused or misled in the market; 2) protecting the rights of a business to identify itself to the public and its reputation in offering goods and services to the public; and 3) protecting the public interest in fair competition in the market.

The balance of these policy objectives vary from case to case, because they may often conflict. Accordingly, each case must be decided by examining its specific facts and circumstances, of which you are to judge.

For the purpose of this instruction, the party that you find for on its respective trademark infringement or unfair competition claims will be called the "Owner." The other party will be called the "Competitor."

In my instructions, I will identify types of facts you are to consider in deciding if the Competitor is liable to the Owner for violating the trademark law. These facts are relevant to whether the Competitor is liable for:

1. infringing Owner's registered trademark rights, by using a trademark in a manner likely to cause confusion among consumers;

2. unfairly competing, by using a trademark in a manner likely to cause confusion as to the origin or quality of Owner's services; and

[3. infringing Owner's trade name, by using similar corporate, business or professional names in a manner likely to cause confusion about the source of products in the minds of consumers.]

**SOURCE:** MCJI 15.4 (modified)

**AFD China's Analysis:**  AFD China agrees to this instruction in general but not to the submission of the bracketed #3.  See AFD China's Pre-Trial Memorandum, Section II.G.

## JOINT INSTRUCTION NO. 39.

## Infringement—Elements And Burden Of Proof—Trademark
## (15 U.S.C. § 1114(1) & 15 U.S.C. § 1125(a)(1))

The parties have agreed that "AFD" is a valid, protectable trademark. The parties have further agreed that the use of the AFD Mark by both AFD USA and AFD China is likely to cause confusion about the source of the services offered.

## AFD USA'S CLAIMS

On AFD USA's claim for trademark infringement and unfair competition, AFD USA has the burden of proving each of the following elements by a preponderance of the evidence:

    1.  AFD USA owns "AFD" as a trademark; and

    2.  AFD China used "AFD" in the United States without the consent of AFD USA.

If you find that each of the elements on which AFD USA has the burden of proof has been proved, your verdict should be for AFD USA unless you find that AFD China has proven one of its affirmative defenses. If, on the other hand, AFD USA has failed to prove any of these elements, your verdict should be for AFD China.

## AFD CHINA'S AND AFD LLC'S CLAIM

On AFD China's and AFD LLC's claim for unfair competition, AFD China and AFD LLC have the burden of proving each of the following elements by a preponderance of the evidence:

    1.  AFD China owns "AFD" as a trademark; and

    2.  AFD USA or Ms. Wang used "AFD" in the United States without the consent of AFD China.

If you find that AFD China and AFD LLC have proved each of these things by a preponderance of the evidence, your verdict should be for AFD China and AFD LLC unless you find that AFD USA or Ms. Wang has proven one of their affirmative defenses. If, on the other hand, AFD China and AFD LLC have failed to prove any of these elements, your verdict should be for AFD USA and Ms. Wang.

**SOURCE:** MCJI 15.5 and 15.16; *also see* Comment to Model Jury Instruction 15.5 ("Although 15 U.S.C. § 1114(1) provides protection only to registered marks and 15 U.S.C. § 1125(a)(1) protects against infringement of unregistered and registered marks…the Ninth Circuit has explained that "[d]espite these differences, the analysis [for infringement] under the two provisions is sometimes identical.")

**AFD USA'S PROPOSED INSTRUCTION NO. 40.**

**Infringement—Elements—Presumed Validity And Ownership—
Registered Trademark
(15 U.S.C. §§ 1057, 1065 And 1115)**

I gave you instruction number 40 that requires the plaintiff to prove by a preponderance of the evidence that AFD USA owns the "AFD" trademark.

One way to prove trademark ownership is to show that the trademark is registered. An owner of a trademark may obtain a certificate of registration issued by the United States Patent and Trademark Office, and may submit that certificate as evidence of the certificate holder's ownership of the trademark covered by that certificate.

AFD USA submitted as Exhibit 7 a certificate of registration from the United States Patent and Trademark Office as proof of that AFD USA owns the "AFD" trademark.

The law presumes that the facts noted in the certificate are true, including that AFD USA owns the "AFD" trademark. But this presumption can be overcome by sufficient evidence to the contrary. Here, AFD China and AFD LLC have presented evidence that AFD USA abandoned the trademark or procured the registration by fraud on the United States Patent and Trademark Office. If AFD China and AFD LLC are able to show this evidence by clear and convincing evidence, then you cannot rely on the registration as stating the truth of the matters contained therein.

<u>**SOURCE:**</u>  MCJI 15.7 (modified)

**AFD China's Analysis:**  AFD China's Pre-Trial Memorandum, Section II.K.4.

**AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 41.**

**Infringement—Elements—Presumed Validity And Ownership—**
**Registered Trademark**
**(15 U.S.C. §§ 1057, 1065 and 1115)**

I gave you instruction number ___ that requires AFD USA to prove by a preponderance of the evidence that AFD USA owns the trademark.

A valid trademark is a word, name, symbol, device, or any combination of these, that indicates the source of goods and distinguishes those goods from the goods of others. A trademark becomes protectable after it is used in commerce.

One way for AFD USA to prove trademark ownership is to show that the trademark is registered. An owner of a trademark may obtain a certificate of registration issued by the United States Patent and Trademark Office and may submit that certificate as evidence of the protectability of the trademark and of the certificate holder's ownership of the trademark covered by that certificate as of the date of the application.

Exhibit 7 is a certificate of registration from the United States Patent and Trademark Office. It was submitted by AFD USA as proof of the ownership of the trademark.

The law presumes that the facts noted in the certificate are true but only as of the date of the application (September 26, 2006). But this presumption can be overcome by sufficient evidence to the contrary. Here, AFD China has presented evidence that:

      (1)      the trademark was fraudulently obtained,

      (2)      the trademark was abandoned,

      (3)      AFD China was the first to use the mark,

      (4)      AFD USA did not exercise quality control over the AFD Mark, and

      (5)      AFD USA has acquiesced to AFD China's use of the AFD Mark.

*Overcoming the Presumption by Showing that the Registration was Fraudulently Obtained*

If AFD China is able to show by clear and convincing evidence that the trademark was fraudulently obtained, then you cannot rely on the registration as stating the truth of the matters contained therein, including the statements that:

-    [AFD USA] "believes the applicant [AFD USA] to be the owner of the trademark/service mark sought to be registered"

-    "no other person, firm, corporation, or association has the right to use the mark in

commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive."

AFD China must prove by clear and convincing evidence that AFD USA made material misrepresentations or failed to disclose material information to the United States Patent and Trademark Office, with the intent to deceive the United States Patent and Trademark Office.

Information that was misrepresented is "material" if it influenced the United States Patent and Trademark Office's decision to register the trademark. Information is "material" if it would have caused the United States Patent and Trademark Office not to register the trademark had it been disclosed.

Clear and convincing evidence means evidence that convinces you that it is highly probable that the particular proposition is true.

If you are able to find by clear and convincing evidence that AFD USA made material misrepresentations or failed to disclose material information to the United States Patent and Trademark Office, with the intent to deceive the United States Patent and Trademark Office, then you cannot conclude that AFD USA's registration of the AFD Mark is proof of AFD USA's ownership of the AFD Mark.

*Overcoming the Presumption by Showing Other Factors*

If AFD China is able to show by a preponderance of the evidence that:

(1) AFD China used the mark in commerce first, or

(2) AFD USA abandoned the AFD Mark, or

(3) AFD USA did not exercise quality control over the AFD Mark, or

(4) AFD USA has acquiesced to AFD China's use of the AFD Mark,

then you cannot rely on the registration as stating the truth of the matters contained therein, including:

- [AFD USA] "believes the applicant [AFD USA] to be the owner of the trademark/service mark sought to be registered"

- "no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive."

You should then consider whether all of the evidence admitted in this case shows by a preponderance of the evidence that the trademark is owned by either AFD USA or AFD China.

**SOURCE:** MCJI 15.7 (modified); *Robi v. Five Platters*, 918 F.2d 1439, 1444 (9th Cir. 1990); *Smith Int'l v. Olin*, 209 U.S.P.Q. 1033 (TTAB 1981). Ninth Circuit Manual of Model Jury Instructions 15.7 (amended). *Vuitton et Fils S.A. v. J. Young Enterprises,* 644 F.2d 769 (9th Cir. 1981). "[T]he registrant is granted a presumption of ownership, dating to the filing date of the application for federal registration." *Sengoku Works v. RMC Int'l*, 96 F.3d 1217, 1219–20 (9th Cir.1996) (citing *Vuitton et Fils S.A. v. J. Young Enters.*, 644 F.2d 769, 775–76 (9th Cir.1981); *Rolley, Inc. v. Younghusband*, 204 F.2d 209 (9th Cir.1953)); *Sunearth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 846 F.Supp.2d 1063, 1074 (N.D. Cal. 2012).

**AFD USA's Analysis:** AFD USA's Trial Memorandum, Section VI.

# AFD USA'S PROPOSED INSTRUCTION NO. 42.

## Infringement—Elements—Ownership—Generally

The law entitles the trademark owner to exclude others from using that trademark. A person acquires the right to exclude others from using a trademark by being the first to use it in the United States marketplace or by using it before the alleged infringer. A person also acquires the right to exclude others from using a trademark if industry or public usage creates, for a majority of relevant consumers, an association between the person and the mark prior to the alleged infringer's use.

A trademark is "used" for purposes of this instruction when it is placed on documents associated with the services or their sale.

If you find by a preponderance of the evidence that AFD USA has not shown that AFD USA used "AFD" before AFD China's use of "AFD" in the United States, then you cannot conclude that the AFD USA is the owner of the trademark.

**SOURCE:** MCJI 15.12 (modified)

**AFD China's Analysis:** AFD China's Pre-Trial Memorandum, Section II.K.5.

**AFD USA's Analysis:** AFD USA's Trial Memorandum, Section II.

**AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 43.**

**Infringement—Elements—Ownership—Generally**

The law entitles the trademark owner to exclude others from using that trademark.

A person acquires the right to exclude others from using a trademark by being the first to use it in the marketplace or by using it before the alleged infringer.

You must consider whether AFD China or AFD USA first used the AFD Mark as a trademark for their services in the United States.

The first party to use the AFD Mark as a trademark for their services in the United States is the owner of the AFD Mark. Use of a trademark for services occurs when the mark is use or displayed in the sale or advertising of services and the services are then rendered in commerce. Advertising of a service, without performance of the service, does not constitute use of a mark. Nor does use occur though the mere promotion of services – including the mailing of solicitation letters or through gathering resources or contractors – when the services promoted are not ever conveyed.

AFD USA submitted the application identified as Exhibit 4 to the U.S. Patent and Trademark Office on September 6, 2006. In that application, AFD USA swore that the First Use in Commerce was at least as early as March 1, 2005. AFD USA has the burden of proving by clear and convincing evidence any date earlier than March 1, 2005 as its date of first use in the United States.

If you find by a preponderance of the evidence that AFD China used the mark prior to March 1, 2005 in the United States and AFD USA has not proven by clear and convincing evidence that AFD USA used the AFD Mark prior to March 1, 2005 in the United States, then AFD China is the owner of the trademark.

If AFD USA has proven by clear and convincing evidence that it used the AFD Mark prior to March 1, 2005 in the United States, then:

      (1)      If you find by a preponderance of the evidence that AFD China was the first to use the mark in the United States, then AFD China is the owner of the AFD Mark.

      (2)      If you find by a preponderance of the evidence that AFD USA was the first to use the mark in the United States, then AFD USA is the owner of the AFD Mark.

**SOURCE:** MCJI 15.12; McCarthy on Trademarks § 20:28; 15 U.S.C. § 1127; *Aycock Engineering, Inc. v. Airflite, Inc.*, 560 F.3d 1350, 1360-61 (Fed. Cir. 2009) (the purchase of toll-free telephone numbers and contracting with air taxi operators was not enough to show that the applicant had performed services related to the "arranging of flights between an air taxi operator and a passenger"); *Hydro-Dynamics, Inc. v. George Putnam & Co.,* 811 F.2d 1470 (Fed. Cir. 1987) ("Where an applicant seeks to prove a date earlier than the date alleged in its application, a

heavier burden has been imposed on the applicant than the common law burden of preponderance of the evidence.); *Bright Beginnings, Inc. v. Care Comm, Inc.*, No. CV 93-1676 ER, 1994 WL 237356, at *1 (C.D. Cal. Feb. 28, 1994) (citing *Greyhound Corp. v. Armour Life Ins. Co.*, 214 U.S.P.Q. 473 (TTAB 1982)) (emphasis added); *see Rockwood Chocolate*, 372 F.2d at 554, 152 USPQ at 600 ("proof of such earlier date must be clear and convincing"); *Elder Mfg. Co. v. International Shoe Co.*, 194 F.2d 114, 118, 92 USPQ 330, 332 (CCPA 1952) ("proof must be clear and convincing"). The reason for such an increased evidentiary burden [for changing the date of earliest use], supported by common sense, is that a change of position from one "considered to have been made against interest at the time of filing of the application" *Stanspec Co. v. American Chain & Cable Co.*, 531 F.2d 563, 567, 189 USPQ 420, 424 (CCPA 1976), (requires enhanced substantiation.)

**AFD USA's Analysis:** AFD USA's Trial Memorandum, Section II.

# AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 44.

## Agency

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal.

AFD China alleges that AFD USA was its agent in the United States. In the absence of an agreement regarding the trademark, AFD China is presumed to own the AFD Mark.

This presumption, that in the absence of an agreement AFD China is presumed to own the trademark, can be rebutted. The following factors may be considered:

(1) which party invented and first affixed the mark on to the service;

(2) which party's name appeared with the trademark;

(3) which party maintained the quality and uniformity of the service;

(4) which party does the public identify with the product and make complaints to; and

(5) which party possesses the good will associated with the product.

<u>SOURCE:</u> MCJI 4.4 and 15.15, Comment;
*See Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1220–21 and *Premier Dental Products v. Darby Dental Supply Co.*, 794 F.2d 850, 853–54 (3d Cir.1986).

**AFD USA's Analysis:** AFD USA's Trial Memorandum, Section IX.

**AFD USA'S PROPOSED INSTRUCTION NO. 45.**

**Trademark Ownership—Assignee (15 U.S.C. § 1060)**

The owner of a trademark may sell to another the owner's interest in the trademark, that is, the right to exclude others from using the mark. This sale is called an assignment, and the person to whom this right is assigned is called an assignee.

The assignment must be in writing and signed. To be enforceable, the assignment must include the goodwill of the business connected with the mark.

An assignee may enforce this right to exclude others in an action for infringement or false designation of origin.

If you find that AFD USA owns the mark, you must also determine whether AFD USA assigned it to AFD China.

<u>**SOURCE:**</u> MCJI 15.13, Comment.

**AFD China's Analysis:** AFD China's Pre-Trial Memorandum, Section II.H.
**AFD USA's Analysis:** AFD USA's Trial Memorandum, Section IX.

**AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 46.**

**Common Law Trademark Infringement And Unfair Competition – General Principles**

In addition to the federal claims of trademark infringement and unfair competition discussed in Instruction Nos. _____, AFD USA asserts a claim of common law trademark infringement against AFD China. Likewise, AFD China and AFD LLC assert a claim of common law trademark infringement against AFD USA and Ms. Wang.

One who infringes another's common law trademark or trade name in the United States is liable to the other for the relief appropriate under the rules stated in Instruction Nos. _____, except to the extent that the other has by his own conduct disabled himself from claiming such relief.

**SOURCE:** RESTATEMENT (FIRST) OF TORTS § 711 (modified); Oregon has adopted the RESTATEMENT (FIRST) OF TORTS regarding Unfair Competition claims. *Lift Truck Parts & Service v. Bourne*, 235 Or. 446, 448-9 (1963), en banc, (applying RESTATEMENT); *Wedgewood Homes, Inc. v. Lund*, 294 Or. 493, 495-6 (1983), en banc, (applying RESTATEMENT); *H. Milgram & Bros. v. Schlesinger*, 168 Or. 476, 483 (1942), en banc, (applying RESTATEMENT) ("Basically, the plaintiff's complaint charges unfair competition, and we need not concern ourselves with the law of trade–marks, which is 'but a part of the broader law of unfair competition'".)

## AFD USA'S PROPOSED INSTRUCTION NO. 47.

### COMMON LAW TRADEMARK INFRINGEMENT

Both AFD USA and AFD China have also brought claims against each other for trademark infringement and unfair competition under Oregon state common law.

An Oregon state common law trademark is different than the federal trademark claims I instructed you on earlier. To find ownership of a federal trademark, use in commerce anywhere in the United States was sufficient. An Oregon state common law trademark, on the other hand, is created by use of the mark in commerce in Oregon.

If you find for any reason that neither AFD USA nor AFD China owns a federal trademark, it is still possible that one party or the other could own a trademark under Oregon state common law.

### AFD USA's Additional Comment and Authorities

- ORS § 647.115 (Oregon trademark statutes "do not adversely affect the rights or the enforcement of rights in marks or trade names acquired in good faith at any time at common law."); *see also* International Trademark Association, Model State Trademark Bill, http://www.inta.org/Advocacy/Documents/INTAModelStateTrademarkBill.docx (last accessed Feb. 24, 2014)

- "Most courts, in analyzing a claim of infringement based on both federal and state law, will apply to both a single analysis of the likelihood of confusion issue. That is, the test of infringement under both federal and state law is whether there will be a likelihood of confusion. In applying this test, it is appropriate to rely upon federal precedent when determining if there is infringement under state statutory or common law." MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 23:1.50 (2013).

- "Today, the terminology 'common law service mark' is widely used and accepted for unregistered designations that serve to identify and distinguish the source of services. In an increasingly service-based economy, service marks are more important than ever. When a plaintiff wishes to charge infringement of the name of an organization or company that renders services, it is common to allege both trade name infringement as well as service mark infringement.

   "A designation that identifies and distinguishes a service:
   - can be federally registered under the Lanham Act
   - can be registered under almost all state trademark registration statutes
   - can be protected in federal courts under Lanham Act § 43(a)
   - can be protected under state common law as a 'common law service mark.'"

   MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 9:12 (2013).

- *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1156 (9th Cir. 2001) ("Service marks and trademarks are governed by identical standards, … and thus like with trademarks, common

law rights are acquired in a service mark by adopting and using the mark in connection with services rendered.")

**AFD China's Analysis:**  AFD China's Pre-Trial Memorandum, Section II.E.

**AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 48.**

**Definition Of Common Law Trademark**

Under common law, a trademark is any mark, word, letter, number, design, picture or combination thereof in any form of arrangement, which

(a) is adopted and used by a person to denominate goods or services which he markets, and

(b) is affixed to the goods or services, and

(c) is not a common or generic name for the goods or services or a picture of them, or a geographical, personal, or corporate or other association name, or a designation descriptive of the goods or services or of their quality, ingredients, properties or functions, and

(d) the use of which for the purpose stated in Clause (a) is prohibited neither by legislative enactment nor by an otherwise defined public policy.

In this case, both parties have admitted that "AFD" is a trademark.

**SOURCE:** RESTATEMENT (FIRST) OF TORTS § 715, modified

# AFD USA'S PROPOSED INSTRUCTION NO. 49.

## DEFINITION—TRADE NAME/COMMERCIAL NAME (15 U.S.C. § 1127)

A trade name is any word or words, a symbol, or combination of words and symbol, used by a person to identify that person's business and to distinguish it from the business of others. A trade name symbolizes the reputation of a person's business as a whole. By comparison, a trademark identifies a person's goods, and a service mark identifies a person's services.

Any person who uses the trade name of another may be liable for damages.

If a person owns a trade name, then that person has the exclusive right to use the name or to control the use of confusingly similar variations of the name by others in the market.

The parties in this case have stipulated that there is a likelihood of confusion from the use of both parties of the "AFD" Mark as part of each party's corporate name and/or trademark.

**SOURCE:** MCJI 15.3, Comment.

### AFD USA's Comment and Authorities
- *See* Pretrial Order, Dkt. 298, at p. 17, Part VI, ¶ 1.
- ORS § 647.115 (common law trade names enforceable under Oregon law)
- *Accuride International, Inc. v. Accuride Corp.*, 871 F.2d 1531, 1534–36 (9th Cir. 1989) (trade name actionable under Lanham Act; no meaningful in law for infringement of trademark and trade name)

**AFD China's Analysis:** AFD China's Pre-Trial Memorandum, Section II.G.
**AFD USA's Analysis:** AFD USA's Trial Memorandum, Section VII.

# AFD USA'S PROPOSED INSTRUCTION NO. 50.

## TRADE NAME OWNERSHIP

It is undisputed that Ms. Wang formed a corporation named "AFD China Intellectual Property Law (USA) Office, Inc." under the laws of the State of Oregon.

AFD USA and Ms. Wang contend that AFD USA has existed with that same name continuously since its registration on January 1, 2005, and that the corporation continues to exist with that same name under the laws of the State of Oregon continuously from its creation to the present. AFD USA also contends that the agreements in 2004 between the parties contemplated the creation by Ms. Wang of this corporation and having this "AFD" trade name as its corporate name, and that nothing in any of the agreements between the parties required Ms. Wang to change the name of Plaintiff if and/or when the business relationship ended.

AFD USA therefore contends that its trade name rights existed and continue to exist, and that AFD China accepted and approved this use of the AFD Mark by AFD USA since the commencement of the relationship in 2004.

## AFD USA's Authorities

- ORS § 647.115 (common law trade names enforceable under Oregon law)
- *Accuride International, Inc. v. Accuride Corp.*, 871 F.2d 1531, 1534–36 (9th Cir. 1989) (trade name actionable under Lanham Act; no meaningful in law for infringement of trademark and trade name)

**AFD China's Analysis:** AFD China's Pre-Trial Memorandum, Section II.G.
**AFD USA's Analysis:** AFD USA's Trial Memorandum, Section VII.

# AFD USA'S PROPOSED INSTRUCTION NO. 51.

### TACKING

Any use by Ms. Wang of the "AFD" Mark in the USA, such as by email or phone or otherwise with her then existing clients in 2004, counts as use for her advantage, and for the advantage of her corporation (the plaintiff herein, namely AFD USA) which succeeded her in the use thereof after its legal formation on January 1, 2005.

## AFD USA's Authorities

- "In certain circumstances, the prior use of a slightly different version or format of the mark can be 'tacked on' to the present version in order to claim priority of use over a rival. This is permitted if the new form of the mark creates the same commercial impression as the old version." MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 16:1 (Priority at Common Law)

- MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 17:26 (2013)

*Hana Financial, Inc. v. Hana Bank*, 2013 U.S. App. LEXIS 23507, 2013 WL 6124588, No. 11-56678 (9th Cir. Nov. 22, 2013).

**AFD China's Analysis:** AFD China's Pre-Trial Memorandum, Section II.I.

**AFD USA's Analysis:** AFD USA's Trial Memorandum, Section VII.

**AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 52.**

**Ownership Of Common Law Trademark**

A designation or mark is not a trademark until it is adopted for the purpose of denominating services and is actually used in marketing those services in the United States.

The first party to use a designation or mark in the United States in denominating and marketing the services is the owner of the mark.

Only an owner of a mark acquires the right to exclude subsequent users.


**SOURCE:** RESTATEMENT (FIRST) OF TORTS §§ 717, 719, and 733 modified

**AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 53.**

**General Statement Of Conditions Of Common Law Infringement**

Under common law, one infringes another's trademark, if

    (a)    without a privilege to do so, he uses in his business, in the manner of a trade-mark, a designation which is identical with or confusingly similar to the other's trade-mark, though he does not use the designation for the purpose of deception, and

    (b)    the other's interest in his trade-mark is protected with reference to

        (A)    the goods, services or business in connection with which the actor uses his designation, and

        (B)    the markets in which the actor uses his designation, and

    (c)    the other's use by affixation of his trade-mark is prior to such use by the actor of his designation, and

    (d)    the other's trade-mark is not a clear likeness of a third person's prior and subsisting trade-mark in substantially the same market for the same or clearly related goods.

**SOURCE**: RESTATEMENT (FIRST) OF TORTS § 717 (modified).

**AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 54.**

**Common Law Unfair Competition – General Principle**

AFD USA asserts a claim of common law unfair competition against AFD China.  Likewise, AFD China and AFD LLC assert a claim of common law unfair competition against AFD USA and Ms. Wang.

One who fraudulently markets his services as those of another is liable to the other for the relief appropriate under the rules stated in Instruction Nos. _____, except to the extent that the other has by his own conduct disabled himself form claiming such relief.

<u>**SOURCE**</u>: RESTATEMENT (FIRST) OF TORTS § 711 (modified).

# AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 55.

## Fraudulently Markets

One fraudulently markets his services – as described in Instruction No. ___ – as those of another if, for the purpose of inducing persons to purchase his services, and under such circumstances that reliance thereon by such persons to the commercial detriment of the other is likely, he makes a fraudulent misrepresentation that his is the other or the other's agent or successor, or that the services which he offers are the services rendered by the other.

**SOURCE:** RESTATEMENT (FIRST) OF TORTS § 712 (modified).

**JOINT PROPOSED INSTRUCTION NO. 56.**

**AFD China's Affirmative Defenses**

AFD China has asserted defenses to AFD USA's claims of federal and common law trademark infringement and unfair competition. If you find for AFD USA on any of its claims for Lanham Act trademark infringement, Lanham Act unfair competition, common law trademark infringement, or common law unfair competition, then you should consider whether AFD China has established one of the following defenses that would excuse it from liability.

In addition, you should also consider these defenses when considering whether AFD USA's registration of the AFD Mark is conclusive evidence that AFD USA is the owner of the AFD Mark, and discussed in Instruction No. __.

**AFD USA's Analysis:** AFD USA's Trial Memorandum, Section VI.

**DEFENSES—ABANDONMENT—AFFIRMATIVE DEFENSE—
DEFENDANT'S BURDEN OF PROOF (15 U.S.C. § 1127)**

The owner of a trademark cannot exclude others from using the trademark if it has been abandoned.

The defendant contends that the trademark has become unenforceable because the owner abandoned it. The defendant has the burden of proving abandonment by clear and convincing evidence.

The owner of a trademark abandons the right to exclusive use of the trademark when the owner discontinues its use in the ordinary course of trade, intending not to resume using it.

<u>**SOURCE:**</u> MCJI 15.20 (modified)


**AFD China's Analysis:** AFD China's Pre-Trial Memorandum, Section II.K.6.
**AFD USA's Analysis:** AFD USA's Trial Memorandum, Section VI.

**AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 58.**

**AFD China's Defenses—Abandonment—Affirmative Defense—
AFD China's Burden Of Proof (15 U.S.C. § 1127)**

AFD China contends that the AFD Mark was abandoned by AFD USA. The owner of a trademark cannot exclude others from using the trademark if it has been abandoned.

AFD China contends that AFD USA cannot exclude AFD China from using the trademark because AFD USA abandoned it in 2008. AFD China has the burden of proving abandonment by clear and convincing evidence.

AFD China can prove that AFD USA has abandoned the right to exclusive use of the AFD Mark by showing either:

1. AFD USA has discontinued use of the AFD Mark in the ordinary course of trade, intending not to resume using it. Use in the ordinary course of trade means use that is not made merely to reserve a right in the AFD Mark. If the evidence shows that AFD USA did not use the AFD Mark for 3 consecutive years, then you may infer that AFD USA has abandoned the AFD Mark and does not intend to resume using it. AFD USA must then provide evidence showing valid reasons for nonuse or lack of intent to abandon the mark; or

2. AFD USA has failed to exercise adequate quality control over the services sold under the AFD Mark by AFD China or AFD LLC.

Sporadic and casual use of a trademark is not "use" for the purposes of determining whether a mark has been abandoned. Activities designed merely to prevent use of the mark by others – such as obtaining declarations from other companies regarding their use of the mark, lawsuits against users of similar or identical marks, or token use of a mark on a website unrelated to the services for which the mark was registered for – does not establish bona fide of a mark.

**SOURCE:** MCJI 15.20; 15 U.S.C. § 1127; *Abdul-Jabbar v. General Motors Corp.*, 85 F.3d 407, 411-12 (9th Cir. 1996); *Barcamerica Int'l USA Trust v. Tyfield Imps., Inc.*, 289 F.3d 589, 595-96 (9th Cir. 2002); *Societe de Developments et D'innovations des Marches Agricoles et Alimentaires-Sodima-Union de Cooperatives Agricoles v. Int'l Yogurt Co., Inc.*, 662 F.Supp.839, 843, 848-49 (D. Or. 1987).

**AFD USA's Analysis:** AFD USA's Trial Memorandum, Section VI.

**AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 59.**

**AFD China's Defenses – Waiver**

AFD China also contends that AFD USA waived its alleged rights to the AFD Mark against AFD China.

Waiver exists when AFD China proves each of the following by a preponderance of the evidence: (1) AFD USA relinquished its alleged right to the AFD Mark, (2) AFD USA knew of its alleged right to the AFD Mark, and (3) AFD USA intended to relinquish its rights.

An implied waiver of rights will be found where there is "clear, decisive, and unequivocal" conduct which indicates a purpose to waive the legal rights involved.

If AFD China proves these elements by a preponderance of evidence, then you cannot conclude that AFD China is liable for trademark infringement or unfair competition.

**SOURCE:** *adidas Am., Inc. v. Payless Shoesource, Inc.*, 529 F.Supp. 2d 1215, 1256-57 (D. Or. 2007).

**AFD USA's Analysis:** AFD USA's Trial Memorandum, Section VI.C.

**AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 60.**

**AFD China's Defenses - Estoppel**

AFD China also contends that AFD USA is equitably estopped from asserting its alleged rights to the AFD Mark against AFD China.

Estoppel arises when a party's conduct misleads another to believe that a right will not be enforced and causes him to act to his detriment in reliance on this belief.

To demonstrate estoppel, AFD China must prove by a preponderance of the evidence:

    (1) AFD USA knew of AFD China's conduct;

    (2) AFD USA's actions or failure to act led AFD China to reasonably believe that AFD USA did not intend to enforce its alleged right;

    (3) AFD China did not know that AFD USA actually objected to AFD China's conduct; and

    (4) due to its reliance on AFD USA's actions, AFD China will be materially prejudiced if AFD USA is allowed to proceed with its claim.

If AFD China proves these elements by a preponderance of evidence, then you cannot conclude that AFD China is liable for trademark infringement or unfair competition

**SOURCE:** *adidas Am., Inc. v. Payless Shoesource, Inc.*, 529 F.Supp. 2d 1215, 1257 (D. Or. 2007).

**AFD USA's Analysis:** AFD USA's Trial Memorandum, Section VI.C.

## JOINT INSTRUCTION NO. 61.

### AFD China's Defenses – Acquiescence

AFD China also contends that AFD USA acquiesced to AFD China's use of the AFD Mark.

Acquiescence exists when AFD China proves each of the following:

(1) AFD USA actively represented that it would not assert its alleged rights to the AFD Mark;

(2) the delay between AFD USA's active representation and its assertion of its rights was not excusable; and

(3) the delay caused AFD China prejudice.

If AFD China proves these elements by a preponderance of evidence, then you cannot conclude that AFD China is liable for trademark infringement or unfair competition

**SOURCE:** *Seller Agency Council, Inc. v. Kennedy Center for Real Estate Education, Inc.* 621 F3d 981, 989-90 (9th Cir. 2010).

**AFD USA's Analysis:** AFD USA's Trial Memorandum, Section VI.C.

**AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 62.**

**Federal Claims Damages—Actual Damages**
**(15 U.S.C. § 1117(a))**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for AFD China on its unfair competition claim, you must determine AFD China's actual damages.

AFD China has the burden of proving actual damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate AFD China for any injury you find was caused by AFD USA's and Ms. Wang's infringement of AFD China's trademark.

You should consider the following:

    1.   The injury to AFD China's reputation;

    2.   The injury to AFD China's goodwill, including injury to AFD China's general business reputation;

    3.   The lost profits that AFD China would have earned but for AFD USA and Ms. Wang's infringement or unfair competition. Profit is determined by deducting all expenses from gross revenue;

    4.   The expense of preventing customers from being deceived; and

    5.   The cost of future corrective advertising reasonably required to correct any public confusion caused by the infringement or unfair competition.

When considering prospective costs (e.g., cost of future advertising, expense of preventing customers from being deceived), you must not overcompensate. Accordingly, your award of such future costs should not exceed the actual damage to the value of AFD China's trademark at the time of the infringement or unfair competition by AFD USA and Ms. Wang.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**SOURCE:** MCJI 5.1 and 15.25

## AFD USA'S PROPOSED INSTRUCTION NO. 63.

### Trademark Damages—Defendant's Profits
### (15 U.S.C. § 1117(A))

In addition to actual damages, the plaintiff is entitled to any profits earned by the defendant that are attributable to the infringement, which the plaintiff proves by a preponderance of the evidence. You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting all expenses from gross revenue from infringing activity in the United States.

Gross revenue is all of defendant's receipts from using the trademark in the United States in the sale of services. The plaintiff has the burden of proving a defendant's gross revenue by a preponderance of the evidence.

Expenses are all operating and production costs incurred in producing the gross revenue. The defendant has the burden of proving the expenses by a preponderance of the evidence.

Unless you find that a portion of the profit from the sale of the intellectual property services using the trademark is attributable to factors other than use of the trademark, you shall find that the total profit is attributable to the infringement.

**SOURCE:** MCJI 15.26 (modified)

**AFD China's Analysis:** AFD China's Pre-Trial Memorandum, Section II.C.4.b.
**AFD USA's Analysis:** AFD USA's Trial Memorandum, Section VII.

**AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 64.**

**Trademark And Unfair Competition Damages— Profits**
**(15 U.S.C. § 1117(a))**

For the purposes of these damages instructions, the party that you find for on its respective trademark infringement or unfair competition claims will be called the "Owner." The other party will be called the "Competitor."

The Owner is entitled to any profits earned by the Competitor that are attributable to the infringement, which the Owner proves by a preponderance of the evidence. You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting all expenses from gross revenue from the infringing activity in the United States.

Gross revenue is all of the Competitor's receipts from using the trademark in the United States in the sale of its services to customers. The Owner has the burden of proving the Competitor's gross revenue in the United States from the infringing activity by a preponderance of the evidence.

Expenses are all operating, overhead, and other costs incurred in generating the gross revenue.

Unless you find that a portion of the profit collected from the Competitor's legal work for United States clients using the trademark is attributable to factors other than use of the trademark, you shall find that the total profit is attributable to the infringement.

If you find that clients that engaged AFD China for legal services engaged it for reasons other than the appeal of the mark, and that the infringement has no cash value in sales made by AFD China. You should exclude those revenues that are not attributable to the use of the AFD Mark.

You have been instructed about awards based on the Owner's actual damages and on awards based on the Competitor's profits. If, for example, you find that an infringing act or unfair competition by the Competitor caused the Owner to lose a particular set of clients, you may award the Owner either the amount it lost due to the infringement or unfair competition or you may award the Owner the amount the Competitor profited due to the infringement or unfair competition. You may not award the Owner both.

<u>**SOURCE:**</u> MCJI 15.26 (modified to identify services). Last paragraph added to incorporate the rule against double recovery as stated in the Comment to the Ninth Circuit Manual of Model Jury Instructions 15.26 and 15 U.S.C. §1117(a). *See Rolex Watch, U.S.A., Inc., v. Michel Co.*, 179 F.3d 704, 712 (9th Cir.1999) (plaintiff carries burden to show with "reasonable certainty" the defendant's gross sales from the infringing activity); *Lindy Pen Co.,* 982 F.2d at 1405-1408.

**AFD USA's Analysis:** AFD USA's Trial Memorandum, Section VII.

**AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 65.**

**Nominal Damages**

The law which applies to this case authorizes an award of nominal damages. If you find for the Owner but you find that the Owner has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

**SOURCE:** MCJI 5.6

**AFD USA'S PROPOSED INSTRUCTION NO. 66.**

**TRADEMARK DAMAGES—INTENTIONAL INFRINGEMENT**
**(15 U.S.C. § 1117(B))**

If you find that the defendant infringed the plaintiff's trademark, you must also determine whether the defendant used the trademark intentionally, knowing it was an infringement.

**SOURCE:** MCJI 15.27

**AFD China's Analysis:** AFD China's Pre-Trial Memorandum, Section II.D.

**AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 67.**

**Trademark Damages—Intentional Infringement**
**(15 U.S.C. § 1117(b))**

If you find that AFD China infringed AFD USA's trademark, you must also determine whether AFD China used the trademark intentionally, knowing it was an infringement.

If you find that AFD USA infringed AFD China's trademark, you must also determine whether AFD USA used the trademark intentionally, knowing it was an infringement.

Willful infringement carries a connotation of deliberate intent to deceive. Conduct must be 'deliberate,' 'false,' 'misleading,' 'malicious,' or 'fraudulent' to meet this standard.

In order to find willfulness, the Competitor's acts must be willful and calculated to trade upon the Owner's goodwill.

**Source:**  MCJI 15.27; "Willful infringement carries a connotation of deliberate intent to deceive. Courts generally apply forceful labels such as 'deliberate,' 'false,' 'misleading,' or 'fraudulent' to conduct that meets this standard." *Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1406 (9th Cir.1993) (also citing cases in other circuits regarding elements of a willfulness claim). *See also Committee for Idaho's High Desert, Inc., v. Yost*, 92 F.3d 814, 825 (9th Cir.1996) (the term "exceptional" in 15 U.S.C. § 1117(a) for purposes of imposing treble damages, generally means the infringement was "malicious, fraudulent, deliberate or willful") (citing *Lindy Pen Co.*, 928 F.2d at 1408)

**AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 68.**

**Damages For Common Law Trademark Infringement
Or Unfair Competition**

One who is liable to another for common law unfair competition or common law trademark infringement is liable for the pecuniary loss to the Owner resulting from the harm to the Owner's business caused by the Competitor's conduct, if, but only if, the Competitor engaged in conduct with the purpose of securing the benefit of the reputation in the market of the Owner, or the Owner's goods, services, business, or trade-mark.

**SOURCE:** RESTATEMENT (FIRST) OF TORTS § 745 (modified).

**AFD USA's Analysis:** AFD USA's Trial Memorandum, Section VII.

**AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 69.**

**Elements Of Recoverable Damages For Common Law Trademark Infringement Or Unfair Competition**

The pecuniary loss for which damages may be recovered from a Competitor for common law unfair competition or common law trademark infringement, includes

    (a)    profits or reductions of losses which would have resulted to the Owner if it had made the sales lost by him because of the Competitor's conduct, except when the Competitor's profits are recovered under the rule stated in Instruction No. ___,

    (b)    harm to the reputation in the market of the Owner's goods, services or business, and

    (c)    expenditures reasonably made by the Owner to prevent prospective purchasers from being misled by the Competitor's conduct.

**SOURCE:** RESTATEMENT (FIRST) OF TORTS § 746

**AFD USA's Analysis:** AFD USA's Trial Memorandum, Section VII.

**AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 70.**

**Profits As Damages For Common Law Trademark Infringement Or Unfair Competition**

One who is liable to another for common law unfair competition or common law trademark infringement (the Competitor) is liable for the net profits earned by him on profitable transactions by means of the conduct which subjects the Competitor to liability, if, but only if,

    (a) the Competitor engaged in the conduct with the purpose of securing the benefit of the Owner's reputation in the market, or the Owner's goods, services, business, trade-mark or trade name, or the physical appearance of the Owner's goods, and

    (b) the profits result from the marketing of goods or services (i) of a kind which compete with those marketed by the Owner, and (ii) in markets in which the Owner's goods or services are available for purchase or in which the Competitor attempts to forestall their sale, and

    (c) the Owner does not recover damages for loss of the sales with reference to which he seeks to recover the profits made by the Competitor.

<u>**SOURCE:**</u> RESTATEMENT (FIRST) OF TORTS § 747

**AFD USA's Analysis:** AFD USA's Trial Memorandum, Section VII.

## AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 71.

### Computation Of Profits

The net profits for which the Competitor is liable for common law unfair competition or common law trademark infringement are its gross income earned by means of the conduct which subjects the Competitor to liability less the allowable costs incurred by the Competitor in earning that income.

**SOURCE:** RESTATEMENT (FIRST) OF TORTS § 748.

**AFD USA's Analysis:** AFD USA's Trial Memorandum, Section VII.

**AFD CHINA'S AND AFD LLC'S PROPOSED INSTRUCTION NO. 72.**

**Alter Ego**

If you determine that AFD USA is liable to AFD China and that AFD USA has no assets with which to satisfy the judgment, you may consider whether Ms. Wang, as the sole shareholder of AFD USA should be responsible for the judgment. Ordinarily, a shareholder is not responsible for the debts and liabilities of the corporation. However, if you find that AFD USA is the "alter ego" of Ms. Wang, you may hold her responsible for the debt of AFD USA to AFD China. In order to find that Ms. Wang is the alter ego of AFD USA, you must find that:

     1.     Ms. Wang controlled AFD USA; and

     2.     Ms. Wang engaged in improper conduct in her exercise of control of AFD USA by disregarding the corporate rules and formalities; and

     3.     Ms. Wang's improper conduct caused AFD China to be unable to obtain an adequate remedy from AFD USA.


"Improper conduct" can include:

- Inadequate capitalization

- Milking a corporation by payment of excessive dividends

- Misrepresentation

- Confusion or commingling of assets

- Not holding out the entities as separate assets (using Ms. Wang and AFD USA interchangeably)

**SOURCE:** *Danner v. Pusich*, 1988 WL 141550 (D. Or. 1988); *Amfac Foods, Inc. v. Internat'l Sys. & Controls Corp.*, 294 Or. 94, 109-111 (1982).

**AFD USA's Analysis:** AFD USA's Trial Memorandum, Section X.

# AFD USA'S PROPOSED INSTRUCTION NO. 73.

## ALTER EGO LIABILITY

If you find for AFD China and AFD LLC, and against AFD USA, you must also decide whether Ms. Wang should be personally liable for its debts.

Normally, a corporation is considered a separate legal entity, and its shareholders are not liable for its actions. However, in extraordinary circumstances, the law imposes personal liability on shareholders.

The fact that a corporation has only one shareholder is not enough to find alter ego liability, even if that shareholder exerts full control over the corporation.

To find AFD USA to be the alter ego of Ms. Wang, you must find all of the following:

1. Ms. Wang exerted actual control over AFD USA;

2. AFD China and AFD LLC are unable to collect from AFD USA;

3. AFD USA engaged in improper conduct; and

4. AFD China's and AFD LLC's inability to collect from AFD USA resulted from improper conduct that AFD USA engaged in.

## AFD USA's Authorities

- "The disregard of a legally established corporate entity is an extraordinary remedy which exists as a last resort, where there is no other adequate and available remedy to repair the plaintiff's injury." *Amfac Foods, Inc. v. International Systems & Controls Corp.*, 294 Ore. 94, 103 (1982).

- "Ownership of all the stock of the corporation by one person, in and of itself, is insufficient to breach the wall of immunity created by ORS 57.131(1). Nor is the control of the corporation by a shareholder, in and of itself, sufficient to support a claim for recovery that the shareholder's immunity should be disregarded." *Id.* at 107.

- "A corporation's "legal personality" is not lost because all of the stock is owned by one person." *Miller Lumber Corp. v. Miller, 225 Ore. 427* (1960).

- "Where actual exercise of control is shown to exist, improper conduct must also be demonstrated." *Amfac Foods*, *supra* at 107.

- "When a plaintiff seeks to collect a corporate debt from a shareholder by virtue of the shareholder's control over the debtor corporation rather than on some other theory, the plaintiff must allege and prove not only that the debtor corporation was under the actual control of the shareholder but also that the plaintiff's inability to collect from the corporation resulted from some form of improper conduct on the part of the shareholder." *Id.* at 108.

- "Given improper conduct by the shareholder exercising control over the corporation, the plaintiff must also demonstrate a relationship between the misconduct and the plaintiff's injury. 18 If a shareholder's improper conduct causes no injury to a corporate creditor, there is no basis for a recovery from the shareholder." *Id.* at 111.

**AFD China's Analysis:**  AFD China's Pre-Trial Memorandum, Section II.K.7.
**AFD USA's Analysis:**  AFD USA's Trial Memorandum, Section X.

# AFD USA'S PROPOSED INSTRUCTION NO. 74.

## STATUTE OF LIMITATIONS DEFENSE
### (DISCOVERY RULE)

AFD USA has alleged as an affirmative defense that AFD China filed its claims against AFD USA after the time limit set by the statute of limitations. The statute of limitations sets a time limit within which a party must file a claim.

AFD China's claims against AFD USA were filed on May 3, 2010. To prevail on its statute of limitations defense, AFD USA must prove that before May 3, 2008, AFD China either knew, or in the exercise of reasonable care should have known, facts which would make a reasonable person aware of a substantial possibility that AFD USA's alleged trademark infringement and unfair competition caused AFD China some harm.

If you find that AFD China filed its trademark infringement and unfair competition claim against AFD USA after the time limit set by the statute of limitations, then your verdict is for AFD USA on AFD China's trademark infringement and unfair competition claims.

## Oregon UCJI Comment

COMMENT: ORS 12.110; *Greene v. Legacy Emanuel Hospital,* 335 Or 115, 120, 60 P3d 535 (2002); *Gaston v. Parsons,* 318 Or 247, 254–256, 864 P2d 1319 (1994); *Stevens v. Bispham,* 316 Or 221, 227, 851 P2d 556 (1993); *Keller v. Armstrong World Industries, Inc.,* 197 Or App 450, 460–465, 107 P3d 29 (2005) (discusses meaning of substantial possibility); *Bramel v. Brandt,* 190 Or App 432, 441–443, 79 P3d 375 (2003); *Laird v. Stroot,* 188 Or App 118, 121–127, 71 P3d 105 (2003); *Oregon Life and Health v. Inter-Regional Financial,* 156 Or App 485, 491–493, 967 P2d 880 (1998) (comparing discovery rule as applied to negligence, breach of fiduciary duty, and fraud claims); *Widing v. Schwabe, Williamson & Wyatt,* 154 Or App 276, 283–284, 961 P2d 889 (1998) (discovery rule delays running of statute of limitations only until plaintiff knows or should know that *some* harm has been incurred); *Raethke v. Oregon Health Sciences Univ.,* 115 Or App 195, 198–199, 837 P2d 977 (1992). The court has also equated "possibility" with events that might or can happen. *See Feist v. Sears, Roebuck & Co.,* 267 Or 402, 406–407, 517 P2d 675 (1973); *Pelcha v. United Amusement Co.*, 44 Or App 675, 678, 606 P2d 1168 (1980).

<u>SOURCE:</u> Oregon UCJI No. 17.01

## AFD USA's Additional Comment and Authorities

- *See* Pretrial Order, Dkt. 298, at p. 18, Part VI, ¶ 6 *and* Jan. 3, 2014 order, Dkt. 278 (granting "leave for Plaintiffs to raise the same legal issues by other appropriate procedural means (*i.e.*, motions *in limine*, trial memoranda, **jury instructions**, motion for judgment as a matter of law, etc.)") (emphasis added).
- *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 2013 U.S. App. LEXIS 22517; 2013 WL 5928356 (9th Cir. Aug. 29, 2013) ("an untimely ownership claim will

bar a claim…where the gravamen of the dispute is ownership, at least where, as here, the parties are in a close relationship.")

- ORS §12.110(1) ("action for…any injury to the person or rights of another, not arising on contract…shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit.")

**AFD China's Analysis:**  AFD China's Pre-Trial Memorandum, Section II.J.

Dated:  March 7, 2014

/s/ Aimee Furness

Christopher E. Hawk, OSB #061635
Gordon & Rees LLP
121 SW Morrison Street, Suite 1575
Portland, Oregon 97204

Glenn Westreich *(Pro Hac Vice)*
Aimee Furness *(Pro Hac Vice)*
Haynes and Boone, LLP
2033 Gateway Place, Suite 300
San Jose, California 95110

ATTORNEYS FOR AFD CHINA
INTELLECTUAL PROPERTY LAW OFFICE
AND AFD CHINA INTELLECTUAL PROPERTY
LLC

/s/ Ansel Halliburton

Jack Russo, OSB #991992
Ansel Halliburton *(Pro Hac Vice)*
ComputerLaw Group LLP
401 Florence Street
Palo Alto, CA 94301

ATTORNEYS FOR PLAINTIFF AFD CHINA
INTELLECTUAL PROPERTY LAW (USA)
OFFICE, INC. AND THIRD PARTY
COUNTERCLAIM DEFENDANT LYNN WANG

## <u>CERTIFICATE OF SERVICE</u>

   This is to certify that a true and correct copy of this Joint Submission of Jury Instructions has been served on all counsel of record, as indicated below, on this 7th day of March, 2014.

Christopher E. Hawk, OSB #061635
Gordon & Rees LLP
121 SW Morrison Street, Suite 1575
Portland, Oregon 97204

Glenn Westreich
Aimee Furness
Haynes and Boone, LLP
2033 Gateway Place, Suite 300
San Jose, California 95110

          */s/ Ansel Halliburton*