Jack Russo (State Bar No. 991992)
Ansel Halliburton (*Pro Hac Vice*)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863
E-mail: jrusso@computerlaw.com
       ahalliburton@computerlaw.com

Attorney for Plaintiff and Counterclaim Defendants
AFD USA and LYNN WANG

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC., an Oregon corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE, a Chinese Corporation,<br><br>    Defendant, | Case No.: 3:09-CV-1509-BR<br><br>**PLAINTIFF AND COUNTERCLAIM DEFENDANTS' MOTION *IN LIMINE* NO. 7 TO EXCLUDE ALL REFERENCE TO THE CHINESE LITIGATION**<br><br>**Pretrial Conference:** **March 21, 2014**<br>**Trial:** **March 24, 2014**<br>**Judge:** **Hon. Anna J. Brown** |
| AFD CHINA INTELLECTUAL PROPERTY LLC, a Maryland limited liability company,<br><br>    Counterclaim Plaintiff<br><br>    v.<br><br>LEI WANG, a/k/a LYNN WANG,<br><br>    Third Party Counterclaim Defendant. | |

<u>NOTICE OF MOTION *IN LIMINE* NO. 7 AND MOTION *IN LIMINE* NO. 7</u>

PLEASE TAKE NOTICE that pursuant to the Court's January 3, 2014 Order (Dkt. 278), Plaintiff AFD China Intellectual Property Law (USA) Office, Inc. ("<u>AFD USA</u>") hereby moves this Court for an order excluding from trial any and all evidence offered by AFD China Intellectual Property Law Office or Counterclaim Plaintiff AFD China Intellectual Property LLC relating to all previous Chinese litigation as well as any discussion of the rulings, and all related testimony or documents. Any evidence submitted on this topic is irrelevant to the claims remaining in this case and submission of evidence to a jury would be improper and highly prejudicial to AFD US and Third Party Counterclaim Defendant Lynn Wang and should therefore be excluded. Pursuant to Federal Rule of Evidence 105, Plaintiff AFD USA respectfully moves this Court *in limine* for:

(a) An order excluding certain evidence, specifically testimony, presentation of documents, and references related to the previous Chinese litigation between the parties; and

(b) A limiting instruction to the jury that it may not make use of this evidence of that purpose.

## INTRODUCTION

The prior litigation between the parties in China, which has been completely resolved, has no bearing on the claims of this case, nor is it binding precedent on this Court. Such testimony is irrelevant and highly prejudicial to Ms. Wang and AFD USA and should be excluded in its entirety. This Court has the inherent power to bar evidence and testimony that either party intends to present at trial, and particularly in excluding evidence where the probative value of the evidence is outweighed by the prejudicial effect of its admission. FED. R. EVID., Rule 403. Here, the evidence AFD USA seeks to bar is both inadmissible as a matter of law and potentially prejudicial if admitted at trial. As such, the Court should order its exclusion and grant this motion *in limine*.

## RELEVANT PROCEDURAL HISTORY

On February 11, 2009, AFD USA filed a lawsuit against AFD China in the First Intermediate People's Court of Beijing for a breach of contract stemming from AFD China's unilateral and summary termination of Ms. Wang and the annexation of the North American client base she had developed over the previous three years under the cooperation agreement between the parties. The Beijing Trial court found no breach of contract, a decision that was upheld on appeal.

## ARGUMENT

The Court has the inherent power to control its proceedings, and Motions *in Limine* are well recognized in practice and by case law. *Ohler v. United States*, 259 US 753, 758 (2000); *Padillas v. Stork–Gamco, Inc*. 186 F.3d 412, 417 (3rd Cir. 1999); *Luce v. United States,* 469 US 38, 41 (1984) (Court's inherent power to manage the course of trials).

### I. REFERENCES TO AND DISCUSSIONS OF PREVIOUS CHINESE RULINGS ARE IRRELEVANT TO THE REMAINING CLAIMS IN THIS CASE.

The Chinese courts' rulings on Plaintiff's breach of contract claims do not weigh on AFD USA's or AFD LLC's remaining claims in the case, and should be excluded as irrelevant. Evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action, and, of course, irrelevant evidence is not admissible. FED. R. EVID., Rules 401 and 402. Evidence of the Chinese litigation does not have any preclusive effect in this action nor does it satisfy any test for relevance to the issues in **this** litigation.

At issue in this case are ownership and infringement of the "AFD" trademark, and AFD China's counterclaim for trademark cancellation and *alter ego* liability. The case brought before Chinese courts involved none of those claims, and cannot bear on the facts and issues remaining in this case, and this Court should therefore exclude any and all references to the Chinese Rulings and any testimony and documents related to the Chinese rulings. It is irrelevant and irrelevant evidence should not be admitted. Fed. R. Evid. 402.

## II. REFERENCES TO AND DISCUSSIONS OF PREVIOUS CHINESE RULINGS ARE HIGHLY PREJUDICIAL AND CONFUSING.

Allowing evidence or testimony related to the Chinese litigation would serve no end other than to prejudice Ms. Wang and AFD USA. According to the Federal Rules of Evidence, the court may exclude evidence surrounding such evidence as the "probative value is substantially outweighed by a danger of one or more of the following: **unfair prejudice, confusing the issues** [or] misleading the jury." FED. RULES EVID. 403.

Introducing to the Court any testimony or documents related to the case and appeals in China would cause unfair prejudice against AFD USA and Ms. Wang and would inevitably and unjustifiably paint AFD USA in a poor light and create a skewed image based solely on the fact that a foreign court failed to rule in its favor and would bias the jury based on the results of another Court with different evidence and procedures before it. This would create the very same unfair prejudice that Rule 403 of the Federal Rules of Evidence was instated to prevent, and such evidence should therefore not be allowed.

Furthermore, any inclusion, mention, or discussion of the Chinese Rulings and the related testimonies and documents would only serve to confuse the jury as to the issues of **this case**. Again, the Court should therefore exclude these references and discussions from evidence.

## CONCLUSION

For all the foregoing reasons, the Court should order Defendant and Counterclaim Plaintiff and their counsel to refrain from introducing evidence or testimony relating to the Chinese lawsuit and appeals, including the circumstances surrounding these claims, rulings, testimony, or related documents. Should AFD China submit any such testimony, AFD USA further requests a specific instruction to the jury that it may not make use of this evidence in its deliberations.

//
//

Dated: March 7, 2014 COMPUTERLAW GROUP LLP

By: /s/ Jack Russo

Jack Russo
Ansel Halliburton *Pro Hac Vice*

Attorneys for Plaintiff AFD China Intellectual Property Law (USA) Office, Inc. and Third Party Counterclaim Defendant Lynn Wang