Jack Russo (State Bar No. 991992)
Ansel Halliburton (*Pro Hac Vice*)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863
E-mail: jrusso@computerlaw.com

Attorneys for Plaintiff AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC. and Third Party Counterclaim Defendant LYNN WANG

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC., an Oregon corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE, a Chinese Corporation,<br><br>    Defendant, | Case No.: 3:09-CV-1509-BR<br><br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 8 TO EXCLUDE EVIDENCE RELATED TO THE CALIFORNIA LAWSUITS**<br><br>**Pretrial**<br>**Conference:**     **March 21, 2014**<br>**Trial:**     **March 24, 2014**<br>**Judge:**     **Hon. Anna J. Brown** |
| AFD CHINA INTELLECTUAL PROPERTY LLC, a Maryland limited liability company,<br><br>    Counterclaim Plaintiff<br><br>    v.<br><br>LEI WANG, a/k/a LYNN WANG,<br><br>    Third Party Counterclaim Defendant. | |

## NOTICE OF MOTION *IN LIMINE* AND MOTION *IN LIMINE* NO. 8

PLEASE TAKE NOTICE that pursuant to the Court's January 3, 2014 Order (Dkt. 278), Plaintiff AFD China Intellectual Property Law (USA) Office, Inc. ("AFD USA") hereby moves this Court for an order excluding from trial any and all evidence offered by Defendant AFD China Intellectual Property Law Office or Counterclaim Plaintiff AFD China Intellectual Property LLC related to the Court's comments relating to any rulings in or settlement of any previous related California State Court cases. As authorized by Federal Rule of Evidence 105, plaintiff AFD China Intellectual Property Law (USA) Office and Third Party Counterclaim Defendant Lei Wang, a/k/a Lynn Wang (together, "AFD USA"), respectfully move this Court *in limine* for:

(a) an order precluding AFD China's use of testimony, evidence, and argument related to the two previous cases before the California Superior Court for the County of Santa Clara;

(b) a limiting instruction to the jury that it may not make use of this evidence of that purpose.

## INTRODUCTION

Evidence of the previous California State Court cases settled or otherwise disposed of between the parties is irrelevant and highly prejudicial to Ms. Wang and AFD USA and should be excluded in its entirety. This Court has the inherent power to bar evidence and testimony that either party intends to present at trial, and particularly in excluding evidence where the probative value of the evidence is outweighed by the prejudicial effect of its admission. FED. R. EVID., Rule 403. Here, the evidence AFD USA seeks to bar is both inadmissible as a matter of law and potentially prejudicial if admitted at trial. As such, the Court should order its exclusion and grant this motion *in limine*.

## RELEVANT PROCEDURAL HISTORY

While related litigation was pending in China, AFD China filed a lawsuit on August 21, 2009 against Ms. Wang in the Superior Court of California, County of Santa Clara fraud and

conversion (the "First California Suit"). On December 4, 2009, Ms. Wang filed a Motion to Stay the First California Suit, requesting that the Court stay the action in favor of the ongoing suit in China because the First California Suit arose from a common nucleus of operative facts. The Court granted the motion to stay the First California Suit.

AFD USA filed suit on December 28, 2009, also in the Santa Clara Superior Court (the "Second California Suit"). Ms. Wang filed a motion on June 9, 2010 to dismiss both of the California Suits, arguing that Oregon was a more appropriate forum for the dispute between the involved parties. Those motions were denied and AFD USA dismissed the Second California Suit and entered the First California Suit as a cross-complainant with Ms. Wang on September 1, 2010.

Litigation in the First California Suit and this case continued simultaneously. Following unsuccessful summary judgment motions in the remaining California case, and various mandatory and court-ordered settlement conferences, the parties were finally able to reach an agreement on January 11, 2011 and the First California Suit was dismissed.

## ARGUMENT

The Court has the inherent power to control its proceedings, and Motions *in limine* are well recognized in practice and by case law. *Ohler v. United States*, 259 US 753, 758 (2000); *Padillas v. Stork–Gamco, Inc*. 186 F.3d 412, 417 (3rd Cir. 1999); *Luce v. United States,* 469 US 38, 41 (1984) (Court's inherent power to manage the course of trials).

### I. THE DISMISSAL AND SETTLEMENT OF THE CALIFORNIA CASES IS IRRELEVANT.

The California Cases have no bearing on this lawsuit and should be precluded entirely from presentation to the jury at trial as irrelevant. Evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) **the fact is of consequence in determining the action**. FED. R. EVID. 401 (emphasis added). Evidence related to the California Cases does not satisfy this test and should be excluded from trial in this case.

Following the Court's dismissal of various claims on summary judgment in this case, the issues remaining are ownership and infringement of the "AFD" trademark, and AFD China's

counterclaim for trademark cancellation and alter ego liability. The probative value of evidence about what occurred in the California Cases and how there were resolved, regardless of whether the California Cases involved similar or related claims does not weigh on **the claims, counterclaims, or facts remaining in this case.**[1] There was no Order or adjudication of any claims in the California Cases that might instruct a finder of fact's opinion in this case, nor was there a jury trial that might similarly provide any preclusive effect that would tend to make the facts surrounding the remaining claims more or less probable. The fact that the cases were either dismissed or settled in deference to this case on the basis of venue can be of no consequence in determining the outcome of this action.

The California Cases, cannot weigh on the probability of any fact surrounding the parties' Lanham Act and common law trademark infringement claims, any underlying ownership issues, or other counterclaims, and therefore cannot be used by AFD China to prove the elements of their claims and should be excluded from evidence as irrelevant, and irrelevant evidence must not be admitted. Fed. R. Evid. 402.

## II. EVIDENCE RELATED TO THE CALIFORNIA CASES WOULD BE HIGHLY PREJUDICIAL TO AFD USA, AND SHOULD BE EXCLUDED.

Presentation of evidence relating the California Cases would unfairly prejudice a jury against Ms. Wang and AFD USA. According to Federal Rules of Evidence, the court may exclude evidence if its "probative value is substantially outweighed by a danger of one or more of the following: **unfair prejudice**, confusing the issues [or] misleading the jury." FED. R. EVID. 403 (emphasis added).

The prejudice to Ms. Wang and AFD USA far outweighs any potential probative value of evidence related to the dispositions of the California Cases. Unfair prejudice is the "**possibility** that the evidence will excite the jury to make a decision on the basis of a factor unrelated to the

---

[1] To be clear, AFD USA is not seeking to bar the admission of evidence relevant to this dispute simply because it was cited or referred to in the California Cases; rather, it is any mention of the existence of those cases and, especially, their resolution that should be totally barred from the trial of this matter.

issues properly before it." *Mullen v. Princess Anne Volunteer Fire Co.,* 853 F.2d 1130, 1134 (emphasis added). There being no probative value whatsoever in the California litigation, the possibility, and indeed, probability, that a jury would draw prejudicial inferences instructs that any mention of the California Cases should be excluded.

Further, AFD China's claims in the First California Case were dismissed with prejudice and should not be allowed to weigh at all on the claims in this case. Introduction of evidence relating to the Second California Case, which contained a similar set of claims to those in this case, would only serve to confuse the issues and misdirect a jury's attention from the claims remaining in this case following summary judgment; *i.e.*, the claims on which a jury is to base its decision. The record shows that the decision to dismiss and settle the California Cases related to the question of proper venue,[2] which has been decided in this case for some time and is not an issue for the jury. Any discussion of the California Cases will inevitably be a detour from the elements of this case and, in the interest of clarity, efficiency, and equity, should be excluded.

## CONCLUSION

For all the foregoing reasons, the Court should order Defendant and Counterclaim Plaintiff and their counsel to refrain from introducing evidence or testimony relating to the California Cases, and should AFD China enter any such testimony, a special jury instruction should issue reminding the jury of its responsibilities related to the claims **in this case**.

Dated: March 7, 2014                                COMPUTERLAW GROUP LLP

By: /s/ Jack Russo

Jack Russo
Ansel Halliburton *Pro Hac Vice*

Attorneys for Plaintiff AFD China Intellectual Property Law (USA) Office, Inc. and Third Party Counterclaim Defendant Lynn Wang

---

[2] See Dkt. 92, AFD China's Memorandum in Opposition to Petition & Motion to Compel Arbitration & to Stay Litigation at page 6.