Jack Russo (State Bar No. 991992)
Ansel Halliburton (*Pro Hac Vice*)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863
E-mail: jrusso@computerlaw.com

Attorneys for Plaintiff AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC. and Third Party Counterclaim Defendant LYNN WANG

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC., an Oregon corporation,<br><br>　　Plaintiff,<br><br>　　v.<br><br>AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE, a Chinese Corporation,<br><br>　　Defendant, | Case No.: 3:09-CV-1509-BR<br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 9 TO EXCLUDE EVIDENCE OF DEFENDANT'S COUNTER-CLAIM DAMAGES**<br><br>**Pretrial**<br>**Conference:**　**March 21, 2014**<br>**Trial:**　**March 24, 2014**<br>**Judge:**　**Hon. Anna J. Brown** |
| AFD CHINA INTELLECTUAL PROPERTY LLC, a Maryland limited liability company,<br><br>　　Counterclaim Plaintiff<br><br>　　v.<br><br>LEI WANG, a/k/a LYNN WANG,<br><br>　　Third Party Counterclaim Defendant. | |

## NOTICE OF MOTION *IN LIMINE* AND MOTION *IN LIMINE* NO. 9

PLEASE TAKE NOTICE that pursuant to the Court's January 3, 2014 Order (Dkt. 278), Plaintiff AFD China Intellectual Property Law (USA) Office, Inc. ("AFD USA") hereby moves this Court for an order excluding from trial any and all opinion evidence offered by Defendant AFD China Intellectual Property Law Office or Counterclaim Plaintiff AFD China Intellectual Property LLC (collectively "AFD China") relating to all damages sought in the AFD China's counterclaims due to AFD China's failure to comply with the reporting requirements of Rule 26 of the Federal Rules of Civil Procedure.

## INTRODUCTION

Any and all opinions related to damage assessment and calculations for Defendant AFD China Intellectual Property Law Office's and Counterclaim Plaintiff AFD China Intellectual Property LLC's (collectively "AFD China") counterclaims against Plaintiff and Counterclaim Defendant should be excluded for failure to designate any expert to assess the damages it purportedly seeks in its counterclaims and has provided no expert testimony to support a finding of such purported damages. As a result of Defendant's failure to comply with the Federal Rules of Civil Procedure and provide any expert testimony to substantiate its counterclaim damages AFD China should be barred from presenting any evidence or opinions at trial on this issue.

## ARGUMENT

**I. AFD CHINA'S FAILURE TO DISCLOSE A DAMAGE EXPERT BARS IT FROM PRESENTING EVIDENCE OF ITS COUNTERCLAIM DAMAGES.**

AFD China has never designated an expert to assess its counterclaim damages and did not serve any damages expert report on January, 24, 2014, the deadline for the party bearing the burden of proof at trial. (Dkt. 257, 258) "A party shall disclose to other parties the identity of any witness it may use at trial to present evidence under Rule 702,[1] 702 or 705" FED. R.

---
[1] The type of damages opinions AFD USA is seeking to exclude here do not and cannot qualify for admission under Rule 701 as a opinion by a lay witness either, as it requires specialized knowledge and falls solely under Rule 702.

CIV. PROC., Rule 26(a)(2)(a). A party who fails to properly disclose its experts or their reports "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. PROC., Rule 37(c)(1).

Exclusion is thus automatic and mandatory unless the party can show that its violation of the Federal Rule of Civil Procedure 26(a) was either justified or harmless, which AFD China cannot do here. Defendant's actions are neither harmless nor justified as their failure to disclose an expert barred AFD USA from examining the evidence and taking the experts testimony. Defendant has failed to disclose any person to testify on its behalf to support its counterclaim damages claim, and, as such, AFD China may not present opinion testimony to the jury at trial regarding damages.

## II. AFD CHINA'S REBUTTAL DAMAGE EXPERT CANNOT TESTIFY TO COUNTERCLAIM DAMAGES.

AFD China has designated John Hansen as a rebuttal expert only to rebut AFD USA's damage claims and not to assess any alleged counterclaim damages. Mr. Hansen's identifies the scope of his work, testimony and expert report as "to address damages issues related to AFD [USA]'s claims of trademark infringement, unfair competition, unjust enrichment, intentional interference with business relationships and breach of fiduciary duty." *Expert Rebuttal Report of John L. Hansen* "Scope of Report" pg 2 (April 9, 2012). AFD China did not designate Mr. Hansen to address the issue of its counterclaim damages; as a result, Mr. Hansen has produced no expert report or testimony. Both the Federal Rules of Civil Procedure and Federal Rules of Evidence bar Mr. Hansen from testifying outside the scope of his examination and reports.

Finally, as moved in AFD USA's Motion *in Limine* number 4, Mr. Hansen's testimony is inadmissible under Rules 702 and 704 and should be excluded from trial on those additional grounds.

//
//

## CONCLUSION

AFD China has failed to identify an expert to assess counterclaim damages and as such should be barred from presenting any such evidence at trial.

Dated: March 7, 2014                COMPUTERLAW GROUP LLP

                                    By: /s/ Jack Russo
                                        Jack Russo
                                        Ansel Halliburton *Pro Hac Vice*

                                        Attorneys for Plaintiff AFD China Intellectual Property Law (USA) Office, Inc. and Third Party Counterclaim Defendant Lynn Wang