Jack Russo (State Bar No. 991992)
Ansel Halliburton (*Pro Hac Vice*)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863
E-mail: jrusso@computerlaw.com

Attorneys for Plaintiff AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC. and Third Party Counterclaim Defendant LYNN WANG

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC., an Oregon corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE, a Chinese Corporation,<br><br>    Defendant, | Case No.: 3:09-CV-1509-BR<br><br><br>**PLAINTIFF'S MOTION** *IN LIMINE* **NO. 10 TO EXCLUDE ALL TESTIMONY AND DOCUMENTARY EVIDENCE RELATING TO LITIGATION INVOLVING LYNN WANG'S PREVIOUS LITIGATION COUNSEL**<br><br>**Pretrial**<br>**Conference:**   March 21, 2014<br>**Trial:**   March 24, 2014<br>**Judge:**   Hon. Anna J. Brown |
| AFD CHINA INTELLECTUAL PROPERTY LLC, a Maryland limited liability company,<br><br>    Counterclaim Plaintiff<br><br>    v.<br><br>LEI WANG, a/k/a LYNN WANG,<br><br>    Third Party Counterclaim Defendant. | |

# NOTICE OF MOTION *IN LIMINE* AND MOTION *IN LIMINE* NO. 10

PLEASE TAKE NOTICE that pursuant to the Court's January 3, 2014 Order (Dkt. 278), Plaintiff AFD China Intellectual Property Law (USA) Office, Inc. ("AFD USA") hereby moves this Court for an order excluding from trial any and all evidence offered by Defendant AFD China Intellectual Property Law Office or Counterclaim Plaintiff AFD China Intellectual Property LLC relating to litigation involving Lynn Wang's unpaid attorneys' fees. Any evidence submitted on this topic is irrelevant to the claims remaining in this case and submission of evidence to a jury would be improper and highly prejudicial to AFD USA and Third Party Counterclaim Defendant Lynn Wang and should therefore be excluded.

As authorized by Federal Rule of Evidence 105, Plaintiff AFD USA respectfully moves this Court *in limine* for:

(a) an order excluding certain evidence, specifically testimony and documentary evidence surrounding litigation involving Lynn Wang, her previous attorneys, or any claims for unpaid attorneys' fees; and

(b) a limiting instruction to the jury that it may not make use of this evidence of that purpose.

## ARGUMENT

The Court has the inherent power to control its proceedings, and Motions *in limine* are well recognized in practice and by case law. *Ohler v. United States*, 259 US 753, 758 (2000); *Padillas v. Stork–Gamco, Inc*. 186 F.3d 412, 417 (3rd Cir. 1999); *Luce v. United States,* 469 US 38, 41 (1984) (Court's inherent power to manage the course of trials).

## I. EVIDENCE OF LITIGATION INVOLVING UNPAID ATTORNEYS' FEES IS IRRELEVANT TO THE REMAINING CLAIMS IN THIS CASE.

Any past or ongoing litigation between Ms. Wang and her previous attorneys weighs not at all on the claims and issues disputed in this proceeding, and any such evidence should be precluded as irrelevant. Evidence is relevant if (a) it has a tendency to make a fact more or less

probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. FED. R. EVID., Rule 401. Unrelated litigation in this case does not satisfy this test, and is therefore inadmissible according to Federal Rule of Evidence 402.

At issue in this case are ownership and infringement of the "AFD" trademark, and AFD China's counterclaim for trademark cancellation and alter ego liability. Ongoing litigation involving Ms. Wang's previous counsel is entirely unrelated to this case and cannot bear on the facts and issues remaining in this case. All such evidence should therefore be precluded from trial as it cannot be relied on by a jury or finder of fact; the Court should grant AFD USA's Motion.

## II.  EVIDENCE OF LITIGATION INVOLVING PREVIOUS COUNSEL AND CLAIMS OF UNPAID ATTORNEYS' FEES WOULD BE HIGHLY PREJUDICIAL TO AFD USA.

There can be no reason to admit evidence of completely unrelated litigation other than to color Ms. Wang's testimony to a jury, and cannot aid a finder of fact. According to Federal Rules of Evidence, the court may exclude such evidence because the "probative value is substantially outweighed by a danger of one or more of the following: **unfair prejudice**, confusing the issues [or] misleading the jury." FED. R. EVID., Rule 403.

Introducing to the jury evidence of any unrelated litigation involving Lynn Wang's dispute with previous counsel, including testimony or documents, would cause unfair prejudice against AFD USA and Lynn Wang and would inevitably and unjustifiably paint AFD USA and Lynn Wang in a negative light raise questions as to the quality of Lynn Wang's character,[1] creating exactly the unfair prejudice Rule 403 protects against. There is therefore no reason to include such evidence, and many reasons to exclude; accordingly, this Motion *in limine* should be granted.

## CONCLUSION

---

[1] Should Defendants seek to introduce any such testimony as evidence of Ms. Wang's character, it should also be excluded as inadmissible character evidence. FED. R. EVID., Rule 404.

For all the foregoing reasons, the Court should order Defendant and Counterclaim Plaintiff and their counsel to refrain from introducing evidence or testimony relating to litigation involving Lynn Wang's unpaid attorneys' fees, including any type of communication whether verbal, written or otherwise. Should AFD China submit any such testimony, AFD USA further requests a specific instruction to the jury that it may not make use of this evidence in its deliberations.

Dated: March 7, 2014                COMPUTERLAW GROUP LLP

                                    By: /s/ Jack Russo
                                        Jack Russo
                                        Ansel Halliburton *Pro Hac Vice*

                                        Attorneys for Plaintiff AFD China Intellectual Property Law (USA) Office, Inc. and Third Party Counterclaim Defendant Lynn Wang