Jack Russo (State Bar No. 991992)
Ansel Halliburton (*Pro Hac Vice*)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863
E-mail: jrusso@computerlaw.com

Attorneys for Plaintiff AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC. and Third Party Counterclaim Defendant LYNN WANG

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC., an Oregon corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE, a Chinese Corporation,<br><br>    Defendant, | Case No.: 3:09-CV-1509-BR<br><br><br>**PLAINTIFF'S MOTION *IN LIMINE* NO. 11 TO EXCLUDE EVIDENCE RELATED TO JUSTIN SIMPSON AND INOVIA/PCTFILER DISPUTES WITH MS. WANG**<br><br>**Pretrial Conference:**   **March 21, 2014**<br>**Trial:**   **March 24, 2014**<br>**Judge:**   **Hon. Anna J. Brown** |
| AFD CHINA INTELLECTUAL PROPERTY LLC, a Maryland limited liability company,<br><br>    Counterclaim Plaintiff<br><br>    v.<br><br>LEI WANG, a/k/a LYNN WANG,<br><br>    Third Party Counterclaim Defendant. | |

# NOTICE OF MOTION *IN LIMINE* AND MOTION *IN LIMINE* NO. 11

PLEASE TAKE NOTICE that pursuant to the Court's January 3, 2014 Order (Dkt. 278), Plaintiff AFD China Intellectual Property Law (USA) Office, Inc. ("AFD USA") hereby moves this Court for an order excluding from trial any and all evidence offered by Defendant AFD China Intellectual Property Law Office or Counterclaim Plaintiff AFD China Intellectual Property LLC related to prior disputes between Ms. Wang's ownership interest in Inovia (formerly known as PCTfiler). As authorized by Federal Rule of Evidence 105, plaintiff AFD China Intellectual Property Law (USA) Office and Third Party Counterclaim Defendant Lei Wang, a/k/a Lynn Wang (together, "AFD USA"), respectfully move this Court *in limine* for:

(a) an order precluding AFD China's use of testimony, evidence, and argument related to Ms. Wang's ownership interest in Inovia and any related disputes;

(b) a limiting instruction to the jury that it may not make use of this evidence of that purpose.

## INTRODUCTION

In 2011, a lengthy and irrelevant exchange took place involving Ms. Wang, non-party Inovia (formerly known as PCTfiler) and Inovia's principal, non-party Justin Simpson, who will be a witness at trial. The exchange concerned Ms. Wang's former ownership interest in Inovia, and Mr. Simpson's and PCTfiler's desire to remove her as a shareholder. Many emails and letters were exchanged in this dispute. This separate dispute has absolutely no relevance to this case, and given its complexity, any testimony about it would be a waste of the Court's and the Jury's precious time, and would confuse the jury.

## ARGUMENT

The Court has the inherent power to control its proceedings, and Motions *in limine* are well recognized in practice and by case law. *Ohler v. United States*, 259 US 753, 758 (2000); *Padillas v. Stork–Gamco, Inc*. 186 F.3d 412, 417 (3rd Cir. 1999); *Luce v. United States,* 469 US 38, 41 (1984) (Court's inherent power to manage the course of trials).

I.   **MS. WANG'S PRIOR OWNERSHIP INTEREST IN INVOIA IS IRRELEVANT.**

Evidence is relevant if (a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) **the fact is of consequence in determining the action**. FED. R. EVID. 401 (emphasis added). Evidence related Ms. Wang's prior ownership interest in Inovia, or any related disputes, does not satisfy this test and should be excluded from the evidence presented to the finder of fact at trial in this case.

Nothing in any written correspondence or potential testimony about ownership interests in Inovia relate in any way to the trademark issues in this dispute. Rather, all that potential evidence relates to contractual and business disputes not being litigated in this action. As this information is not relevant to the claims, it should be excluded from the trial of this dispute.

II.  **EVIDENCE RELATED TO INOVIA OWNERSHIP WOULD WASTE TIME, AND SHOULD BE EXCLUDED.**

According to Federal Rules of Evidence, the court may exclude evidence if its "probative value is substantially outweighed by a danger of one or more of the following: **unfair prejudice**, confusing the issues [or] **wasting time**." FED. R. EVID. 403 (emphasis added).

Even should the Court find some marginal relevance in Ms. Wang's prior ownership interest in Inovia or related disputes, the time it would take to fully explain and go through all of the relevant correspondence and history far outweighs whatever minimal relevance the Court may find such evidence has. There were dozens of emails, letters, phone calls between multiple persons and entities (many of whom will not be present at trial), none of which pertain to the material issues in dispute and to be adjudicated at trial.

Further, a dispute about ownership in a different entity, Inovia, may confuse the jury given the ownership disputes that are material in this case and will unfairly create prejudice against AFD USA. Accordingly, for the further reason of avoiding wasted time, the Court should exclude all evidence relating to Ms. Wang's prior ownership interest in Inovia, and any evidence relating to disputes over that ownership interest.

## CONCLUSION

For all the foregoing reasons, the Court should order Defendant and Counterclaim Plaintiff and their counsel to refrain from introducing evidence or testimony relating to Ms. Wang's prior ownership interest in Inovia and related disputes, and a special jury instruction should issue reminding the jury of its responsibilities related to the claims **in this case**.

Dated: March 7, 2014                                  COMPUTERLAW GROUP LLP

By: /s/ Jack Russo

Jack Russo
Ansel Halliburton *Pro Hac Vice*

Attorneys for Plaintiff AFD China Intellectual Property Law (USA) Office, Inc. and Third Party Counterclaim Defendant Lynn Wang