JACK RUSSO (State Bar No. 991992)
ANSEL HALLIBURTON (*Pro Hac Vice*)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863
E-mail: jrusso@computerlaw.com
      ahalliburton@computerlaw.com

Attorney for Plaintiff and Counterclaim Defendants
AFD USA and LYNN WANG

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC., an Oregon corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE, a Chinese Corporation,<br><br>    Defendant, | Case No.: 3:09-CV-1509-BR<br><br>**Plaintiff AFD USA's Trial Memorandum**<br><br>Trial Date: March 24, 2014<br>Judge: Hon. Anna J. Brown |
| AFD CHINA INTELLECTUAL PROPERTY LLC, a Maryland limited liability company,<br><br>    Counterclaim Plaintiff<br><br>    v.<br><br>LEI WANG, a/k/a LYNN WANG,<br><br>    Third Party Counterclaim Defendant. | |

Plaintiff AFD China Intellectual Property Law (USA) Office, Inc. ("AFD USA") and Third Party Counterclaim Defendant Lynn Wang ("Ms. Wang") hereby submit this Trial Memorandum.

## I. NATURE OF THE ACTION

This case is between two prior business partners, AFD USA and AFD China, whose principals are Ms. Wang and Xia Zheng ("Ms. Xia"), respectively. This dispute arises primarily from a business relationship between the two companies, and the conditions under which that relationship was terminated. After the Court's summary judgment ruling, all the remaining claims relate to the "AFD" trademark. Both parties claim ownership of the "AFD" trademark, and bring both federal and common-law trademark and unfair competition claims, as well as claims for declaratory relief.

## II. FOCUS OF THE TRIAL

The parties have stipulated that there is a likelihood of confusion due to their competing use of the AFD Mark. Thus, the primary issue in dispute, and the focus of this trial, is ownership of the AFD Mark. See Pretrial Order Part VI, number 1 (Dkt. 298 at p. 17).

Ordinarily, a plaintiff in a trademark infringement case must prove (1) the mark is protectable as a trademark; (2) the plaintiff owns the trademark; (3) the defendant used the mark without permission in "a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the goods". MCJI 15.5. However, the parties have stipulated that the mark is protectable, and that there is a likelihood of confusion, and so the only remaining elements either party need prove are ownership and unauthorized use.

AFD USA contends that it owns the AFD Mark. AFD USA was the party actually located in the United States, and used the AFD Mark consistently in marketing the services the parties provided. Ms. Wang will testify—and multiple clients will corroborate—that Ms. Wang engaged United States clients in United States commerce under the AFD Mark. This use of the AFD Mark establishes trademark rights under both the Federal Lanham Act and under the common law of the State of Oregon. AFD USA also filed an application with the U.S. Patent and

Trademark Office ("USPTO") to register the AFD Mark on behalf of AFD USA. The USPTO examined that application, published it to the world for opposition, and granted it. Under the Lanham Act, the USPTO's grant of the registration to AFD USA creates a presumption that AFD USA owns the AFD Mark in the United States. The presumption is rebuttable, but AFD China must meet a high standard to do so.

### III. AFD USA'S WITNESSES

As outlined in the parties' joint witness list, AFD USA seeks to present the following categories of witnesses:

1. Ms. Wang, AFD USA's principal
2. Lawyers from China to discuss the Chinese intellectual property system from their own personal knowledge
3. AFD USA's graphic designer, to discuss marketing materials used by AFD USA with the AFD Mark
4. AFD USA's accountant, to discuss AFD USA's incorporation and following of corporate formalities
5. Serena Morones to provide expert testimony on AFD USA's damages
6. Technical experts who worked for AFD USA providing quality control regarding technical translations of patent filings
7. Clients of AFD USA and AFD China to discuss quality control over services provided under the mark
8. AFD China's and AFD LLC's principals to discuss the relationship between AFD USA and AFD China, and the termination of that relationship in late 2007

AFD China objects to many of AFD USA's witnesses as "irrelevant." However, many of these witnesses' testimony goes directly to the affirmative defenses that AFD China has asserted.

For instance, the issue of quality control is highly relevant because it is an element in AFD China's "naked licensing" defense as presented in AFD China's proposed jury instruction 41, which includes as a defense element that "AFD USA did not exercise quality control over the

AFD Mark." Under the Lanham Act, trademark rights can be lost if its owner fails to adequately control the quality of services provided under the mark. AFD China has also argued that AFD USA was merely a "marketing agent" that did no substantive work. These witnesses will discuss both subjects.

IV.     **AGREED AND DISPUTED FACTS**

The parties previously filed two lengthy Joint Statements of Agreed Facts. All but one of those facts remains agreed. The parties also each contend that several of the agreed facts are not relevant, which are marked with an asterisk in the Pretrial Order.

AFD USA discovered during its work in jointly preparing the Pretrial Order that one previously agreed fact is incorrect. Specifically, AFD USA disputes that "as early as December 8, 2004, AFD China was using 'AFD China' on its website." The basis for this dispute, as discussed Part IV of the Pretrial Order, is that the documentary evidence supports a finding to the contrary. AFD USA will present archives, preserved by a neutral third party, of AFD China websites from late 2004 and early 2005 that **do not** use the AFD Mark—and instead use **only** AFD China's Chinese-language name, Anxinfonda.

AFD China seeks a jury instruction (no. 20 in the parties' joint jury instruction filing) deeming this disputed fact true through judicial notice. However, it would constitute reversible error for the Court to force on the jury a plainly disputed fact for which a party seeks to introduce admissible evidence to the contrary.

V.      **IRRELEVANT FACTS THE COURT SHOULD EXCLUDE**

AFD China seeks to introduce several categories of evidence that are not relevant to this case. AFD USA will also submit motions *in limine* to exclude that evidence, but the following is a discussion of the most material overall categories.

    A.      **This Court's Prior Findings on Credibility Issues**

AFD China seeks to impeach Ms. Wang's credibility by offering this Court's findings related to prior motion practice in this case. AFD USA addresses this issue in full in a separate motion *in limine*, but the Court must exclude this evidence or risk derailing the trial. If the

Court's findings were introduced, then AFD USA would be constitutionally entitled to cross examine the author of the statements. That is not a scenario any party, or the Court, wants.

In addition, as discussed in AFD USA's motion *in limine*, the Court's findings about pre-trial motion practice have no bearing on the issues that will be before the jury about ownership of the AFD Mark, and should be excluded on the basis of relevance as well.

### B. Other Judicial Proceedings and Disputes

AFD China seeks to introduce volumes of irrelevant hearsay evidence from prior judicial proceedings in China and in California. This is despite AFD China's admission (joint fact no. 40) that "[t]he ownership of the AFD Mark has not been decided by a judge or jury." Thus, the Court should exclude all testimony and all exhibits related to those prior litigations. They are not relevant because they admittedly have nothing to do with the AFD Mark. They are hearsay, because the various attorneys and judges involved will not be present at trial. They are a waste of time and resources more likely to distract and confuse the jury than to have any probative value.

The Court should also exclude jointly agreed facts nos. 25–39, which are all related to these prior proceedings. AFD USA agreed these facts were true, but has at all times contested their relevance. These facts will, again, only serve to confuse the issues and the jury, and waste time. The Court should exclude them.

The Court should also exclude any mention of AFD USA's disputes with its prior counsel in this litigation, which is the subject of AFD USA's motion *in limine* number 10. Any such testimony or documentary evidence would be extremely prejudicial, as well as completely irrelevant. There is a real threat that AFD China will attempt to introduce this highly prejudicial and irrelevant evidence. AFD USA intends to call one witness from its prior law firm, Stoel Rives LLP, but only for questions with a very limited scope—that witness's personal knowledge about how the name "AFD" was created. The Court should not allow AFD China to use this as an opportunity to confuse and mislead the jury with questions about that firm's prior representation of AFD USA in this case, or its disputes with AFD USA, which are irrelevant. The Court should grant AFD USA's motion *in limine*.

## VI. LEGAL STANDARDS FOR AFFIRMATIVE DEFENSES

One significant legal issue is the parties' dispute over the legal standards applicable to AFD China's affirmative defenses. AFD USA contends that applicable Ninth Circuit case law makes clear that most of AFD China's defenses are subject to a heightened clear-and-convincing evidence standard. The authorities cited in AFD USA's jury instructions, as well as the authorities in the Ninth Circuit's Manual of Model Civil Jury Instructions ("MCJI"), support this position.

### A. Abandonment

AFD China contends that AFD USA abandoned the AFD Mark. The official comment to MCJI instruction 15.20 states that "Abandonment 'is generally a factual issue.'" Although the comment also states that "[n]o Ninth Circuit case clearly describes the standard of proof required to prove abandonment," the cases cited imply strongly that the standard is heightened, *e.g.* defendant "is required to 'strictly prove' its claim," *Electro Source, LLC*, 458 F.3d at 935; defendant "faces a stringent standard of proof." *BancAmerica Int'l USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 596 (9th Cir.2002). The Ninth Circuit's comment also notes that a widely respected and cited treatise states that "except for the Federal Circuit, **'all' courts follow a clear and convincing standard of proof of abandonment**." McCarthy, TRADEMARKS AND UNFAIR COMPETITION § 17:18 (emphasis added).

It is also important to note that one element of the abandonment defense is **subjective intent**. Ms. Wang has previously testified in deposition, and will testify again at trial, that she did not intend to abandon the mark. AFD USA paused using the mark so as not to confuse its or AFD China's clients, but always intended to resume AFD USA's use once this litigation was resolved.

### B. Fraud on the USPTO

AFD USA also contends that AFD USA's trademark registration is invalid because AFD USA procured it by fraud on the USPTO. AFD USA, of course, contests this. This affirmative defense requires proof by **clear and convincing evidence**, as AFD China admits in its proposed jury instruction 41.

That clear and convincing evidence must also include—as with any fraud claim—proof of AFD USA's **subjective intent**. Ms. Wang's prior testimony has been consistent: that she did not intend any fraud, and had an honest belief that AFD USA was the owner of the AFD Mark in the United States.

### C. Waiver, Estoppel, and Acquiescence

AFD China's waiver, estoppel, and acquiescence affirmative defenses sound in equity, and are therefore not proper subjects for jury instructions. The *Seller* case cited by AFD China was tried to a judge—not a jury. *Seller Agency Council, Inc. v. Kennedy Center for Real Estate Ed., Inc.*, C.D.Cal., no. 8:06-cv-00679-AHS-MLG, Dkt. 111 (findings of fact and conclusions of law after bench trial). The Court should not adopt AFD China's proposed instructions 59–61.

## VII. DAMAGES TESTIMONY AND DOCUMENTS

AFD USA will offer expert testimony on damages from Serena Morones, whose substitution the Court previously allowed. As discussed in AFD USA's motion *in limine* number 6, the Court should exclude any discussion of the pre-trial proceedings around that substitution and AFD USA's prior expert.

The documents underlying Ms. Morones's analysis are voluminous—in the tens of thousands. AFD USA's counsel (through a protective order-qualified vendor) and Ms. Morones prepared summaries of those documents. AFD China disputes the accuracy of those summaries. However, summarizing this voluminous data is the only reasonable way to present it to the jury—which, as a qualified expert, Ms. Morones is entitled to do.

AFD China's rebuttal expert, Mr. Hansen, has issued a rebuttal report in which he discusses information about AFD China's expenses that was not produced to AFD USA in the

proper course of discovery. He also purports to rely on "interviews" with AFD China personnel for forming an opinion about AFD China's expenses. As discussed in more detail in AFD USA's corresponding motion *in limine*, neither Mr. Hansen's methods nor the information on which he relied are reliable, and the Court should disallow them.

Mr. Hansen was also not disclosed at any time as an expert on AFD China's damages against AFD USA, so any such testimony must be excluded.

### VIII. AFD USA'S TACKING THEORY

AFD USA contends that, for showing its priority of use of the AFD Mark, it is entitled to the benefit earlier services provided by Ms. Wang in the United States, and of earlier use of its trade name—which incorporates the AFD Mark.

AFD USA was incorporated on January 1, 2005 (Exhibit 49). AFD USA's name is a trade name, which is protectable under either state common law or under the Lanham Act. *Accuride International, Inc. v. Accuride Corp.*, 871 F.2d 1531, 1534–36 (9th Cir. 1989) (trade name actionable under Lanham Act; no meaningful in law for infringement of trademark and trade name). *See* AFD USA's proposed jury instruction 50. AFD USA may avail itself of the use of its trade name as one way of establishing priority. "In certain circumstances, the prior use of a slightly different version or format of the mark can be 'tacked on' to the present version in order to claim priority of use over a rival. This is permitted if the new form of the mark creates the same commercial impression as the old version." MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 16:1; see also McCarthy at § 17:26.

AFD USA is also entitled to tack the goodwill from Ms. Wang's pre-AFD provision of the same kinds of services onto her and AFD USA's use of the AFD Mark for priority purposes. It is undisputed that Ms. Wang carried over many clients from her prior firm to AFD USA. Ms. Wang transferred the goodwill from those clients to AFD USA and continued to service them under the AFD Mark. *Hana Financial, Inc. v. Hana Bank*, 2013 U.S. App. LEXIS 23507, 2013 WL 6124588, No. 11-56678 (9th Cir. Nov. 22, 2013). *See* AFD USA's proposed jury instruction 51.

## IX. AFD CHINA'S AGENCY THEORY AND LACK OF ASSIGNMENT

AFD China advances an agency theory in its proposed instruction 44. This theory, AFD USA contends, significantly misstates trademark law. The analysis must begin with which party first used the mark in commerce in the United States. If the jury decides AFD USA was the first user, then AFD USA owns the AFD Mark. It is then AFD China's burden to prove that AFD USA assigned the AFD Mark to AFD China. In the absence of any license or assignment—and no party contends there is any written assignment document—then AFD USA remains the owner. This is black letter trademark law. 15 U.S.C. § 1060(3) ("Assignments shall be by instruments in writing duly executed"). The agency theory AFD China advances is an attempt make an end-run around this clear requirement. The Court should, therefore, not adopt AFD China's instruction 44, and should instead instruct the jury that if it finds AFD USA to be the owner, then AFD China must prove a written assignment (of which there is none).

## X. AFD CHINA'S CLAIM FOR ALTER EGO LIABILITY

AFD China claims that Ms. Wang should be liable as the *alter ego* of AFD USA. AFD USA and Ms. Wang dispute this, and will present evidence to the contrary. Under settled Oregon law, alter ego liability is an "extraordinary remedy" that is to be imposed only as "a last resort." *Amfac Foods, Inc. v. International Systems & Controls Corp.*, 294 Ore. 94, 103 (1982). The Court should adopt AFD USA's proposed instruction, number 73, over AFD China's, number 72, because it more correctly states Oregon law.

Respectfully submitted,
*/s/* Ansel Halliburton
Jack Russo, OSB #991992
Ansel Halliburton (*Pro Hac Vice*)
Computerlaw Group LLP
401 Florence Street
Palo Alto, CA 94301

ATTORNEYS FOR PLAINTIFF AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC. AND THIRD PARTY COUNTERCLAIM DEFENDANT LYNN WANG