JACK RUSSO (State Bar No. 991992)
ANSEL HALLIBURTON (*Pro Hac Vice*)
ENTREPRENEUR LAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863
E-mail: jrusso@computerlaw.com
      ahalliburton@computerlaw.com

Attorney for Plaintiff and Counterclaim Defendants
AFD USA and LYNN WANG

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC., an Oregon corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE, a Chinese Corporation,<br><br>    Defendant, | Case No.: 3:09-CV-1509-BR<br><br>**Plaintiff AFD USA's Opposition to AFD China's Omnibus Motion *In Limine***<br><br>Pretrial Conference:  March 21, 2014<br>Trial Date:  March 25, 2014<br>Judge:  Hon. Anna J. Brown |
| AFD CHINA INTELLECTUAL PROPERTY LLC, a Maryland limited liability company,<br><br>    Counterclaim Plaintiff<br><br>    v.<br><br>LEI WANG, a/k/a LYNN WANG,<br><br>    Third Party Counterclaim Defendant. | |

Plaintiff AFD China Intellectual Property Law (USA) Office, Inc. ("AFD USA") and Third Party Counterclaim Defendant Lynn Wang ("Ms. Wang") hereby submit this Opposition to AFD China's and AFD LLC's Omnibus Motion *in Limine*.

## INTRODUCTION

The Court needs to see the extreme degree of near-absurdity in the positions taken by AFD China in this case. AFD China even wants to prevent AFD USA (and Ms. Wang, who is also a counter-defendant here) from even mentioning the proper and continuing corporate name of the main defendant in this case (Anxinfonda), which corporate name continues and persists to this very day—and which has not been replaced at all in any corporate name filing. For that reason, AFD USA has decided to present its opposition in reverse order to the presentation in which the defendants have provided their various omnibus motions *in limine*—some nearly 20 different restrictions designed to **prevent the jury from understanding** the full factual story in this case (and which can simply not be imagined given the fact that there are also many counterclaims and *alter ego* allegations which must also be defended in the course of this combined trial proceeding.

## I. UNOPPOSED MOTIONS

AFD USA does not oppose the following specific motions *in limine* by AFD China:

1. Motion in Limine #11: to exclude any damage reports or analysis by Darrell Dorrell

   AFD USA agrees that, because the Court has allowed the substitution of Ms. Serena Morones, AFD USA's previous damages expert need not be introduced at trial.

2. Motion in Limine #14: to exclude any evidence and arguments related to the alleged "incontestability" of AFD USA's registration of the AFD Mark

   AFD USA does not contend that its registration is incontestable, so this motion is moot.

## II. OPPOSITION TO MOTION IN LIMINE # 19: TO EXCLUDE ANY REFERENCE TO AFD CHINA AS "AN XIN FON DA."

AFD USA intends to present evidence that AFD China's original name, "Anxinfonda", persists to the present, in contradiction to AFD China's protestations. That evidence takes the

form of AFD China's own website; the continued use of its anxinfonda.com domain name (in addition to afdip.com); and filings in China using the name "Anxinfonda" (in Chinese) and not "AFD China". *See* Declaration of Ansel Halliburton at ¶¶ 4–5 and Exs. 1–3.

There is no attempt at "prejudice" here, as AFD China argues nakedly. It is merely fact, and part of the overall factual context of this case. The jury will hear about the parties' relationship, and the creation of the "AFD" mark, and it should also hear what the parties did and were called before that point. Surely AFD China will raise Ms. Wang's prior and later work with other partners, as is indicated by its exhibit list, and AFD USA is entitled to tell the other side of that story.

### III. OPPOSITION TO MOTION IN LIMINE #17: TO EXCLUDE ANY EVIDENCE OR TESTIMONY RELATING TO TRANSLATIONS PERFORMED BY AFD CHINA OR AFD USA AND # 18: TO EXCLUDE ANY EVIDENCE OR ARGUMENTS RELATED TO THE QUALITY OF AFD CHINA'S SERVICES.

Throughout this case, AFD China has sought to characterize Ms. Wang as merely a "marketing agent." This is a significant downplaying and mischaracterization of Ms. Wang's and AFD USA's work. Because Ms. Wang and AFD USA are both defendants of AFD China's and AFD LLC's counterclaims, it is imperative that they be able to defend against this mischaracterization.

AFD USA and Ms. Wang seek to rebut AFD China's "marketing agent" theme with evidence that AFD USA provided important quality control services which clients valued in addition to their marketing work. AFD USA will present two witnesses who AFD USA had contracted with to oversee the quality of technical translations (the subject of AFD China's motion in limine #17). These and other witnesses will testify about the critical importance of accurate technical translations in international patent and trademark filings, but in a nutshell, an inaccurate translation can mean the difference between a patent's validity and invalidity. AFD USA will also present documents and testimony showing that clients perceived and valued this quality control, and attributed it—along with the accompanying good will—to AFD USA, as

well as evidence that the quality of AFD China's services declined after it terminated its cooperation with AFD USA (the subject of AFD China's motion in limine #18).

AFD China also resurrects from summary judgment briefing its argument that AFD USA's work does not constitute "legal services" for purposes of its trademark registration. AFD USA has responded to this argument in previous briefing—*see*, *e.g.*, Dkt. 202 at pp. 12–13; Dkt. 211 at pp. 8 and 15. In a nutshell, the classification and description of goods and services in AFD USA's federal trademark registration is merely informative and for administrative purposes only; it is not intended to, and cannot, effect the scope or validity of the trademark itself. 15 U.S.C. § 1112 (2013) ("[t]he Director may establish a classification of goods and services, **for convenience** of Patent and Trademark Office administration, but **not to limit or extend the applicant's or registrant's rights**…") (emphasis added).

IV. **OPPOSITION TO MOTION IN LIMINE #16: TO EXCLUDE ANY EVIDENCE OR TESTIMONY RELATING TO AFD USA'S NEWSLETTERS.**

AFD USA seeks to present its online newsletters to rebut AFD China's abandonment defense—but not in the way AFD China portrays the issue. It is settled law that an element of trademark abandonment is **intent not to resume use of the mark**. 15 U.S.C. § 1127; MCCARTHY, TRADEMARKS AND UNFAIR COMPETITION § 17:18; Ninth Circuit Manual of Civil Jury Instructions, no. 15.20 (first element includes "intending not to resume using it").

Whether the newsletters themselves constitute use of the mark is subject to reasonable debate. What is not debatable, however, is that they show AFD USA's intent to continue using the mark. This is consistent with the testimony of Ms. Wang, AFD USA's principal, both in prior depositions and in the testimony she will present at trial. It is also consistent with the fact that **AFD USA did actually use the mark** in commerce in the United States in 2013 and 2014—with real revenue. Because AFD USA's newsletters are relevant to AFD USA's intent with respect to the mark, they are admissible evidence related to a defense in the case, and are not likely to confuse the jury. The Lanham Act itself contemplates circumstantial evidence such as this for

proving intent, stating that "Intent not to resume may be inferred from circumstances." 15 U.S.C. § 1127. The converse—that intent **to** resume may also be inferred—is also true.

V. **OPPOSITION TO MOTION IN LIMINE #13: TO EXCLUDE ANY EVIDENCE AND ARGUMENTS RELATED TO AFD USA'S UNTIMELY STATUTE OF LIMITATIONS DEFENSE, AND #15: TO EXCLUDE ANY EVIDENCE OR ARGUMENTS RELATED TO AFD USA'S TACKING DEFENSE.**

AFD China misrepresents the Court's prior ruling on AFD USA's statute-of-limitations and tacking arguments. The Court denied AFD USA's motions for leave to file a summary judgment motion on the issues, and to amend its complaint. However, the Court expressly left open the option for AFD USA to present the defense in other procedural forms. Dkt. 278 (denying motion but with "leave for Plaintiffs to raise the same legal issues by other appropriate procedural means (*i.e.*, motions *in limine*, trial memoranda, jury instructions, motion for judgment as a matter of law, etc.)." AFD USA has merely followed the Court's direction and done so.

AFD USA believes the Court is armed with all the information it needs to make its decision on this issue at the pretrial conference. To briefly summarize the arguments, AFD USA contends that AFD China waited too long before bringing its trademark infringement counterclaim against AFD USA in this case. AFD China admits that the US Patent and Trademark Office published AFD USA's trademark application for opposition on May 15, 2007. Agreed Fact #22, Dkt. 298 at p. 4. AFD China did not file an action for trademark infringement until it filed a counterclaim in this case years later. AFD USA has cited for authority the recent Ninth Circuit case *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 2013 U.S. App. LEXIS 22517 (9th Cir. Aug. 29, 2013). *See* Dkt. 264 and 281.

The tacking issue is also well briefed. AFD USA's company name—or trade name in the language of trademark law—incorporates the "AFD" mark. It is undisputed that AFD USA was formed on January 1, 2005. AFD USA's two-fold tacking argument is (1) that its use of the "AFD" mark as a trade name should accrue to its benefit for establishing priority of use in the United States against AFD China, and (2) that when Ms. Wang brought prior clients to AFD

USA, the good will she had with those clients also transferred to AFD USA for tacking purposes. AFD USA has cited, among other authorities, the recent Ninth Circuit case *Hana Financial, Inc. v. Hana Bank*, 2013 U.S. App. LEXIS 23507 (9th Cir. Nov. 22, 2013).

VI.  **OPPOSITION TO MOTION IN LIMINE # 12: TO EXCLUDE ANY TESTIMONY FROM MS. WANG REGARDING THE REASON WHY HER ALLEGED FORMER CLIENTS STAYED WITH AFD CHINA.**

AFD USA believes AFD China's motion #12 is moot in light of the parties' stipulation that confusion was likely to result from either party's use of the mark. The deposition testimony AFD China presents in this motion predates that stipulation, and went to the issue of confusion. Because that issue is no longer in the case, the motion is moot. Again, AFD USA intends to develop some of this history between the parties to give the jury the factual context it will need to decide who owns the "AFD" mark. It will not be a major focus of the case, will not confuse the jury, and will not waste time.

VII. **OPPOSITION TO MOTION IN LIMINE #10: TO EXCLUDE ANY TESTIMONY OR ANALYSIS FROM MS. MORONES REGARDING JOHN HANSEN'S ANALYSIS.**

John Hansen is AFD China's **rebuttal** damages expert. His task was to rebut AFD USA's damages expert's analysis. To the extent Mr. Hansen testifies at trial, Ms. Morones is entitled to counter that rebuttal with her own clarifying testimony.

AFD China's motion #10 also presents red-herring deposition testimony. AFD China asked Ms. Morones a factual question about translation services in China, a fact clearly beyond the scope of her work or personal knowledge. Ms. Morones lack of opinion on that fact is neither surprising nor relevant.

VIII. **OPPOSITION TO MOTION IN LIMINE #9: TO EXCLUDE ANY ANALYSIS OF AFD CHINA'S CASES "ORIGINATED" BY MS. WANG.**

At its essence, "a trademark is merely a symbol of good will." MCCARTHY, TRADEMARKS AND UNFAIR COMPETITION § 2:15. In services businesses like those run by AFD USA and AFD China, good will is realized in regular repeat business for previous clients. In this case, AFD

USA alleges that it, not AFD China, created the good will in the United States market embodied in the "AFD" mark. For the jury to put a value on that good will, and a value on the "AFD" trademark, the history of its creation must be understood—here, with an understanding and analysis of cases and clients that Ms. Wang and AFD USA originated.

Under the Federal Rules of Evidence, experts may rely on a wide range of materials as bases for their opinions. FED. R. EVID. Rule 703. AFD China attempts to poke holes in some of those bases. However, whether AFD USA is ultimately able to support the bases for its expert's opinions is a matter for the jury to decide at trial. Put another way, the jury can take into account the reliability of data Ms. Morones considered—but the Court should not preclude that weighing from happening by ruling out the evidence before it even reaches the jury.

## IX. OPPOSITION TO MOTION IN LIMINE #8: TO EXCLUDE ANY ANALYSIS BY MS. MORONES REGARDING AFD CHINA'S TOTAL REVENUE.

One of the remedies AFD USA seeks is disgorgement of profits. To determine profits, one must first determine revenue, and under the Lanham Act, "[i]n assessing profits the plaintiff shall be required to prove defendant's sales only". 15 USC § 1117. The burden then shifts to the defendant to prove deductions. *Id.* But "when a trademark plaintiff offers evidence of infringing sales and the infringer fails to carry its statutory burden to offer evidence of deductions, the plaintiff's entitlement to profits under the Lanham Act is equal to the infringer's **gross sales**." *WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 609 (7th Cir. 2008) (emphasis added). Under applicable law, AFD China's total revenues are clearly relevant and admissible evidence.

AFD China complains that Ms. Morones did not identify which of the tens of thousands of invoices had been paid. Had AFD China produced any reasonable form of this information instead of tens of thousands of raw invoices, that may have been possible—but it did not. AFD USA is left with the evidence it has and will prove what it can with it; and the Ninth Circuit has said that that is enough in cases like this. *DSPT Int'l, Inc. v. Nahum*, 624 F.3d 1213, 1223 (9th Cir. 2010) ("Requiring more precision than can be attained, especially where the impossibility of more precise ascertainment was the fault of the wrongdoer, would be inequitable and is not

required"); *ADT Sec. Servs. Sec. One Intl'l, Inc.*, 2013 U.S. Dist. LEXIS 180341 *3 (ND Cal 2013). ("With respect to the motion to bar Plaintiff from introducing evidence of alleged damage to ADT's goodwill for failure to provide a precise damages assessment, the Ninth Circuit does not require such precision").

Ms. Morones was given many different kinds of information with which to work, many of which were imperfect for reasons the Court is familiar with. Ms. Morones analyzed that information to the best of her ability, and rendered opinions on the subjects on which she was asked to opine. Ms. Morones is not a lawyer, however, and it is neither surprising nor problematic that she could not explain the legal relevance of certain information in her deposition. That is not her job. Under the Federal Rules of Evidence, experts may rely on a wide range of materials as bases for their opinions. FED. R. EVID. Rule 703. Ms. Morones did so properly.

AFD China is also incorrect in its description of those materials and the weight they carried in Ms. Morones's work. Among other sources of data[1], Ms. Morones reviewed Mr. Dorrell's prior work, but formed her own conclusions and found problems with Mr. Dorrell's work.[2]

To sum up, the main point of AFD USA's opposition to this and related *in limine* motions by AFD China is that picking away at potential problems with pieces of evidence does not make them entirely inadmissible, which is what AFD China seeks. The tier of fact—here, the jury—may take those potential problems into account as factors in assigning weight to the evidence. But those potential problems do not give AFD China or the Court reason to deprive the trier of fact of the evidence entirely, especially where, as here, the evidence is material and relevant to AFD USA's damages.

---

[1] One other major source was a summary of the more than 16,000 invoices produced by AFD China. That summary was prepared by a data-entry vendor at the request of counsel for AFD USA. Declaration of Ansel Halliburton ¶ 3.
[2] AFD USA will bring copies of Ms. Morones's reports for *in camera* inspection at the Pretrial Conference if the Court wishes.

X.  **OPPOSITION TO MOTION IN LIMINE #7: TO EXCLUDE ANY REFERENCES TO MS. MORONES AS A "DAMAGES EXPERT" AND ANY OPINIONS FROM MS. MORONES RELATED TO AFD USA'S DAMAGES.**

The Court is, of course, familiar with the motion practice around AFD USA's substitution of a new damages expert last year. AFD China has received AFD USA's expert designation of Ms. Morones; has received Ms. Morones's expert reports; has deposed Ms. Morones; and understands what her opinions will be at trial. **How to label** Ms. Morones is inconsequential in any event, but to force some description other than the common label of "damages expert" will result in more confusion than clarity.

AFD USA retained Ms. Morones to perform analysis of data from invoices that AFD China produced. The purpose of that analysis was to prove AFD USA's damages, including AFD China's profits. Ms. Morones apparently understood her role narrowly, and answered the questions at her deposition narrowly.

XI.  **OPPOSITION TO MOTION IN LIMINE # 5: TO EXCLUDE ALL EVIDENCE, ANALYSES, OR ARGUMENTS RELATED TO AFD USA'S ALLEGATION THAT AFD CHINA HAS NOT PRODUCED INVOICES, AND #6: TO EXCLUDE ANY ARGUMENTS OR ALLEGATIONS REGARDING THE SUFFICIENCY OF AFD CHINA'S DOCUMENT PRODUCTION.**

AFD China's continuing failure to produce full and complete invoices—and no computerized billing or accounting information at all, which defies all common sense—is highly relevant to AFD USA's ability to prove its damages. AFD China was solely in possession of that information, and its failure to produce it has hampered AFD USA's damages analysis at every stage. If the jury finds AFD China liable to AFD USA, these discovery issues will be relevant and informative in helping the jury reach reasonable inferences about the damages those absent documents would have proved.

These issues have required the Court's attention several times, as AFD China notes. However, the Court made clear at the time that it was moving the case forward despite AFD

USA's allegations of continuing discovery problems, which it did. With fact discovery closed, AFD USA had little choice but to accept this and move on as best it could.

Under similar circumstances, the Ninth Circuit has held that "…precision in the calculation of damages is neither necessary nor possible…Requiring more precision than can be attained, especially where the impossibility of more precise ascertainment was the fault of the wrongdoer, would be inequitable and is not required." *DSPT Int'l, Inc. v. Nahum*, 624 F.3d 1213, 1223 (9th Cir. 2010). Here, the jury will deserve to understand the sources of any imprecision in AFD USA's damages analysis and evidence.

## XII. OPPOSITION TO MOTION IN LIMINE #4: TO EXCLUDE ALL EVIDENCE AND ARGUMENTS RELATED TO AFD CHINA'S COMPLIANCE WITH CHINESE TAX LAW OR THE STRUCTURE OF THE PARTIES' COOPERATION.

Evidence in this case, in the form of both documents and oral testimony, has indicated that one motive for the various agreements between the parties was to minimize AFD China's tax exposure in China. The jury is entitled to hear this evidence to help it decide whether AFD China made sufficiently full disclosures to AFD USA in connection with the agreements.

In addition, this evidence is plainly relevant to AFD USA's damages. Because of the issues surrounding AFD China's document productions (which need not be explored in detail here), one useful source of data regarding AFD China's revenues and profits is its tax filings. However, the jury is entitled to question the veracity of those filings given the testimony and other documentary evidence.

## XIII. OPPOSITION TO MOTION IN LIMINE #3: TO EXCLUDE ALL EVIDENCE AND ARGUMENTS INCONSISTENT WITH THE COURT'S SUMMARY JUDGMENT ORDER.

It is clear that the Court has already resolved certain claims by summary judgment, and AFD USA will not attempt to resurrect those claims at trial. AFD USA's opposition to this motion is again over its overbreadth. The evidence that would have gone to the resolved claims is not discrete to those claims; it overlaps with the evidence going to the claims that remain.

For example, AFD USA is entitled to explain to the jury how its business operated during the parties' period of cooperation. In addition to being important contextual information to help the jury understand the parties and their businesses, it also goes to ownership of the mark. Trademark ownership stems from use, and AFD USA's use of the mark before and during the period of cooperation is thus essential.

AFD China also specifically requests that the Court exclude "evidence or arguments that AFD China's communications with clients at or around the time of the termination of AFD China's and AFD USA's cooperation were improper." However, this is exactly the kind of evidence that AFD USA may properly present in support of its claim for willful infringement. AFD China knew at the time of termination that AFD USA had registered a U.S. trademark. Despite that knowledge, AFD China demanded that only it be allowed to use the "AFD" mark. This is evidence of willful infringement, which is a claim the jury is to decide. The Court cannot properly exclude this evidence.

Finally, AFD China seeks to exclude evidence related to AFD USA's joint venture theory, which the Court resolved on summary judgment. Again, AFD USA will not seek to resurrect the joint venture theory. However, there is no obvious way to draw a line excluding the right things, but not going too far. Here, going too far would have the result of depriving the jury of evidence going to ownership of the mark. AFD USA and AFD China had engaged in a complex business relationship, and the jury is entitled to hear all relevant evidence to decide what obligations and what ownership rights resulted from that relationship.

### XIV. OPPOSITION TO MOTION IN LIMINE #2: TO EXCLUDE ANY ARGUMENTS OR EVIDENCE RELATED TO ANY ALLEGED DUTIES AFD CHINA OWED TO AFD USA OR MS. WANG.

The same goes for AFD China's second motion in limine. AFD China seeks to exclude evidence of "alleged duties AFD China owed to AFD USA or Ms. Wang" because it wishes to have no such duties. This is an overbroad motion that is a transparent attempt to place a thumb on the scales on this case's substantive issues in AFD China's favor.

In addition, this Court is not bound by the rulings—and non-rulings—of Courts in which the parties have previously appeared. Those previous cases were about different issues entirely, and, as stated in agreed fact #40 (Pretrial Order, Dkt. 298 at p. 6), no other court has addressed trademark ownership.

The motion also makes little sense in the context of the issues for trial. The jury is to decide which party owns the "AFD" trademark in the U.S. To reach that decision, the jury **must** decide what each party's obligations are to the other.

## XV. OPPOSITION TO MOTION *IN LIMINE* #1: TO EXCLUDE ANY EVIDENCE AND ARGUMENTS NOT RELATED TO TRADEMARK INFRINGEMENT

AFD China's motion is overbroad. It is true that this trial is to decide trademark ownership and infringement. To decide those issues, however, the jury will need to hear the history between the parties. Giving the jury that context is necessary, not confusing. Although the Court may wish to impose some limits on the evidence, the scope of AFD China's motion is intolerably broad and ambiguous. The Court should deny it.

## CONCLUSION

If AFD China's omnibus motion *in limine* makes one thing clear, it is that AFD China seeks to exclude any evidence that is bad for it in its continuing attempt to eke out a procedural win in this case. That, however, is not the purpose of, or standard for deciding, motions *in limine*. The Court must decide what evidence is relevant. In this trial, which the parties expect to take two weeks, the jury will hear a complex story of partnership, dissolution, and distrust in the context of an international intellectual property services business. It should hear both sides of that story, not just AFD China's.

Under Rule 401 of the Federal Rules of Evidence, "Evidence is relevant if: (a) it has **any tendency** to make a fact more or less probable than it would be without the evidence; and (b) the fact is **of consequence** in determining the action" (emphasis added). Here, where there are four parties—AFD USA and Ms. Wang on the one hand, and AFD China and AFD LLC on the

other—each with competing claims and counterclaims, and each with multiple defenses to those claims and counterclaims, it is obvious that **many** facts will be "of consequence." Indeed, few facts would be without consequence to some aspect of some claim or defense.

The Court should deny AFD China's motions *in limine* and allow AFD USA and Ms. Wang to have the fair jury trial to which they are entitled.

Respectfully submitted,
*/s/* Jack Russo
Jack Russo, OSB #991992
Ansel Halliburton (*Pro Hac Vice*)
Entrepreneur Law Group LLP
401 Florence Street
Palo Alto, CA 94301

ATTORNEYS FOR PLAINTIFF AFD
CHINA INTELLECTUAL PROPERTY
LAW (USA) OFFICE, INC. AND THIRD
PARTY COUNTERCLAIM DEFENDANT
LYNN WANG

### E-filing Attestation

I attest that concurrence in the filing of the document has been obtained from the signatory.

Dated: March 14, 2014             By:    */s/* Ansel Halliburton
                                                                                Ansel Halliburton