Christopher E. Hawk, OSB #061635
Gordon & Rees LLP
121 SW Morrison Street,
Suite 1575
Portland, OR  97204
Tel: (503) 222-1075
Fax: (503) 616-3600
Email: chawk@gordonrees.com

Glenn Westreich *(Pro Hac Vice)*
Aimee Furness *(Pro Hac Vice)*
Haynes and Boone, LLP
2033 Gateway Place, Suite 300
San Jose, CA 95110
Phone: (408) 660-4151
Email: glenn.westreich@haynesboone.com
       aimee.furness@haynesboone.com

Attorneys for AFD China Intellectual
Property Law Office and AFD China
Intellectual Property LLC

Jack Russo, OSB #991992
Ansel Halliburton *(Pro Hac Vice)*
ComputerLaw Group LLP
401 Florence Street
Palo Alto, CA 94301

Attorneys for Plaintiff AFD China Intellectual
Property Law (USA) Office, Inc. and Third
Party Counterclaim Defendant Lynn Wang

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| **AFD CHINA INTELLECTUAL PROPERTY LAW (USA) OFFICE, INC.,** an Oregon corporation,<br><br>Plaintiff,<br><br>-vs-<br><br>**AFD CHINA INTELLECTUAL PROPERTY LAW OFFICE,** a Chinese Corporation,<br><br>Defendant.<br><br>**AFD CHINA INTELLECTUAL PROPERTY LLC**, a Maryland limited liability company,<br><br>Counterclaim Plaintiff<br><br>-vs-<br><br>**LEI WANG, a/k/a LYNN WANG**,<br><br>Third Party Counterclaim Defendant. | Case No.: 3:09-CV-1509-BR<br><br>**AMENDED JOINT WITNESS LIST** |

AFD China Intellectual Property Law Office ("AFD China"), AFD China Intellectual Property Law (USA) Office, Inc. ("AFD USA"), AFD China Intellectual Property LLC ("AFD LLC"), and Lei Wang, a/k/a Lynn Wang (collectively, the "Parties") jointly file their amended witness lists for trial.

**AFD USA**

AFD USA respectfully submits its first amended witness list:

| WITNESS | TOPICS | Time Required (Direct/Cross/Redirect) | OBJECTIONS by AFD China/AFD LLC | RESPONSE by AFD USA |
|---|---|---|---|---|
| Lynn Wang | <ul><li>Chinese IP system</li><li>Creation of the AFD mark</li><li>Use of the AFD mark</li><li>Marketing</li><li>AFD USA–AFD China relationship</li><li>Client relationships</li><li>Quality control</li><li>Termination of AFD USA–AFD China relationship</li><li>Damages</li><li>AFD USA corporate formalities and alter ego</li></ul> | 4 / 3 / 1 | If Ms. Wang intends to discuss the quality of AFD China's work, AFD China objects to such testimony. (Motion in Limine # 18). Testimony about that topic is irrelevant, confusing, and a waste of time.<br><br>AFD China objects to information that is not relevant to this matter including the "AFD USA-AFD China relationship" (unless it relates to the process that the parties used during the cooperation agreement) and "Termination of AFD USA-AFD China relationship." Neither of those issues is relevant to the trademark issue before the Court (Motion in Limine #1). Testimony about those topics are irrelevant, confusing, and a waste of time.<br><br>AFD China objects to any testimony by Ms. Wang regarding damages. AFD USA does not | Ms. Wang will testify about quality to rebut AFD China's theme that she was merely a "marketing agent." Ms. Wang and other witnesses will discuss their oversight of the quality of services delivered under the "AFD" mark. This testimony is also relevant evidence of to which party customers attributed goodwill under the mark. See AFD USA's opposition to motions *in limine* #17 and 18.<br><br>The parties' relationship is of obvious relevance and importance to this case. The details of that relationship will determine the ownership of the mark.<br><br>In accordance with the Protective Order, Ms. Wang has not reviewed post-termination invoices. She is, however, familiar with AFD China's |

| WITNESS | TOPICS | Time Required (Direct/Cross/ Redirect) | OBJECTIONS by AFD China/AFD LLC | RESPONSE by AFD USA |
|---|---|---|---|---|
| | | | have an actual damage claim and Ms. Wang should not have reviewed any invoices from AFD China in this matter (all are marked Attorney's Eyes Only). She has no foundation to testify about that topic. | practices from the cooperation period, and can explain the effects of AFD China's termination and post-termination use of the "AFD" mark. |
| Zou Weining | • Chinese IP system | 1 / .5 / .5 | AFD China objects to the entirety of Mr. Weining's testimony because he lacks any personal knowledge of the dispute before the Court (Fed. R. Evid. 602) and AFD USA did not timely disclose him as an expert witness on the "Chinese IP system" (Fed. R. Civ. P. 26(a)(2)).  In addition, Mr. Weining's expertise is not as an IP lawyer, but as a litigator.  Any information he could offer would not be relevant in this matter, confusing to the jury and a waste of time.  (See AFD China's Motion in Limine #18.) Further Mr. Weining cannot offer any information about the only issue in this matter – who owns the AFD Mark and its first use in the United States. | Mr. Zou is a Chinese intellectual property professional who can help explain the Chinese intellectual property system to the jury. Among other things, he has personal knowledge about the effects of improper translations of patent and trademark filings.<br><br>Mr. Zou will not testify about the ownership of the AFD Mark. |

**AMENDED JOINT WITNESS LIST**               Page 4

| WITNESS | TOPICS | Time Required (Direct/Cross/Redirect) | OBJECTIONS by AFD China/AFD LLC | RESPONSE by AFD USA |
|---|---|---|---|---|
| Dong Wei | • Chinese IP System | 1 / .5 / .5 | AFD China objects to the entirety of Mr. Wei's testimony because he lacks any personal knowledge of the dispute before the Court (Fed. R. Evid. 602) and AFD USA did not timely disclose him as an expert witness on the "Chinese IP system" (Fed. R. Civ. P. 26(a)(2)). Any information he could offer would not be relevant in this matter, confusing to the jury and a waste of time.  (See AFD China's Motion in Limine #18.) Further Mr. Wei cannot offer any information about the only issue in this matter – who owns the AFD Mark and its first use in the United States. | Mr. Dong is a Chinese intellectual property professional—both a litigator and IP agent—who can help explain the Chinese intellectual property system to the jury.<br><br>Mr. Wei will not testify about the ownership of the AFD Mark. |
| Krystal Davis | • AFD USA corporate formalities and alter ego | 1 / .5 / .5 | | |
| Jo Lee | • Client relationship<br>• Quality control | 1 / 2 / .5 | AFD China objects to Ms. Lee's testimony regarding "quality control" because the quality of AFD China's services are not relevant to remaining trademark claims. Further, AFD USA has indicated that her information about quality and quality control comes third hand (either from the attorneys she | Ms. Lee was the international IP filing manager at a law firm client. She has first hand personal knowledge of the client relationship with AFD USA and can testify competently as a fact witness.<br><br>Ms. Lee's testimony also rebuts AFD China's theme that Ms. |

| WITNESS | TOPICS | Time Required (Direct/Cross/ Redirect) | OBJECTIONS by AFD China/AFD LLC | RESPONSE by AFD USA |
|---|---|---|---|---|
| | | | works for or from Ms. Wang directly) (Fed. R. Evid. 801) (Motion in Limine # 18 as it relates to the quality of AFD China's services) "Client relationship" is also not relevant to the remaining trademark claims and AFD China objects to any testimony about that topic. Testimony about these topics is not relevant, confusing to the jury and a waste of time. | Wang and AFD USA were merely a "marketing agent." *See generally* AFD USA's opposition to motions *in limine* #17 and 18. |
| Dr. Li Chunsheng | • Quality control | .5 / .5 / .25 | AFD China objects to Dr. Chunsheng's testimony because his personal knowledge of "quality control" only relates to translation of documents - not legal services. The mark in this case (and the quality control required to be provided) is for Legal Services. Dr. Chunsheng is simply a translator and any information he has is irrelevant to the case before the Court. (Motion in Limine # 17 and 18) Testimony about this topic is not relevant, confusing to the jury and a waste of time. | Dr. Li's testimony is to rebut AFD China's theme that Ms. Wang and AFD USA were merely a "marketing agent." Dr. Li and other witnesses will discuss their oversight of the quality of services delivered under the "AFD" mark. This testimony is also relevant evidence of to which party customers attributed goodwill under the mark. See AFD USA's opposition to motions *in limine* #17 and 18. AFD China's argument about whether technical translations |

| WITNESS | TOPICS | Time Required (Direct/Cross/ Redirect) | OBJECTIONS by AFD China/AFD LLC | RESPONSE by AFD USA |
|---|---|---|---|---|
| | | | | (which are a key component of foreign patent and trademark filings) are within the scope of the U.S. trademark fails for reasons explained more fully in AFD USA's opposition to motions *in limine* #17 and 18. |
| Dr. Jay Cheng | • Quality control | .5 / .5 / .25 | AFD China objects to Dr. Cheng's testimony because his personal knowledge of "quality control" only relates to translation of documents - not legal services. The Mark in this case (and the quality control required to be provided) is for Legal Services. Dr. Chunsheng is simply a translator and any information he has is irrelevant to the case before the Court.<br>(Motion in Limine # 17 and 18) Testimony about this topic is not relevant, confusing to the jury and a waste of time. | Dr. Cheng's testimony is to rebut AFD China's theme that Ms. Wang and AFD USA were merely a "marketing agent." Dr. Cheng and other witnesses will discuss their oversight of the quality of services delivered under the "AFD" mark. This testimony is also relevant evidence of to which party customers attributed goodwill under the mark. See AFD USA's opposition to motions *in limine* #17 and 18.<br><br>AFD China's argument about whether technical translations (which are a key component of foreign patent and trademark filings) are within the scope of the U.S. trademark fails for reasons explained more fully in |

| WITNESS | TOPICS | Time Required (Direct/Cross/ Redirect) | OBJECTIONS by AFD China/AFD LLC | RESPONSE by AFD USA |
|---|---|---|---|---|
| | | | | AFD USA's opposition to motions *in limine* #17 and 18. |
| Matt Leamy | • Marketing | 1 / 1.5 / .25 | | |
| Serena Morones | • Damages | 3 / 4/ .5 | AFD China objects to Ms. Morones testifying regarding AFD USA's damages, because she was not retained to render an opinion on damages but instead to quantify "gross revenues for AFD China related to invoices." See further objections to Ms. Morones in AFD China's Pre-Trial Memorandum Section II.C. and Motion in Limine #5, 6, 7, 8, 9, 10 | The Court is familiar with Ms. Morones's substitution as AFD USA's damages expert. AFD China now seeks to disqualify her under a concocted rationale of "damages" not being the same thing as "gross revenues" that she was retained to quantify. Quantifying gross revenues is an obviously necessary component of AFD USA's damages analysis. See AFD USA's opposition to motion *in limine* #8, as well as #7 and #9–10. |
| John Motley | • Client relationships<br>• Quality control | 1 / .5 / .5 | AFD China objects to the entirety of Mr. Motley's testimony because Mr. Motley has no personal knowledge of AFD China's services (Fed. R. Evid. 602). AFD USA alleges that Mr. Motley (post termination) engaged a Hong Kong Law Firm that then sub-contracted work to AFD China. Any testimony he has would be irrelevant in this matter. AFD China also objects because the quality of AFD China's services | Regarding quality issues, *see* AFD USA's opposition to motions *in limine* #17 and 18.<br><br>AFD China refers to Mr. Motley's work for Columbia Sportswear, which he joined and learned that one of its outside law firms had subcontracted with AFD China. From that point forward, Mr. Motley has had personal knowledge about |

| WITNESS | TOPICS | Time Required (Direct/Cross/ Redirect) | OBJECTIONS by AFD China/AFD LLC | RESPONSE by AFD USA |
|---|---|---|---|---|
| | | | are not relevant to the dispute before the Court. (Motion in Limine # 18) "Client relationship" is also not relevant to the remaining trademark claims and AFD China objects to any testimony about that topic. Testimony about these topics is not relevant, confusing to the jury and a waste of time. | Columbia's relationship with AFD China. |
| Alex Johnson | • Client relationship<br>• Quality control | 1 / 1 / .5 | AFD China objects because any information about Ms. Wang's "quality control" would be hearsay from Ms. Wang. (Fed. R. Evid. 801) (See AFD China Motion in Limine #18) "Client relationship" is also not relevant to the remaining trademark claims and AFD China objects to any testimony about that topic. Testimony about these topics is not relevant, confusing to the jury and a waste of time. | Mr. Johnson can speak first-hand about quality issues because his law firm worked with AFD USA and is an ongoing AFD China client. |
| Chris Conway | • Client relationship<br>• Quality control | .5 / 1 / .5 | AFD China objects because any information about Ms. Wang's "quality control" would be hearsay from Ms. Wang. (Fed. R. Evid. | Mr. Johnson can speak first-hand about quality issues because her law firm worked |

| WITNESS | TOPICS | Time Required (Direct/Cross/ Redirect) | OBJECTIONS by AFD China/AFD LLC | RESPONSE by AFD USA |
|---|---|---|---|---|
| | | | 801)  (See AFD China Motion in Limine #18) "Client relationship" is also not relevant to the remaining trademark claims and AFD China objects to any testimony about that topic. Testimony about these topics is not relevant, confusing to the jury and a waste of time. | with AFD USA and is an ongoing AFD China client. |
| Anne Glazer | • Creation of "AFD" mark | .5 / 1 / .5 | AFD China objects to Ms. Glazer's testimony related to her discussions with Ms. Wang regarding "Anglicizing" AFD China's Chinese name because it is irrelevant.  The evidence in this matter demonstrates that Ms. Zheng created and designated AFD China's name as "AFD." Testimony about that topic is not relevant, confusing to the jury and a waste of time. | Evidence is not "irrelevant" because it is additional or different than other evidence. |
| William Rauchholz | • Client relationship • Quality control | 1 / 2 / .5 | AFD China objects to Mr. Rauchholz's testimony regarding the quality of AFD China's services because it is not relevant to the dispute before the Court. (See AFD China Motion in Limine #18) | For quality issues, *see generally* AFD USA's opposition to motions *in limine* #17 and 18. |

| WITNESS | TOPICS | Time Required (Direct/Cross/Redirect) | OBJECTIONS by AFD China/AFD LLC | RESPONSE by AFD USA |
|---|---|---|---|---|
| | | | "Client relationship" is also not relevant to the remaining trademark claims and AFD China objects to any testimony about that topic.<br>Testimony about these topics is not relevant, confusing to the jury and a waste of time. | |
| Aowyn Gierada | • Quality control | 1 / .5 / .5 | AFD China objects to Ms. Gierada's testimony because her personal knowledge of "quality control" only relates to proofreading of documents - not legal services. Any testimony she could provide is irrelevant, confusing, and a waste of time. (See AFD China Motion in Limine #18) | Ms. Gierada's testimony is to rebut AFD China's theme that Ms. Wang and AFD USA were merely a "marketing agent." Ms. Gierada and other witnesses will discuss their oversight of the quality of services delivered under the "AFD" mark. Ms. Gierada's testimony will also corroborate the testimony of Ms. Wang, which is important in assuring a fair trial because of AFD China's many attacks on Ms. Wang's credibility.<br><br>*See generally* AFD USA's opposition to motions *in limine* #17 and 18. |
| Xia Zheng | • Relationship between AFD USA and AFD China | 1 / 1 / .5 | AFD China objects to these topics because they are not relevant to the trademark issues before the Court. | The parties' relationship is of obvious relevance and importance to this case. The |

| WITNESS | TOPICS | Time Required (Direct/Cross/Redirect) | OBJECTIONS by AFD China/AFD LLC | RESPONSE by AFD USA |
|---|---|---|---|---|
| | - Termination of relationship | | Testimony about these topics is confusing and a waste of time. | details of that relationship will determine the ownership of the mark. |
| Stephen Yang | - AFD LLC<br>- Termination of relationship | .5 / .5 / .5 | AFD China objects to these topics because they are not relevant to the trademark issues before the Court. Testimony about these topics is confusing and a waste of time. | AFD LLC is a party to this case that has brought claims against Ms. Wang and AFD USA, and Mr. Yang is listed as a witness. |
| Ling Wu | - AFD LLC<br>- Termination of relationship | .5 / .5 / .5 | AFD China objects to these topics because they are not relevant to the trademark issues before the Court. Testimony about these topics is confusing and a waste of time. | AFD LLC is a party to this case that has brought claims against Ms. Wang and AFD USA. |

**AFD CHINA**

AFD China respectfully submits its first amended witness list:

| WITNESS | TOPICS | Time Required (Direct/Cross/Redirect) | OBJECTIONS (by AFD USA/Ms. Wang) | RESPONSE by AFD China/AFD LLC |
|---|---|---|---|---|
| Xia Zheng | <ul><li>Origination of AFD Mark</li><li>Chinese IP System</li><li>Termination of cooperation between AFD China and AFD USA and right to use the AFD Mark</li><li>AFD China's damages and rebuttal to AFD USA's alleged damages</li><li>Settlement Agreement</li><li>Cancelation Action</li></ul> | 4 / 2 / 1 | AFD USA objects to testimony by Ms. Xia, if any, in rebuttal to AFD USA's damages expert testimony as she was not disclosed as an expert witness.<br><br>AFD USA objects to any testimony by Ms. Xia regarding the cancellation action as irrelevant and likely to confuse the issues and the jury. | AFD China responds first that AFD USA does not have any "damages expert testimony." *See* AFD China's Motion in Limine # 7. Further, as it relates to matters establishing (1) that certain work and clients that were not related to any alleged infringement and (2) the costs incurred by AFD China, that information does not require 'expert' testimony. *See* AFD China's Response to AFD USA's Motion in Limine # 9. Finally, Ms. Zheng, as AFD China's principal, has information that is relevant to AFD China's counter-claim damages. *See* AFD China's Response to AFD USA's Motion in Limine # 9.<br>The cancellation action is relevant to the alleged Statute of Limitations defense as well as AFD China's protection of its trademark. |

| WITNESS | TOPICS | Time Required (Direct/Cross/ Redirect) | OBJECTIONS (by AFD USA/Ms. Wang) | RESPONSE by AFD China/AFD LLC |
|---|---|---|---|---|
| Stephen Yang | <ul><li>AFD LLC's responsibilities</li><li>AFD China's actions subsequent to termination of cooperation with AFD USA</li><li>AFD China's damages and rebuttal to AFD USA's alleged damages.</li><li>Settlement Agreement</li></ul> | 1 / 1 / .5 | AFD USA objects to testimony by Mr. Yang, if any, in rebuttal to AFD USA's damages expert testimony as he was not disclosed as an expert witness. | AFD China responds first that AFD USA does not have any "damages expert testimony." See AFD China's Motion in Limine # 7.  Further, as it relates to matters establishing (1) that certain work and clients were not related to any alleged infringment and (2) the costs incurred by AFD China, that information does not require 'expert' testimony.  See AFD China's Response to AFD USA's Motion in Limine # 9. |
| David D'Ascenzo | <ul><li>Communications with AFD China and Ms. Wang during cooperation and after termination.</li><li>Knowledge of entity providing actual legal services.</li></ul> | 1 / 1 / .5 | | |
| Lynn Wang | <ul><li>AFD USA's fraud on the USPTO.</li><li>AFD USA's revenues since termination.</li><li>Use of the AFD Mark after termination.</li><li>Ms. Wang's work for Peksung.</li></ul> | 2 / 2 / 1 | | |

**AMENDED JOINT WITNESS LIST** <span style="float:right">Page 14</span>

| WITNESS | TOPICS | Time Required (Direct/Cross/Redirect) | OBJECTIONS (by AFD USA/Ms. Wang) | RESPONSE by AFD China/AFD LLC |
|---|---|---|---|---|
| | • Ms. Wang's collection of amounts from AFD China invoices after termination.<br>• AFD China's damages and rebuttal to AFD USA's alleged damages. | | | |
| Justin Simpson | • Inovia's engagement of AFD China.<br>• Inovia's continued use of AFD China after termination of AFD USA and Ms. Wang | 3 / 2 / 1 | AFD USA an Ms. Wang object to any testimony by Mr. Simpson about Ms. Wang being a shareholder of Inovia/PCT Filer as irrelevant, confusing, and wasteful of time. | To the extent that Ms. Wang contends that Inovia/PCT Filer is an element of her damage, testimony regarding her relationship with Inovia/PCT Filer is relevant. |
| James Kayden | • AFD China's use of AFD Mark in the United States<br>• Knowledge of entity providing actual legal services. | 1 / .5 / .5 | | |
| Greg Carr | • AFD China's use of AFD Mark in the United States<br>• Knowledge of entity providing actual legal services. | 1 / .5 / .5 | | |
| Henry Auer | • AFD China's use of AFD Mark in the United States | 1 / .5 / .5 | | |

**AMENDED JOINT WITNESS LIST**                                                                                         Page 15

| WITNESS | TOPICS | Time Required (Direct/Cross/Redirect) | OBJECTIONS (by AFD USA/Ms. Wang) | RESPONSE by AFD China/AFD LLC |
|---|---|---|---|---|
|  | • Knowledge of entity providing actual legal services. |  |  |  |
| John Hansen | • Damage issues related to AFD USA's claim of trademark infringement.<br>• Rebuttal to alleged gross revenues outlined by Ms. Morones.<br>• Deductible expenses and apportionment. | 3 / 1.5 / .5 |  |  |

Dated:  March 17, 2014

*/s/ Aimee Furness*
Christopher E. Hawk, OSB #061635
Gordon & Rees LLP
121 SW Morrison Street, Suite 1575
Portland, Oregon 97204

Glenn Westreich *(Pro Hac Vice)*
Aimee Furness *(Pro Hac Vice)*
Haynes and Boone, LLP
2033 Gateway Place, Suite 300
San Jose, California 95110

ATTORNEYS FOR AFD CHINA
INTELLECTUAL PROPERTY LAW OFFICE
AND AFD CHINA INTELLECTUAL PROPERTY
LLC


*/s/ Ansel Halliburton*
Jack Russo, OSB #991992
Ansel Halliburton *(Pro Hac Vice)*
ComputerLaw Group LLP
401 Florence Street
Palo Alto, CA 94301

ATTORNEYS FOR PLAINTIFF AFD CHINA
INTELLECTUAL PROPERTY LAW (USA)
OFFICE, INC. AND THIRD PARTY
COUNTERCLAIM DEFENDANT LYNN WANG