IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AFD CHINA INTELLECTUAL                    3:09-cv-1509-BR
PROPERTY LAW (USA) OFFICE,
INC.,                                     OPINION AND ORDER

      Plaintiff,

v.

AFD CHINA INTELLECTUAL
PROPERTY LAW OFFICE,

      Defendant.
_____

AFD CHINA INTELLECTUAL
PROPERTY, LLC,

    Counterclaim Plaintiff,

v.

LEI WANG, a/k/a LYNN WANG,

    Third-Party Counterclaim
    Defendant.


ANSEL J. HALLIBURTON
GIACOMO A. RUSSO
ComputerLaw Group LLC
401 Florence Street
Palo Alto, CA 94301
(650) 327-9800

      Attorneys for Plaintiff
      and Counterclaim Defendant

1  - OPINION AND ORDER

**AMY M. FURNESS**
**GLENN WESTREICH**
**INCHAN A. KWON**
Haynes and Boone LLP
2033 Gateway Place
Suite 300
San Jose, CA 95110
(408) 660-4121

**CHRISTOPHER E. HAWK**
Gordon & Reese LLP
121 S.W. Morrison Street
Suite 1575
Portland, OR 97204
(503) 222-1075

      Attorneys for Defendant
      and Counterclaim Plaintiff

**BROWN, Judge.**

    This matter comes before the Court on the Motion (#344) for Declaratory Judgment and Injunctive Relief and Motion (#345) for Entry of Judgment on Alter Ego Claim of Defendant AFD China Intellectual Property Law Office and Counterclaim Plaintiff AFD China Intellectual Property, LLC (collectively referred to herein as AFD China).

    For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** AFD China's Motion (#344) for Declaratory Judgment and Injunctive Relief and **DENIES as premature** AFD China's Motion (#345) for Entry of Judgment on Alter Ego Claim.


### PROCEDURAL BACKGROUND

**I.  Pretrial Conference and Claims Remaining Pursuant to**

2  - OPINION AND ORDER

**Pretrial Order**

The Court conducted a two-part Pretrial Conference on March 21, 2014, and March 24, 2014.  Pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16, the Pretrial Order (#298) submitted by the parties and adopted by the Court on February 24, 2014, supersedes all previous pleadings setting out the parties' claims, defenses, and counterclaims.  Accordingly, the only issues remaining for resolution after the Court's summary-judgment rulings were those preserved in the Pretrial Order (#298).

Thus, the claims remaining for trial were:

<u>AFD USA's Claims against AFD China</u>:

    1.    Declaratory Judgment for a declaration that AFD USA owns the "AFD" mark.

    2.    Trademark Infringement under the Lanham Act, 15 U.S.C. § 1051, *et seq.*

    3.    Unfair Competition under the Lanham Act.

    4.    Common-Law Trademark Infringement and Unfair Competition.

<u>AFD China's Counterclaim against AFD USA</u>:

    1.    Declaratory Judgment for declarations that AFD China owns the "AFD" mark and that AFD USA's registration of the "AFD" mark was obtained by fraud and is void *ab initio.*

<u>AFD China's Counterclaim against AFD USA and Counterclaim Defendant Lei (Lynn) Wang</u>:

    1.    Unfair Competition under the Lanham Act.

    2.    Common-Law Trademark Infringement.

AFD China's Counterclaim against Wang:

    1.    Alter-Ego Liability.

## II.  Bifurcation of Trial

Consistent with the long history of contentious and poor communications between counsel, the parties did a poor job setting out the issues in their pretrial documents that were to be resolved by a jury.  The parties were unable to come to agreement on a jointly-proposed verdict form and instead provided the Court with five different documents containing separately-proposed, objected-to, and agreed-upon verdict questions.  The parties ultimately agreed on sixteen proposed verdict questions, but disagreed on thirty-two other questions.  Moreover, the parties' proposed verdict questions included element-specific interrogatories and a confusing list of multiple questions that the Court concluded would almost certainly result in inconsistent answers from a jury.

In a March 19, 2014, email to counsel the Court informed the parties that their competing proposals for a verdict form were unacceptable and requested they confer and provide another jointly-proposed verdict form for the Court's consideration before the March 21, 2014, scheduled Pretrial Conference.  On March 20, 2014, the parties submitted an Amended Proposed Verdict Form (#330) that contained twenty-seven questions that included five objected-to questions.  The parties stated in the Amended

Proposed Verdict Form that they continued to disagree about the issues that should be tried to the jury.

Despite the fact that the parties were given a second chance to propose a suitable verdict form, they failed to cure the fundamental problems present in the first round of proposed verdict forms. For example, the parties still continued to expect the jury to track evidence on multiple, inconsistent factual theories that were contingent on resolution of the threshold question: Which party made first use of the "AFD" mark in commerce?

During the course of the Pretrial Conference, the Court, in the exercise of its discretion, determined it was necessary to bifurcate the jury trial to resolve initially the issue of first use and the parties' related defenses. After the Court determined the trial would proceed on a bifurcated basis, the parties agreed to a four-question verdict form for Phase I of the trial and also agreed to proceed initially with a jury trial in which evidence would be presented only on those four questions.

**III. Trial, Verdict, and Discharge of the Jury**

On March 25, 2014, this matter proceeded to trial on the "first-use" issue. On March 28, 2014, the jury returned a Verdict in which it found in favor of AFD China. Specifically, the jury found AFD China proved by a preponderance of the evidence that AFD China made first use of the "AFD" mark in

commerce.

After the jury returned its Phase I Verdict in favor of AFD China on the issue of first use, the Court engaged counsel in a detailed discussion as to the issues that remained for which a Phase II jury trial would be needed. In the context of that discussion and the discussions during the earlier Pretrial Conferences, AFD China conceded it did not have any evidence to present to a jury regarding damages from infringement. Specifically, AFD China asserted a jury trial was not needed to resolve the remaining issues in the case as defined in the Pretrial Order. Hearing Tr. at 12 (#356). AFD USA's counsel also stated on the record after the Phase I jury Verdict and before the jury was discharged that there was not any further need for a jury. Hrg. Tr. at 13-14 (#356). Based on these statements the Court discharged the jury from further service in this case. Hrg. Tr. (#356) at 13-15.

After the jury was discharged, the parties also agreed neither side needed to present additional witnesses or evidence, and the issues that remained could be handled by the Court on written submissions. Hrg. Tr. at 20-21 (#356). The parties reaffirmed their agreement on April 4, 2014, at oral argument on AFD China's Motions.

Based on this record, the Court concludes the parties waived any remaining right to a jury resolution of all issues

6 - OPINION AND ORDER

preserved in the Pretrial Order that were not addressed by the
jury in the Phase I trial.

**IV.  AFD China's Motions**

On March 31, 2014, AFD China filed its Motion for
Declaratory Judgment and Injunctive Relief and Motion for Entry
of Judgment on Alter Ego Claim.

The Court heard oral argument on AFD China's Motions on
April 4, 2014.  At oral argument the Court requested the parties
to submit supplemental briefing to clarify their arguments and to
specify the controlling authorities as to (1) the injunctive
relief AFD China seeks and (2) whether AFD China's alter-ego
claim as preserved in the Pretrial Order is premature.  The Court
also requested AFD China to specify against whom injunctive
relief is sought.  The Court took AFD China's Motions under
advisement on April 18, 2014.

AFD China seeks the following declarations:

    1.    AFD China is the rightful owner of the "AFD" mark;

    2.    AFD USA's United States Trademark Registration No.
          3,270,951 should be cancelled;

    3.    Use of the "AFD" mark by AFD USA and its
          principal, Counterclaim Plaintiff Lynn Wang,
          constitutes unfair competition under the Lanham
          Act; and

    4.    Use of the "AFD" mark by AFD USA and Wang
          constitutes common-law trademark infringement.

AFD China also seeks the following injunctions:

    1.    AFD USA, its officers, agents, servants,

employees, and attorneys, and all other persons who are in active concert or participation with them – including Wang – to be permanently enjoined from using the trademark "AFD" (the "AFD" mark), including the use of the "www.afdip-usa.com" domain name;

2.    AFD USA to transfer the www.afdip-usa.com domain name to AFD China within ten days after this Order is filed;

3.    AFD USA to destroy all promotional and advertising materials that utilize the "AFD" mark; and

4.    AFD USA to change its business registration with the Oregon Secretary of State so that the "AFD" mark is no longer utilized in its name.

In its Motion for Entry of Judgment on Alter Ego Claim AFD China seeks entry of a judgment against Wang holding her personally liable for any costs and attorneys' fees awarded to AFD China.

## AFD CHINA'S MOTION (#344) FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

### I. Request for Declaratory Judgment

AFD China and AFD USA stipulated in the Pretrial Order that an actual controversy existed as to the ownership of the "AFD" mark and United States Trademark Registration No. 3,270,951 in connection with providing legal services in the United States. AFD China now requests the Court to issue declarations regarding ownership of the "AFD" mark, cancellation of the "AFD" mark, unfair competition, and common-law trademark infringement in light of the jury's Verdict that AFD China made "first use" of

8  – OPINION AND ORDER

the "AFD" mark.

### A.    Standards

The Declaratory Judgment Act provides in relevant part:

> In a case of actual controversy within its jurisdiction
> . . . any court of the United States, upon the filing
> of an appropriate pleading, may declare the rights and
> other legal relations of any interested party seeking
> such declaration, whether or not further relief is or
> could be sought."

28 U.S.C. § 2201(a).

### B.    Ownership and Cancellation of the "AFD" Mark

The main factor in determining the owner of a trademark
under common law is priority of use.  *In re Trade-Mark Cases*, 100
U.S. 82, 94 (1879).  *See also Sengoku Works Ltd. v. RMC Intern.,
Ltd.,* 96 F.3d 1217, 1219 (9th Cir. 1996)("It is axiomatic in
trademark law that the standard test of ownership is priority of
use.").  The Lanham Act applies this common-law principle and
requires a mark to be "used in commerce" prior to its
registration by its owner.  15 U.S.C. §§ 1051, 1053.

15 U.S.C. § 1119 grants district courts the authority
concurrent with the United States Patent and Trademark Office
(USPTO) to conduct cancellation proceedings and allows a district
court to "order the cancellation of registrations, in whole or in
part."  The fact that an applicant for a trademark registration
was not the owner of the mark at the time of the application is a
ground for cancellation.  *Cunningham v. Laser Golf Corp.*, 222
F.3d 943, 946 (Fed. Cir. 2000).  Accordingly, if the entity that

9  - OPINION AND ORDER

files the application is not the owner of the mark as of the
filing date, the application is void *ab initio*.  *Great Seats Ltd.
v. Great Seats, Inc.*, 84 U.S.P.Q.2d 1235, 1239 (TTAB 2007)(citing
15 U.S.C. § 1501(a)).

Based on the jury's Verdict that AFD China made first use of
the "AFD" mark, AFD China contends it is the owner of the "AFD"
mark under both the Lanham Act and common law and, therefore, is
entitled to a declaration that it is the owner of the "AFD" mark
and to a declaration that AFD USA's registration of the "AFD"
mark should be cancelled.  AFD USA opposes AFD China's Motion as
to ownership, but not as to cancellation of AFD USA's
registration of the "AFD" mark.

Based on the jury's Verdict and the Court's own evaluation
of the evidence, the Court finds AFD China has met its burden to
show that it made the first use of the "AFD" mark in commerce.
The Court also finds AFD China's first use of the "AFD" mark in
commerce occurred before AFD USA applied for registration of the
"AFD" mark on September 26, 2006, and before the registration was
completed on July 31, 2007.  The Court, therefore, concludes AFD
China is entitled to a declaration that (1) it made the first use
of the mark in commerce, (2) it is the owner of the "AFD" mark,
(3) AFD USA was not entitled to seek registration of the "AFD"
mark, and (4) the United States Trademark Registration No.
3,270,951 should be cancelled.

Accordingly, on this record the Court **GRANTS** AFD China's Motion (#344) as to the issues of ownership and cancellation of the "AFD" mark.

**C.    Unfair Competition and Common-Law Trademark Infringement**

Section 43(a) of the Lanham Act allows a party to bring a claim for unfair competition for use by any person of "any word, term, name, symbol, or device, or any combination thereof  . . . which . . . is likely to cause confusion . . . as to the origin, sponsorship, or approval of his or her [services]." *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 209 (2000)(citing 15 U.S.C. § 1125(a)).  To establish unfair competition under the Lanham Act, the owner of a mark must show the alleged infringer used the mark at issue in interstate commerce in connection with goods or services when such use was likely to (1) cause confusion, mistake, or deception as to the affiliation, connection, or association of the infringer with the owner or (2) cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the infringer's goods, services, or commercial activities by another person.  15 U.S.C. § 1125(a).

One infringes an owner's trademark under common law if, (a) without privilege to do so, he uses in his business "a designation which is identical with or confusingly similar to the other's [trademark]"; (b) the owner's interest in the trademark

11 - OPINION AND ORDER

is protected with reference to "the goods, services, or business in connection with which the actor uses his designation" and "the markets in which the actor uses his designation"; (c) the owner's use of the designation "is prior to such" use by the infringer; and (d) the owner's trademark "is not a clear likeness of a third person's prior and subsisting trademark in substantially the same market for the same [services]." Restatement (First) of Torts § 717 (1938).

AFD China contends it has established a claim for unfair competition and common-law infringement against AFD USA and Wang in light of the fact that (1) the jury found AFD China used the "AFD" mark in commerce first, and, therefore, AFD China is the owner of the "AFD" mark; (2) it is undisputed that AFD USA and Wang used the "AFD" mark through AFD USA's website and through its filings with the USPTO in September 2013 for the purpose of generating revenue;[1] and (3) the parties stipulated in the Pretrial Order (#298) that "there is a likelihood of confusion due to both AFD USA's and AFD China's use of the same 'AFD' mark in the market for the same services."

AFD USA argues the fact that Wang was using the AFD USA website is not sufficient evidence of use in interstate commerce in connection with goods or services. The Court, however, notes AFD USA admitted in its Opposition (#325) to AFD China's Motion

---

[1]  Wang testified at trial that AFD USA had revenue in 2013.

in Limine that "AFD USA did actually use the mark in commerce in
the United States in 2013 and 2014—with real revenue."
Furthermore, Wang admitted at trial that AFD USA had revenue in
2013.  AFD USA also stipulated in the Pretrial Order that:

> Ms. Wang is the sole shareholder, officer, and
> director of AFD USA.  Ms. Wang has sole control of
> the management and business of AFD USA.
> Throughout the events that are the subject matter
> of this case, AFD USA acted principally through
> Ms. Wang.

Pretrial Order (#298) at 3.  Accordingly, the Court concludes on
this record that AFD China has met its burden to show that it is
entitled to a declaration that AFD USA and Wang committed unfair
competition and trademark infringement by their use of the "AFD"
mark.

    Although AFD China conceded at the Pretrial Conference that
it does not have evidence of actual damages to support its claim
for unfair competition, it, nevertheless, maintains it is
entitled to legal, nominal damages of no more than one dollar.
The Court agrees.  "The Ninth Circuit recognizes that legal
damage, as opposed to actual damage giving rise to an award of
damages, is cognizable under the Lanham Act." *Tinn v. EMM Labs,
Inc.*, Civ No. 07-963-AC, 2009 WL 507096, at *14 (D. Or. Feb. 27,
2009)(citing *Star-Kist Foods, Inc. v. P.J. Rhodes & Co.*, 735 F.2d
346, 349 (9th Cir. 1984)).  Accordingly, when a party prevails on
a claim under the Lanham Act but does not prove actual damages, a
court may award the party nominal damages.  *See Vallavista Corp.*

13 - OPINION AND ORDER

*v. Vera Bradley Designs, Inc.,* No. C 10-00120 JW, 2011 WL 7462065, at *3 n.8 (N.D. Cal. Apr. 20, 2011)(award of nominal damages of one dollar was appropriate when the plaintiff failed to prove actual damages on an infringement claim under the Lanham Act).

For these reasons, the Court **GRANTS** AFD China's Motion (#344) for declaratory judgment as to the issues of unfair competition and trademark infringement and **AWARDS** AFD China nominal damages of **$1.00**.

## II.  AFD China's Request for Injunctive Relief

### A.  Standards

"The Lanham Act codifies the traditional remedy by stating that the courts 'shall have the power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable.'" *McCarthy on Trademarks and Unfair Competition* § 30:1 (quoting 15 U.S.C. § 1116).  "In no case is a plaintiff automatically entitled to a permanent injunction." *Id. See also Herb Reed Enter., LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013).

A plaintiff seeking a permanent injunction "must demonstrate (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity

14 - OPINION AND ORDER

is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)(citations omitted).

## B.    First Factor - Irreparable Injury

A plaintiff must prove actual, irreparable harm to obtain a permanent injunction in a trademark-infringement action. *Herb Reed*, 736 F.3d at 1249. Although, as noted, AFD China conceded it did not have evidence of actual damages to support its claims for damages against AFD USA and Wang, AFD China contends it has suffered and will continue to suffer irreparable harm because AFD USA and Wang's use of the "AFD" mark harms AFD China's "control over its business reputation and goodwill." Def.'s Supplemental Mem. at 2.

AFD China relies on *Century 21 Real Estate LLC v. All Professional Realty, Inc.*, to support its argument as to the irreparable-injury factor. Nos. CIV. 2:10-2751, CIV. 2:10-2846, 2011 WL 221651 (E.D. Cal., Jan. 24, 2011). In *Century 21* the court found the irreparable-injury factor was satisfied when the infringing party had been holding itself out to potential buyers and sellers of real estate as the agent or representative of the plaintiff. The court noted "if another person infringes the [mark], that person borrows the owner's reputation, whose quality no longer lies within the owner's control." *Id.*, at *12.

In support of its contention that it has been irreparably

15 - OPINION AND ORDER

harmed, AFD China points to evidence that Wang held herself out
as a "partner" of AFD China and that at least one client, Alex
Johnson (who testified at trial), believed Wang was an attorney.
It is unclear, however, if Wang continued to call herself a
"partner" of AFD China after AFD USA and AFD China discontinued
their business relationship or if her use of this title somehow
caused the irreparable harm that AFD China alleges.  Moreover,
Mr. Johnson specifically stated at trial that even though he
assumed Ms. Wang was an attorney, he did not recall her telling
him that she was an attorney.  Def.'s Supplemental Mem. at n.10.

        Having considered the record as a whole, the Court concludes
AFD China does not provide a sufficient basis to support the
conclusion it advances.  Indeed, there does not seem to be
evidence of irreparable harm sufficient to warrant a permanent
injunction; *i.e.*, the record does not show (1) clear evidence
that AFD China's good will or control over its business
reputation has actually been harmed or (2) that such harm was
caused by AFD USA and Wang's use of the "AFD" mark.  The record
does not even reflect convincingly that Wang or AFD USA
"borrowed" AFD China's reputation in furtherance of their own
interests when they used the "AFD" mark or that AFD USA and the
customers who dealt with AFD USA believed they were transacting
with AFD China when, in fact, they were not.

        Accordingly, the Court concludes on this record that AFD

16 – OPINION AND ORDER

China has not sustained its burden to show it has suffered actual, irreparable harm.  Because AFD China fails to meet the first factor necessary for a permanent injunction, the Court need not address the other factors.

For these reasons, the Court **DENIES** AFD China's Motion (#344) as to injunctive relief.

## AFD CHINA'S MOTION (#345) FOR ENTRY OF JUDGMENT ON ALTER EGO

As noted, AFD China seeks entry of a judgment against Wang holding her personally liable for any costs and attorneys' fees awarded to AFD China.

### I.  Standards

"The equitable power to pierce the corporate veil is an extraordinary one that is exercised only where there is clear evidence that those who control the corporation have used it to shield themselves improperly from responsibility." *XDP, Inc. v. Watumull Prop. Corp*., No. Civ. 99-1703-AS, 2004 WL 1103023, at *15 (D. Or. May 14, 2004)(citing *Salem Tent & Awning Co. v. Schmidt*, 79 Or. App. 475 (1986)).  Courts, however, will pierce the corporate veil under the appropriate circumstances to prevent fraud and inequity.  *Id.*

Under Oregon law corporate "shareholders who control and dominate [the] corporation may be held personally liable if the

17 - OPINION AND ORDER

corporation is a mere 'instrumentality' or 'alter ego' and where fraud or injustice has resulted." *Brodle v. Lochmead Farms, Inc.*, No. 10-cv-6386-AA, 2011 WL 4913657, at *6 (D. Or. Oct. 13, 2011)(quoting *Amfac Foods, Inc. v. Int'l Sys. & Controls Corp.*, 294 Or. 94, 105 (1982)).

To hold a shareholder liable under an alter-ego theory, the court must find:

> (1)   the shareholder controlled the corporate entity;
>
> (2)   the shareholder engaged in improper conduct in his exercise of control of the corporate entity by disregarding the corporate rules and formalities; and
>
> (3)   the shareholder's improper conduct caused a party to be unable to obtain an adequate remedy from the corporate entity.

*Danner v. Pusich*, No. 86-1481-FR, 1988 WL 141550, at *2 (D. Or. Dec. 22, 1988).

Conduct that courts have held to be "improper" includes (a) gross undercapitalization of the corporation, (b) milking the corporation by payment of excessive dividends, (c) misrepresentation, (d) commingling of assets, and (e) not holding out the corporate entity as a separate enterprise. *Amfac*, 294 Or. at 109-10.

## II.  AFD China's Motion is Premature

Wang opposes AFD China's Motion on the ground that it is premature.  Wang contends even if AFD China can prove improper conduct by Wang, it cannot prove AFD USA's alleged conduct caused

18 - OPINION AND ORDER

AFD China to be unable to obtain an adequate remedy because it has not yet attempted to collect any judgment against AFD USA. The Court agrees.

First, AFD China does not have a damages award to collect except for the one dollar in nominal damages that the Court has awarded herein.  Second, even if the Court grants a motion for attorneys' fees filed by AFD China,[2] there is not any guarantee that AFD USA would be unable to pay such an award.

Accordingly, the Court **DENIES** AFD China's Motion for Entry of Judgment on Alter Ego as premature.


<u>CONCLUSION</u>

For these reasons, the Court **GRANTS** AFD China's Motion (#344) as to the declaratory judgment that AFD China seeks and **AWARDS** AFD China **$1.00** in nominal damages on its Unfair Competition Claim.  The Court **DENIES** the remainder of AFD China's Motion (#344) as to injunctive relief.  The Court also **DENIES as premature** AFD China's Motion (#345) for Entry of Judgment on Alter Ego.

The Court directs the parties to confer concerning a form of judgment consistent with this Opinion and Order and the other

---

[2]  Moreover, if AFD China does not prevail on a motion for attorneys' fees, AFD China's Motion for Entry of Judgment on Alter Ego will be moot.

dispositive decisions in the record.  The parties shall submit **no later than June 27, 2014,** a single jointly proposed form of judgment.  To the extent that the parties disagree as to the form of judgment, they each shall file (in addition to the single proposed form, which may include alternative provisions) a memorandum not to exceed five pages explaining the legal bases for any disputed proposals.

IT IS SO ORDERED.

DATED this 12th day of June, 2014.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

20 - OPINION AND ORDER